JIVAKA CANDAPPA, (SBN 225919)
46 Shattuck Square, # 15
Berkeley, CA 94704
Telephone: (510) 981-1808
Facsimile: (510) 981-1817

FILED
DEC -7 AM 9:52

E-filing

Attorney for Plaintiff, KEVIN WALKER

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN WALKER,<br><br>      Plaintiff<br><br>vs.<br><br>CITY OF HAYWARD; OFFICER ART THOMS, OFFICER SCOTT LUNGER, and OFFICER ZACHARY HOYER, individually and in their official capacities; AMERICAN DISCOUNT SECURITY; and DAUD WARDAK aka DAVID WARDAK,<br><br>      Defendants. | Case Number:<br><br>C07-06205 TEH<br><br>**COMPLAINT**<br>(42 U.S.C. § 1983)<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, KEVIN WALKER, by and through his counsel, hereby alleges as follows:

**INTRODUCTION**

1.   On December 9, 2005, Plaintiff KEVIN WALKER, an African-American male, was standing outside a *Jack in the Box* restaurant in Hayward with his friend, Jerry Walker, also an African-American male, when they were wrongfully detained, physically attacked, and arrested by officers of the Hayward Police Department. The police officers wrongfully arrested Plaintiff on the basis of a false report made by an employee of American Discount Security, the company hired to provide security to the *Jack in the Box* restaurant.

**COMPLAINT**                                                             *Kevin Walker v. City of Hayward et al.*
-1-

2.   Plaintiff's injuries included, but were not limited to, a bloody nose, lacerated lip and blurred vision.

3.   In order to justify their unprovoked attack on Plaintiff, the police officers falsely reported that Plaintiff resisted arrest and attacked the officers. Based on the officers' representations, Plaintiff was charged with three misdemeanor crimes by the Alameda County District Attorney's Office.

4.   Plaintiff steadfastly maintained his innocence, refused to accept a plea bargain, and took his case to trial before a jury. In June 2007, Plaintiff was acquitted of all charges by an Alameda County jury.

5.   To vindicate his rights and to prevent further violations against racial minorities, Plaintiff brings this action pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth and Fourteenth Amendments to the United States Constitution and the laws of the State of California.

**PARTIES**

6.   Plaintiff KEVIN WALKER is an African American male who currently resides in Alameda County.

7.   Upon information and belief, Defendant CITY OF HAYWARD ("HAYWARD") is a municipality organized and operating under the laws of the State of California in the United States of America, and at all times material to this Complaint, was the public employer of Defendants Officer ART THOMS (#428, TA5598), Officer SCOTT LUNGER (#314, LS1916), and Officer ZACHARY HOYER. Upon information and belief, Defendant HAYWARD was at all times material to this Complaint responsible for the employment, training, supervision, and discipline of officers THOMS, LUNGER, and HOYER.

8.   Upon information and belief, Defendants THOMS, LUNGER and HOYER were at all times material to this Complaint duly employed, appointed and acting as officers of the police department of the City of Hayward, acting under color of law to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of California and/or the City of Hayward.

**COMPLAINT**                                                                 *Kevin Walker v. City of Hayward et al.*

-2-

9. Upon information and belief, Defendant ART THOMS sued here in his individual and official capacities, is a resident of the State of California and is an officer employed by the police department of the City of Hayward. At all times material to this Complaint, Defendant THOMS was acting under color of law and as an employee of the City of Hayward.

10. Upon information and belief, Defendant SCOTT LUNGER sued here in his individual and official capacities, is a resident of the State of California and is an officer employed by the police department of the City of Hayward. At all times material to this Complaint, Defendant LUNGER was acting under color of law and as an employee of the City of Hayward.

11. Upon information and belief, Defendant ZACHARY HOYER sued here in his individual and official capacities, is a resident of the State of California and is an officer employed by the police department of the City of Hayward. At all times material to this Complaint, Defendant HOYER was acting under color of law and as an employee of the City of Hayward.

12. Upon information and belief, Defendant AMERICAN DISCOUNT SECURITY ("ADS") is a private entity organized and operating under the laws of the State of California and the employer of the Defendant DAUD WARDAK aka DAVID WARDAK. Upon information and belief, Defendant ADS was at all times material to this Complaint responsible for the employment, training, supervision, and discipline of Defendant WARDAK.

13. Upon information and belief, Defendant DAUD WARDAK aka DAVID WARDAK is a resident of the State of California, and at all times material to this Complaint was employed by Defendant ADS as a security guard. At all times material to this Complaint, Defendant WARDAK was acting within the scope of his employment, under color of law and acted in concert and/or conspired with Defendants THOMS, LUNGER and HOYER in violating Plaintiff's rights under federal and state law.

14. Plaintiff is informed and believes that at all relevant times, each Defendant,

was the agent or employee of each of the other Defendants, and in perpetrating the wrongful conduct detailed in this Complaint, acted within the scope of such agency or employment, or ratified the acts of the other.

15. Plaintiff is informed and believes that each of the Defendants caused, and is responsible for the below-described unlawful conduct and resulting injuries in that each of the Defendants participated in the unlawful conduct or acted jointly with others who did so; authorized, acquiesced in or set in motion actions that led to the unlawful conduct; failed to take action to prevent the unlawful conduct; failed and refused with deliberate indifference to Plaintiff's rights to initiate and maintain adequate training and supervision; failed to prevent further harm to Plaintiff; and/or ratified the unlawful conduct and actions by employees and agents under Defendants' direction and control, including failure to take remedial action.

## JURISDICTION AND VENUE

16. This Court has subject matter jurisdiction over the parties and this action pursuant to 28 U.S.C. §§ 1331 and 1343.

17. Pursuant to 42 U.S.C. § 1367(a), this Court has supplemental jurisdiction over the state claims brought in this action, which arise from a common nucleus of operative facts and from the same transactions and occurrences raised in Plaintiff's federal causes of action.

18. Defendant HAYWARD is a public entity operating in the County of Alameda, State of California. Defendant ADS is a private entity operating in the County of Alameda, State of California. Defendant WARDAK is a resident of the County of Alameda, State of California. And, a substantial part of the events giving rise to the claims alleged in this Complaint arose in the County of Alameda. Venue therefore lies in United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 84 and 1391.

## INTRADISTRICT ASSIGNMENT

19. The claims alleged herein arose in the City of Hayward and County of Alameda. This action is properly assigned to the Oakland or San Francisco Division of the United States District Court for the Northern District of California pursuant to Civil Local Rule, 3-2(d).

/ . / . /

---

**COMPLAINT**                                                                 *Kevin Walker v. City of Hayward et al.*

-4-

**STATEMENT OF FACTS**

20. In the nighttime hours of December 9, 2005, Plaintiff, Kevin Walker and his friend, Jerry Walker, both African-American males, went to a *Jack in the Box* restaurant located on Tennyson Road in the City of Hayward, California. As Plaintiff and his friend attempted to enter the restaurant, the security guard advised them that the restaurant was closed.

21. Plaintiff and his friend walked to the drive thru window of the restaurant, which was open for business, and attempted to purchase food there. They were refused service.

22. Plaintiff and his friend then walked away from the drive thru window and waited for their ride. As Plaintiff was waiting with his friend, a dark-colored unmarked vehicle pulled into the premises of *Jack in the Box* and two white males exited the vehicle. The two white males, identified later as Officer ART THOMS (#428, TA5598) and Officer SCOTT LUNGER (#314, LS1916) of the Special Duty Unit of the Hayward Police Department, assaulted and battered Plaintiff, KEVIN WALKER, and his friend, Jerry Walker.

23. One of the officers placed Plaintiff in an arm lock and knocked him to the ground by forcefully executing a leg sweep. Plaintiff fell flat on his face. The officers punched Plaintiff in the face and pepper-sprayed him in the eyes.

24. Plaintiff was handcuffed, arrested and moved to a nearby patrol vehicle

25. Plaintiff was battered by Defendants THOMS and HOYER while he was being taken to a nearby patrol vehicle in handcuffs.

26. Plaintiff's physical injuries included, but are not limited to, a lacerated chin, bloody nose and blurred vision.

27. Plaintiff was transported to the Hayward Police Department Jail where he was held in custody until his release on bail the next day.

28. Defendant WARDAK signed a written statement, apparently authored by Officer J.SNELL (#429, SJ9506), stating that he summoned the police and was making citizen's arrests of Plaintiff, KEVIN WALKER, and Jerry Walker for trespassing on *Jack in the Box* property.

29. In order to justify the unprovoked attack on Plaintiff and his friend, the arresting

officers falsely reported that Plaintiff and his friend physically resisted the officers and attacked them.

30.  On or about December 12, 2005, the Alameda County District Attorney's Office filed misdemeanor criminal charges against Plaintiff alleging violations of California Penal Code Section 69, Resisting a Peace Officer, Section 647(f), Public Intoxication, and Section 12020(a)(4), Carrying a Dirk or Dagger. The so-called dirk/dagger was a small box cutter issued to Plaintiff by his employer with the employer's business information imprinted on it.

31.  Plaintiff was forced to defend against the criminal charges that were filed on the basis of the officers' misrepresentations.

32.  Plaintiff refused to plea bargain his case and invoked his right to a jury trial. Plaintiff's case was tried before a jury in Alameda County, and on or about June 15, 2007, Plaintiff was acquitted of all charges.

33.  Plaintiff timely filed his notice of claim with the CITY OF HAYWARD asserting the state law causes of action filed against Defendants HAYWARD, THOMS, LUNGER and HOYER in this Complaint.

## STATEMENT OF DAMAGES

34.  As a direct and proximate result of the said acts of Defendants, Plaintiff KEVIN WALKER was unlawfully detained, searched, battered, arrested, imprisoned, subjected to excessive force, and maliciously prosecuted. As a result of Defendants' acts and omissions, Plaintiff sustained physical injuries, pain and suffering, emotional distress, fear, humiliation, loss of security, anxiety, lost wages, loss of physical liberty, and attorney fees and costs.

35.  Defendants' acts and omissions were intentional, willful, malicious, reckless, and in conscious disregard of Plaintiff's protected rights. As such and to deter future similar conduct by Defendants, Plaintiff is entitled to an award of punitive damages against Defendants. Plaintiff is entitled to attorney's fees and costs pursuant to 42 U.S.C. § 1988 and other applicable statutes.

/ . / . /

**FIRST CAUSE OF ACTION**
**42 U.S.C. §1983**
**(Against Defendants THOMS, LUNGER, HOYER, and WARDAK)**

36. Plaintiff incorporates by reference the allegations set forth above and below.

37. Defendants THOMS, LUNGER, HOYER, and WARDAK acted under color of law and in concert with one another and deprived Plaintiff of his constitutional rights, which include, but are not limited to the following:

   (a) right to be free from unreasonable detentions, searches, and seizures;

   (b) right to be free from unlawful arrests, imprisonment, and malicious prosecution;

   (c) right to equal protection of the laws;

   (d) right to be free from race discrimination;

   (e) right not to be deprived of liberty without due process of law;

   (f) right to be free from excessive, unreasonable and unjustified force against his person.

38. The rights set forth above are embodied in clearly established constitutional law pursuant to the Fourth and Fourteenth Amendments to the United States Constitution.

39. As a result of Defendants' unlawful conduct as alleged herein, Plaintiff has suffered, and will continue to suffer, the above stated damages in an amount according to proof, including attorney's fees and costs, to remedy the unlawful conduct.

WHEREFORE, Plaintiff prays for relief as set forth herein.

**SECOND CAUSE OF ACTION**
**42 U.S.C. § 1983**
**(Against Defendant CITY OF HAYWARD)**

40. Plaintiff incorporates by reference the allegations set forth above and below.

41. Upon information and belief, the misconduct of Defendants THOMS, LUNGER, and HOYER was pursuant to and made possible by the customs, policies, practices, and/or procedures of the CITY OF HAYWARD, which include, but are not limited to, the following:

   (a) Engaging in, condoning, and/or failing to properly investigate or discipline racial discrimination and other equal protection violations;

(b) Engaging in, condoning, and/or failing to properly investigate or discipline unreasonable detentions, searches, and seizures, use of excessive, unreasonable and unjustified force, false arrests, false imprisonment, malicious prosecutions, abuse of process and due process violations;

(c) Engaging in, condoning, and/or failing to properly investigate or discipline officers who abuse the legal process by making false statements in police reports;

(d) Inadequately hiring, training, and supervising officers and failing to adopt and/or enforce policies and procedures for the proper hiring, training, and supervision of officers;

(e) Inadequately investigating and failing to adopt and/or enforce rules, regulations, policies, and procedures for the proper investigation of and response to citizen complaints about officer misconduct.

42. The rights set forth above are embodied in clearly established constitutional law pursuant to the Fourth and Fourteenth Amendments to the United States Constitution.

43. As a result of the policies and customs listed above, Defendants THOMS, LUNGER, and HOYER believed that their actions would not be monitored, investigated, or result in disciplinary action by their supervisors and would instead be tolerated and/or condoned.

44. The foregoing policies and customs constitute deliberate indifference on the part of Defendant HAYWARD to Plaintiff's constitutional rights.

45. As a result of Defendants' unlawful conduct as alleged herein, Plaintiff has suffered, and will continue to suffer, the above stated damages in an amount according to proof, including attorney's fees and costs, to remedy the unlawful conduct.

WHEREFORE, Plaintiff prays for relief as set forth herein.

### THIRD CAUSE OF ACTION
### 42 U.S.C. § 1983
### (Against Defendant AMERICAN DISCOUNT SECURITY)

46. Plaintiff incorporates by reference the allegations set forth above and below.

---

COMPLAINT                                          *Kevin Walker v. City of Hayward et al.*

-8-

47. Upon information and belief, the misconduct of Defendant WARDAK was pursuant to and made possible by the customs, policies, practices, and/or procedures of ADS, which include, but are not limited to, the following:

(a) Engaging in, condoning, and/or failing to properly investigate or discipline equal protection violations;

(b) Engaging in, condoning, and/or failing to properly investigate or discipline due process violations;

(c) Engaging in, condoning, and/or failing to properly investigate or discipline employees who abuse the legal process by making false statements;

(d) Negligently hiring, training, and supervising employees and failing to adopt and/or enforce policies and procedures for the proper hiring, training, and supervision of employees.

48. The rights set forth above are embodied in clearly established constitutional law pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and the laws of the State of California.

49. As a result of the policies and customs listed above, Defendant WARDAK believed that his actions would not be monitored, investigated, or result in disciplinary action by his supervisors and would instead be tolerated and/or condoned.

50. The foregoing policies and customs constitute deliberate indifference on the part of Defendant ADS to Plaintiff's rights under federal and state law.

51. As a result of Defendants' unlawful conduct as alleged herein, Plaintiff has suffered, and will continue to suffer, the above stated damages in an amount according to proof, including attorney's fees and costs, to remedy the unlawful conduct.

WHEREFORE, Plaintiff prays for relief as set forth herein.

**FOURTH CAUSE OF ACTION**
**42 U.S.C. § 2000d**
**(Against Defendant CITY OF HAYWARD)**

52. Plaintiff incorporates by reference the allegations set forth above and below.

53. Defendant discriminated against Plaintiff in the provision of law enforcement

1  services on the basis of his actual and/or perceived race.

2  54.  On information and belief, Defendant HAYWARD receives federal financial
3  assistance to provide law enforcement services.

4  55.  As a result of Defendants' unlawful conduct as alleged herein, Plaintiff has
5  suffered, and will continue to suffer, the above stated damages in an amount according to proof,
6  including attorney's fees and costs, to remedy the unlawful conduct.

7  WHEREFORE, Plaintiff prays for relief as set forth herein.

### FIFTH CAUSE OF ACTION
### Malicious Prosecution
### (Against All Defendants)

10  56.  Plaintiff incorporates by reference the allegations set forth above and below.

11  57.  Acting within the scope of their employment with the Defendant HAYWARD,
12  Defendants THOMS, LUNGER, and HOYER pursued and encouraged the prosecution of
13  criminal charges against Plaintiff with malicious intent and without probable cause.

14  58.  Acting within the scope of his employment with Defendant ADS, Defendant
15  WARDAK pursued and encouraged the prosecution of criminal charges against Plaintiff with
16  malicious intent and without probable cause.

17  59.  Plaintiff was acquitted of all criminal wrongdoing after a trial by jury in June
18  2007.

19  60.  As a result of Defendants' unlawful conduct as alleged herein, Plaintiff has
20  suffered, and will continue to suffer, the above stated damages in an amount according to proof,
21  including attorney's fees and costs, to remedy the unlawful conduct.

22  WHEREFORE, Plaintiff prays for relief as set forth herein.

### SIXTH CAUSE OF ACTION
### Abuse of Process
### (Against All Defendants)

25  61.  Plaintiff incorporates by reference the allegations set forth above and below.

26  62.  Acting within the scope of their employment with Defendant HAYWARD,
27  Defendants THOMS, LUNGER, and HOYER willfully and improperly used the criminal

28

**COMPLAINT**                                                    *Kevin Walker v. City of Hayward et al.*
-10-

1  process against Plaintiff to cover up for their own wrongdoing and to avoid liability for their
2  own acts and omissions.
3       63.   Acting within the scope of his employment with Defendant ADS, Defendant
4  WARDAK willfully and improperly used the criminal process against Plaintiff to cover up for
5  his own wrongdoing and to avoid liability for his acts and omissions.
6       64.   As a result of Defendants' unlawful conduct as alleged herein, Plaintiff has
7  suffered, and will continue to suffer, the above stated damages in an amount according to proof,
8  including attorney's fees and costs, to remedy the unlawful conduct.
9       WHEREFORE, Plaintiff prays for relief as set forth herein.

**SEVENTH CAUSE OF ACTION**
**Negligence, Negligence Per Se and Negligent Infliction of Emotional Distress**
**(Against Defendants WARDAK and AMERICAN DISCOUNT SECURITY)**

12       65.   Plaintiff incorporates by reference the allegations set forth above and below.
13       66.   At all relevant times, Defendants WARDAK and ADS owed Plaintiff the duty to
14  act with reasonable care, including, but not limited to, the following duties:
15       (a)   to refrain from conducting unlawful arrests and malicious prosecutions;
16       (b)   to refrain from violating the right to equal protection of the laws;
17       (c)   to refrain from violating the right to due process;
18       (d)   to refrain from race discrimination;
19       (e)   to comply with the provisions of section 43 of the California Civil Code;
20       (f)   to adequately hire, train, and supervise employees and to adopt and/or enforce
21  policies and procedures for the proper hiring, training, supervising of employees.
22       By their acts and omissions, Defendants WARDAK and ADS breached each of the
23  above-listed duties owed to Plaintiff. Further, it was reasonably foreseeable that such breaches
24  of duty would cause Plaintiff physical and/or emotional harm.
25       67.   As a direct and proximate cause of Defendants' negligence, Plaintiff has
26  suffered, and will continue to suffer, the above stated damages in an amount according to proof,
27  including attorney's fees and costs, to remedy the unlawful conduct.
28       WHEREFORE, Plaintiff prays for relief as set forth below.

**EIGHTH CAUSE OF ACTION**
**Intentional Infliction of Emotional Distress**
**(Against Defendants WARDAK and AMERICAN DISCOUNT SECURITY)**

68. Plaintiff incorporates by reference the allegations set forth above and below.

69. The conduct of Defendants WARDAK and ADS as alleged above was outrageous, intentional or in reckless disregard, and directed at Plaintiff. Said conduct was intended to and did cause Plaintiff severe emotional distress.

70. As a result of Defendants' unlawful conduct as alleged herein, Plaintiff has suffered, and will continue to suffer, the above stated damages in an amount according to proof, including attorney's fees and costs, to remedy the unlawful conduct.

WHEREFORE, Plaintiff prays for relief as set forth below.

**NINTH CAUSE OF ACTION**
**Violation of Civil Code § 52.1**
**(Against Defendants WARDAK and AMERICAN DISCOUNT SECURITY)**

71. Plaintiff incorporates by reference the allegations set forth above and below.

72. Defendants WARDAK and ADS violated Plaintiff's clearly established rights under the United States and California Constitutions, which include, but are not limited to, the following:

(a) right to be free from unreasonable detentions, searches and seizures;

(b) right to equal protection of the law;

(c) right to be free from race discrimination;

(d) right not to be deprived of liberty without due process of the law.

73. Defendants WARDAK and ADS also violated Plaintiff's clearly established rights pursuant to section 43 of the California Civil Code.

74. As a result of Defendants' unlawful conduct as alleged herein, Plaintiff has suffered, and will continue to suffer, the above stated damages in an amount according to proof, including attorney's fees and costs, to remedy the unlawful conduct.

WHEREFORE, Plaintiff prays for relief as set forth below.

**JURY TRIAL DEMAND**

75. Plaintiff hereby requests a jury trial in this action.

**RELIEF REQUESTED**

Wherefore, Plaintiff respectfully requests that this Court grant the following relief:

1. Compensatory damages according to proof against all defendants;
2. Special damages according to proof against all defendants;
3. Punitive damages against in an amount according to proof;
4. Injunctive and equitable relief;
5. Attorneys' fees and costs under 42 U.S.C. § 1988;
6. The cost of this suit and such other relief as the Court finds just and proper.

DATED: December 7, 2007

By: _____
Jivaka Candappa, Attorney
for Plaintiff, KEVIN WALKER