MICHAEL J. O'TOOLE (SBN 97779)
City Attorney
RANDOLPH S. HOM (SBN 152833)
Assistant City Attorney
CITY OF HAYWARD
777 "B" Street
Hayward, California 94541
Telephone: (510) 583-4450
Facsimile:  (510) 583-3660

Attorneys for Defendants City of Hayward,
Art Thoms, Scott Lunger, and Zachary Hoyer

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN WALKER,<br><br>           Plaintiff,<br><br>  -vs-<br><br>CITY OF HAYWARD, OFFICER ART THOMS, OFFICER SCOTT LUNGER, and OFFICER ZACHARY HOYER, individually and their official capacities; AMERICAN DISCOUNT SECURITY; and DAVID WARDAK aka DAVID WARDUK,<br><br>           Defendants.<br>_____ | Case No:. C 07 -06205 (TEH)<br><br>DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF RANDOLPH S. HOM AND JEAN LUEVANO; REQUEST FOR JUDICIAL NOTICE; (PROPOSED) ORDER [F.R.C.P. 12(b)(1), (6)]<br><br>Date:  2/11/08 (Monday)<br>Time: 10:00 a.m.<br>Crtrm:12<br>      450 Golden Gate Avenue, 19th Fl.<br>      San Francisco, California<br>      The Honorable Thelton E. Henderson |

TO PLAINTIFF AND HIS ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that on February 11, 2008 at 10:00 a.m., in Courtroom 12, located at 450 Golden Gate Avenue, 19th Floor, San Francisco, California, defendants City of Hayward ("City"), Art Thoms ("Thoms"), Scott Lunger ("Lunger"), and Zachary Hoyer ("Hoyer") will move the Court to dismiss plaintiff's complaint for damages pursuant to FRCP 12(b)(6) on the grounds that plaintiff failed to comply with the California Tort Claims Act, and the applicable statute of limitations for his state claims, and pursuant to FRCP 12(b)(1) on the grounds that the Court does not have a viable basis to exercise jurisdiction of plaintiff's state

1   pendent claims.  Defendants will also move for dismissal on the grounds that plaintiff failed to
2   state a claim upon which relief may be granted because he failed to allege sufficient facts.  The
3   motion will be based on this Notice of Motion, the Memorandum of Points and Authorities, the
4   Declarations of Randolph S. Hom and Jean Luevano, Request for Judicial Notice, filed herewith,
5   and the pleadings and papers filed herein, the pleadings and records contained in the Court file,
6   and any other oral or documentary evidence presented to the Court at the time of hearing.

8   DATED:  January 2, 2008            MICHAEL J. O'TOOLE, City Attorney

                                       By   /S/
10                                          Randolph S. Hom, Assistant City Attorney
                                            Attorneys for defendants City of Hayward,
11                                          Art Thoms, Scott Lunger, and Zachary Hoyer

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In the night-time hours of December 9, 2005, Kevin Walker ("Walker") went to a Jack-in-the-Box restaurant located on Tennyson Road in Hayward. (Plaintiff's complaint at 5:2-5) Walker was advised by a security guard that the restaurant was closed. (Plaintiff's complaint at 5:2-5) Walker walked up to the drive-through window and attempted to purchase food. He was denied service. (Plaintiff's complaint at 5:6-7) Security guard, Daud Wardak ("Wardak") signed a written statement authored by a Hayward Police Department ("HPD") officer stating that he summoned the police and was making a citizen's arrest of Walker for trespass. (Plaintiff's complaint at 5:24-27; see Exhibit A, attached to the Declaration of Jean Luevano)[1] Walker alleges that an unidentified HPD officer placed him in a arm lock and used a leg sweep to knock him to the ground. (Plaintiff's complaint at 5:14-16) Walker further alleges that he was punched to the face and pepper sprayed. (Plaintiff's complaint at 5:14-16) Moreover, Walker claims that after he was handcuffed, he was battered by HPD officers Thoms and Hoyer.(Plaintiff's complaint at 5:18-19) On December 12, 2005, the Alameda County District Attorney's Office filed misdemeanor criminal charges against Walker alleging violations of California Penal Code Section 69 (resisting Arrest), Section 647(f) (public intoxication), and Section 12020(a)(4) (carrying a dirk or dagger). (Plaintiff's complaint at 6:3-6) On June 15, 2007, Walker was tried and acquitted. (Plaintiff's complaint at 6:11-12)

On December 4, 2007, Walker presented his administrative claim to the City of Hayward ("City"; see Exhibit B, attached to the Declaration of Randolph S. Hom). On December 7, 2007, Walker filed his complaint and served it upon City on December 14, 2007. On December 20, 2007, the City rejected the administrative claim. (See Exhibit C, attached to the Declaration of Randolph S. Hom)

---

[1] Defendants may attach the complete written statement of Daud Wardak related to HPD Incident Report No. 2005-34234 for the Court's consideration. In re Stac Electronics Securities Litig., 89 F.3d 1399, 1405 fn.4 (9th Cir. 1996); Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994) (Court may consider "document whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading."

## II. PLAINTIFFS FAILED TO COMPLY WITH THE CALIFORNIA TORT CLAIMS ACT

FRCP 12(b) provides in pertinent part:

> "Every defense, in law or fact, to a claim for relief in any pleading, ... shall be asserted in the responsive pleading if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, ... (6) failure to state a claim upon which relief may be granted, ..."

To comply with the California Tort Claims Act, a written claim must include "[a] general description of the indebtedness, obligation, injury, damage or loss incurred so far as it may be known at the time of presentation of the claim." California Government Code Section 910(d). This has been understood to require that the claim "describe fairly what (the government) entity is alleged to have done. 'If a plaintiff relies on more than one theory of recovery against the State, each cause of action must be reflected in a timely claim. In addition, the factual circumstances set forth in the written claim must correspond with the facts alleged in the complaint; even if the claim w(as) timely, the complaint is vulnerable to a demurrer if it alleges a factual basis for recovery that is not fairly reflected in the written claim.' Nelson v. State of California, 139 Cal.App.3d 72, 79 (1982)"; Turner v. State of California, 232 Cal.App.3d 883, 888 (1991); Stevenson v. San Francisco Housing Authority, 24 Cal.App.4th 269, 276 (1994) (plaintiff may not include causes of action in his complaint that has not been fairly reflected in the written claim submitted to public entities).

Moreover, California Government Code Section 911.2 provides in pertinent part:

> "A claim relating to a cause of action for death or for injury to person ... shall be presented as provided in Article 2 ... of this chapter not later than six months after the accrual of the cause of action."

Section 913 further defines the proper form of the notice of rejection of claim that is to be issued by a municipality, such as the City. Section 945.6(a) provides in relevant part:

> "... any suit brought against a public entity on a cause of action for which a claim is required to be presented ... must be commenced:
>
> (1) If written notice is given in accordance with Section 913, not later than six months after the date such notice is personally delivered or deposited in the mail.

Here, plaintiffs presented their claim to the City on December 4, 2007, nearly two years after the incident. On December 20, 2007, the City rejected said claim. Importantly, the City's

---

Walker v. City of Hayward, et al.  
USDC Case No. C 07-06205 (TEH)

4

Defendants' Notice of Motion and Motion to Dismiss

1  Notice of Rejection of Claim informed Walker that he did not present his claim within six
2  months of the incident. California Government Code Sections 901, 911.2, 913, and 945.6(a).
3  Importantly, the California statute tolling limitations period does not apply to causes of action
4  against public entities and employees for which claim presentation was required and does not
5  apply to an arrestee's state law claims that are brought after a period during which leave to file
6  application to present late claim could be granted. California Government Code Section 911.2;
7  see also California Civil Procedure Code Section 352.1(b), Ellis v. City of San Diego, 176 F.3d
8  1183, 1190 (9th Cir. 1999) (as to an incarcerated arrestee who applied for leave to file late claim
9  one year after the incident, his state claims are barred as untimely) Clearly, Walker failed to
10 comply with the provisions of the Act, which serves as a condition precedent to filing suit against
11 the City and defendant officers, and the applicable statute of limitations on all state claims.
12 Accordingly, since Walker failed to file his complaint in compliance with the statute of
13 limitations, and since this court has no pendent jurisdiction over Walker's state causes of actions,
14 all state claims alleged in the complaint against the moving defendants must be dismissed with
15 prejudice (plaintiffs' fifth and sixth causes of action).[2] City of Los Angeles v. Superior Court, 14
16 Cal.App.4th 621 (1993).

**III. CONCLUSION**

Based on the foregoing legal theories, defendants are entitled to a dismissal with prejudice of plaintiff's fifth and sixth causes of action. Accordingly, defendants respectfully request that the Court dismiss with prejudice any state claims including but not limited to plaintiff's fifth and sixth causes of action, and any related federal causes of action.

DATED:   January 2, 2008            MICHAEL J. O'TOOLE, City Attorney

By   /S/
     Randolph S. Hom, Assistant City Attorney
     Attorneys for Defendants City of Hayward,
     Art Thoms, Scott Lunger, and Zachary Hoyer

---

[2] "A public employee is not liable for injury caused by his instituting ... any judicial ... proceedings within the scope of his employment, even if he acts maliciously and without probable cause." California Government Code Section 821.6. Likewise, if the defendant officers are immune from suit, the City is also immune. Government Code Section 815.2(b)