1  MICHAEL J. O'TOOLE (SBN 97779)
   City Attorney
2  RANDOLPH S. HOM (SBN 152833)
   Assistant City Attorney
3  CITY OF HAYWARD
   777 "B" Street
4  Hayward, California 94541
   Telephone: (510) 583-4450
5  Facsimile: (510) 583-3660

6  Attorneys for Defendants City of Hayward,
   Art Thoms, Scott Lunger, and Zachary Hoyer
7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

   KEVIN WALKER,                      )  Case No:. C 07 -06205 (TEH)
10                                     )
                  Plaintiff,           )  DECLARATION OF RANDOLPH S.
11                                     )  HOM
                                       )
12       -vs-                          )
                                       )
13 CITY OF HAYWARD, OFFICER ART        )
   THOMS, OFFICER SCOTT LUNGER, and    )
   OFFICER ZACHARY HOYER,              )
14 individually and their official capacities; )
   AMERICAN DISCOUNT SECURITY; and     )
15 DAVID WARDAK aka DAVID WARDUK,      )

16                  Defendants.

17

18 ─────────────────────────────

19              **DECLARATION OF RANDOLPH S. HOM**

20       I, RANDOLPH S. HOM, do hereby declare that I am licensed to practice before the

21 United States District Court, Northern District, and that I have personal knowledge of the facts

22 set forth herein, except those facts set forth on information and belief, and that if called as a

23 witness in this case, I could and would competently testify as follows:

24       1.       I am an attorney with the City of Hayward City Attorney's Office, and our office

25 is responsible for handling the defense of the City of Hayward ("City"), Art Thoms, Scott

26 Lunger, and Zachary Hoyer in the within action.

27       2.       Attached hereto as Exhibit B is a true and correct copy of plaintiffs' claim

28 presented to the City on December 4, 2007, which is part of the City's official records, and is

─────────────────────────────

1  also referenced in defendants' motion to dismiss which is filed concurrently with this request for

2  judicial notice.

3      3.  Attached hereto as Exhibit C is a true and correct copy of the City's Notice of

4  Rejection of Claim issued to plaintiff's counsel, Jivaka Candappa, via United States mail, on

5  December 20, 2007,which is part of the City's official records, and is also referenced in

6  defendants' motion to dismiss which is filed concurrently with this request for judicial notice.

7      I declare under penalty of perjury pursuant to the laws of the United States of America

8  that the foregoing is true and correct.

9

10      EXECUTED on this 2nd day of January 2008, at Hayward, California.

11

12      /S/

          RANDOLPH S. HOM

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07A-053

12/04/07 12:23 CLK

1  JIVAKA CANDAPPA, (SBN 225919)
2  46 Shattuck Square, Suite 15
   Berkeley, CA 94704609                          cc:  Risk Management
3  Telephone: (510) 981-1808                          PD/Internal Affairs ✓
   Facsimile: (510) 981-1817                     fwd: 12/4/07 ml
4

5  Attorney for Claimant, KEVIN WALKER

6

7  CLAIM OF KEVIN WALKER,                   **CLAIM FOR PERSONAL INJURY**

8              against

9  CITY OF HAYWARD

10

11

12

13

14      TO THE HAYWARD CITY COUNCIL:

15      Claimant, Kevin Walker, whose address is 2626 Alvin Groom Court, Apartment 1B,

16  Oakland, California 94605, claims damages from the City of Hayward in an amount that

17  exceeds $10,000 for personal injury caused by and arising out of the actions of the City of

18  Hayward employees.  Jurisdiction over this claim would rest in the Superior Court of Alameda

19  County.  This matter is one of unlimited jurisdiction, is not a limited civil case, and would

20  further implicate questions of federal law.

21      To the best of Claimant's knowledge, the first date of damage and/or injury occurred on

22  December 9, 2005, as set forth more fully below.  The damage and injury occurred at the *Jack*

23  *in the Box* Restaurant, 1075 W. Tennyson Road, Hayward, California 94544; and offices of the

24  City of Hayward Police Department.  Although the incident set forth below occurred on

25  December 9, 2005, the operative date for Claimant's tort claims of Malicious Prosecution and

26  Abuse of Process is June 15, 2007, the date Claimant was acquitted by a jury of all criminal

27  charges filed against him.  *See e.g.*, *Scannell v. County of Riverside*, 152 Cal.App.3d 596

28  (1984).

*EXHIBIT A*

# CIRCUMSTANCES OF DAMAGE AND INJURY

In the nighttime hours of December 5, 2005, Claimant, Kevin Walker, and his friend, Jerry Walker, both African-American males, went to a *Jack in the Box* restaurant located at 1075 W. Tennyson Road in the City of Hayward, California. As Claimant and his friend attempted to enter the restaurant, the security guard advised them that the restaurant was closed and locked the door. Claimant and his friend next walked to the drive through window of the restaurant, which was open, and attempted to purchase food at the drive through window. Claimant and his friend were refused service.

As Claimant and his friend were waiting for their ride, a dark-colored vehicle pulled into the premises of *Jack in the Box* and two white males exited the vehicle. Without identifying themselves, the white males ordered Claimant and his friend to the ground. Immediately thereafter, the white males, who were later identified as officers of the Special Duty Unit of the Hayward Police Department, attacked Claimant and his friend.

The two officers, Officer ART THOMS (#428, TA5598) and Officer S. LUNGER (#314, LS1916) punched Claimant and pepper-sprayed him in the face. Other officers, namely, Sergeant KOLLER, Sergeant KEENER, Officer SNELL (#429, SJ9506) and Officer HOYER also joined in, provided assistance, supervised, directed and/or ratified the officers' acts and omissions. As a result of the officers' vicious and unprovoked attack, Claimant suffered a lacerated chin, a bloody nose and blurred vision.

Claimant was handcuffed, arrested and transported to the Hayward Police Department Jail where he was held in custody until his release on bail the next day. In order to justify the unprovoked attack on Claimant and his friend, the arresting officers reported that Claimant and his friend physically resisted the officers and attacked them.

On or about December 12, 2005, the Alameda County District Attorney's Office filed misdemeanor criminal charges against Claimant alleging violations of California Penal Code: (a) Section 69, resisting a Peace Officer; (b) Section 647(f), public intoxication; and (c) Section 12020(a)(4), carrying a dirk and dagger.

Claimant's case was tried before a jury in Alameda County. On or about June 15, 2007,

1  Claimant was acquitted on all counts after a jury trial.

2       The City of Hayward is responsible for Claimant's injuries because the acts and or

3  omissions as alleged here give rise to causes of action or claims on behalf of Claimant which

4  include, but are not limited to:

5       1.    Malicious Prosecution.

6       2.    Abuse of Process.

7       3.    42 U.S.C. § 1983

8       4.    42 U.S.C. § 1985

9       5.    42 U.S.C. § 2000d

10       In this regard, causes of action for Malicious Prosecution and Abuse of Process accrue

11  from the date of Claimant's exoneration in the underlying criminal proceeding. *See e.g.*,

12  *Scannell v. County of Riverside*, 152 Cal.App.3d 596 (1984).

13  **NAMES OF INVOLVED COUNTY EMPLOYEES**

14      •   Officer ART THOMS (#428, TA5598), Hayward Police Department

15      •   Officer S. LUNGER (#314, LS1916), Hayward Police Department

16      •   Officer J.SNELL (#429, SJ9506), Hayward Police Department

17      •   Officer HOYER, Hayward Police Department

18      •   SERGEANT KEENER, Hayward Police Department

19      •   SERGEANT KOLLER, Hayward Police Department.

20      *  Other employees of the City of Hayward whose identities are unknown at this time.

21  **CLAIMANT'S INJURIES AND DAMAGES**

22      •   Mental pain, humiliation, suffering.

23      •   Compensatory damages

24      •   Out-of-pocket expenses

25      •   Attorneys' fees

26      •   Statutory damages

27      •   Punitive damages

28      •   Injunctive relief

1

## DEMAND FOR PRESERVATION OF EVIDENCE

2     This demand constitutes notice that litigation in this matter is probable under federal and

3 state law.  The City of Hayward, its employees, agents, contractors, assigns, partners, and

4 respective attorneys are obligated to preserve and maintain all evidence, documents, and

5 tangible and intangible materials, including electronic records, which are relevant or likely to

6 lead to discovery of relevant evidence and bearing on the subject matter of this Claim during

7 the pendency of this matter, up to and through the completion of any and all civil litigation.

8 Claimant's demand for preservation of evidence includes, but is not limited to, a demand that

9 all police department and/or other public safety communications tapes, surveillance tapes and

10 other evidence retrieved by or in the possession, custody or control of City of Hayward and its

11 affiliated entities be maintained and preserved.

12

## OFFICIAL NOTICES AND CORRESPONDENCE

13     All communication in connection with this claim must be submitted to Attorneys for

14 Claimant as follows:

15     Jivaka Candappa, Attorney at Law
       46 Shattuck Square, Suite 15
16     Berkeley, CA 94704
       Tel: (510) 981-1808
17     Fax: (510) 981-1817

18

19 DATED:  December 1, 2007

20

21                                         By _____
                                              JIVAKA CANDAPPA, Attorney at Law
22                                            for Claimant, KEVIN WALKER

23

24

25

26

27

28





CITY OF
# HAYWARD
HEART OF THE BAY

## NOTICE OF INSUFFICIENCY OF CLAIM

Jivaka Candappa, Attorney at Law
46 Shattuck Square, Suite 15
Berkeley, CA 94704

Re:    Claimant(s):   Kevin Walker
       Claim No:      07123

NOTICE IS HEREBY GIVEN that the claim you presented against the City of Hayward, California, a municipal corporation, fails to comply substantially with the requirements of California Government Code, Sections 910 and 910.2, or is otherwise insufficient, for the reasons checked below:

_____ 1.   The claim fails to state a cause of action against City of Hayward.

_X_ 2.   The claim you presented to the City of Hayward on December 4, 2007, is being returned because it was not presented within six months after the event or occurrence as required by law. See Sections 901 and 911.2 of the Government Code. Because the claim was not presented within the time allowed by law, no action was taken on the claim.

   Your only recourse at this time is to apply without delay to the City of Hayward for leave to present a late claim. See Sections 911.4 to 912.2, inclusive, and Section 946.6 of the Government Code. Under some circumstances, leave to present a late claim will be granted. See Section 911.6 of the Government Code.

   You may seek the advice of an attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately.

_____ 3.   The claim fails to state the name and post office address of claimant.

_____ 4.   The claim fails to state the post office address to which the person presenting the claim desires notice to be sent.

_____ 5.   The claim fails to state the date, place, or other circumstances of the occurrence or transaction which gave rise to the claim asserted.

EXHIBIT B

_____ 6.  The claim fails to state the name(s) of the public employee causing the injury, damage, or loss, if known.

_____ 7.  The claim fails to state the amount claimed as of the date of presentation, the estimated amount of any prospective injury, damage or loss so far as known, or the basis of computation of the amount claimed.

_____ 8.  The claim is not signed by the claimant or by someone on claimant's behalf.

_____ 9.  The claim does not comply with Government Code, Section 910(f), as to the amount sought or the court of appropriate jurisdiction.

_____ 10.  Other:


WARNING:   A claim that does not contain sufficient information required by law may not be considered to have been filed in a timely manner and may prevent the prosecution of a lawsuit based on the incident which is the subject of the claim.

Pursuant to Government Code, Section 910.8, no action will be taken on this claim for a period of 15 days after the date of this notice.  Therefore, if you wish to file an amended claim correcting these deficiencies, you should do so within that time period.


Dated:     December 20, 2007          City Clerk of the City of Hayward

                                       By: _____
                                            Deputy City Clerk

# PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF ALAMEDA

I am over the age of 18 and not a party to the action; my business address is 777 "B" Street, Hayward, CA 94541-5007; I am employed in Alameda County, California.

On December 20, 2007, I served the attached **NOTICE OF INSUFFICIENCY OF CLAIM** on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope, addressed as follows:

Jivaka Candappa, Attorney at Law
46 Shattuck Square, Suite 15
Berkeley, CA 94704

[X]    **(BY MAIL)** I am readily familiar with this business' practice for collection and processing of correspondence for mailing, and that correspondence will be deposited with the U.S. Postal Service with postage fully prepaid on the date herein above in the ordinary course of business at Hayward, California.

[X]    **(STATE)** Under the laws of the State of California.

[ ]    **(FEDERAL)** I declare that I am employed in the office of a member of the bars of this Court at whose direction the service was made.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Executed on December 20, 2007, at Hayward, California.

_____
Carmen Pedro