| | |
|---|---|
| 1 | **PRINDLE, DECKER & AMARO LLP** |
| | Stephen C. Klausen, Esq. (SBN: 55805) |
| 2 | 310 Golden Shore, Fourth Floor |
| | P.O. Box 22711 |
| 3 | Long Beach, CA 90801-5511 |
| | Tel. No.: (562) 436-3946 |
| 4 | Fax No.: (562) 495-0564 |
| 5 | Attorneys for Defendant, |
| | **AMERICAN DISCOUNT SECURITY; and DAUD** |
| 6 | **WARDAK aka DAVID WARDAK** |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO)

| | | |
|---|---|---|
| KEVIN WALKER, | ) | CASE NO. C07-06205 TEH |
| | ) | Assigned to Hon. Thelton E. Henderson |
| Plaintiff, | ) | |
| | ) | **NOTICE OF MOTION AND** |
| v. | ) | **MOTION TO DISMISS,** |
| | ) | **PRESENTING DEFENSE OF** |
| CITY OF HAYWARD; OFFICER ART | ) | **FAILURE TO STATE A CLAIM;** |
| THOMS, OFFICER SCOTT LUNGER, | ) | **MEMORANDUM OF POINTS AND** |
| and OFFICER ZACHARY HOYER, | ) | **AUTHORITIES IN SUPPORT** |
| individually and in their official | ) | **THEREOF; AND [PROPOSED]** |
| capacities; AMERICAN DISCOUNT | ) | **ORDER** |
| SECURITY; and DAUD WARDAK aka | ) | |
| DAVID WARDAK, | ) | Date  :  February 26, 2008 |
| | ) | Time  :  10:00 a.m. |
| Defendants. | ) | Ctrm  :  12 |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants, AMERICAN DISCOUNT SECURITY; AND DAUD WARDAK aka DAVID WARDAK (collectively as "Defendants", "ADS" and "Wardak", respectively), will and hereby do bring a Motion to Dismiss on for hearing before this Court in **Courtroom "12", on February 26, 2008, at 10:00 a.m.**, or as soon thereafter as counsel can be heard.

Defendant moves the Court to dismiss the following causes of action from Plaintiff's Complaint, pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6):

### FIRST CAUSE OF ACTION

1. The First Cause of Action fails to state a claim for violation of Plaintiff's constitutional rights under 42 U.S.C. §1983 by Wardak.

### THIRD CAUSE OF ACTION

2. The Third Cause of Action fails to state a claim for violation of Plaintiff's constitutional rights under 42 U.S.C. §1983 by ADS.

### FIFTH CAUSE OF ACTION

3. The Fifth Cause of Action fails to state a claim for malicious prosecution against Defendants.

### SIXTH CAUSE OF ACTION

4. The Sixth Cause of Action fails to state a claim for abuse of process against Defendants.

### SEVENTH CAUSE OF ACTION

5. The Seventh Cause of Action fails to state a claim for negligence, negligence per se and negligent infliction of emotional distress against Defendants.

### EIGHTH CAUSE OF ACTION

6. The Eighth Cause of Action fails to state a claim for intentional infliction of emotional distress against Defendants.

### NINTH CAUSE OF ACTION

7. The Ninth Cause of Action fails to state a claim for violation of Civil Code §52.1 by Defendants.

///
///
///
///
///
///
///

# TABLE OF CONTENTS

Memorandum of Points and Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

I. INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

II. THE FIRST AND THIRD CAUSES OF ACTION FOR VIOLATION OF 42 U.S.C. §1983 FAIL TO ALLEGE FACTS TO SUPPORT PLAINTIFF'S CLAIMS AGAINST ADS AND WARDAK . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

III. THE FIFTH CAUSE OF ACTION FOR MALICIOUS PROSECUTION FAILS TO ALLEGE FACTS TO SUPPORT PLAINTIFF'S CLAIM AGAINST ADS AND WARDAK . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    A. Plaintiff Has Failed to Plead a Favorable Termination . . . . . . . . . . . 7

    B. The Facts Pled in Plaintiff's Complaint Establish Wardak's Probable Cause . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    C. Plaintiff's Complaint Fails to Allege Any Ill Will or Improper Motive Against Defendants . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

IV. THE SIXTH CAUSE OF ACTION FOR ABUSE OF PROCESS FAILS TO ALLEGE FACTS TO SUPPORT PLAINTIFF'S CLAIM AGAINST ADS AND WARDAK . . . . . . . . . . 9

V. THE SEVENTH CAUSE OF ACTION FOR NEGLIGENCE, NEGLIGENCE PER SE AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS FAILS TO ALLEGE FACTS TO SUPPORT PLAINTIFF'S CLAIM AGAINST ADS AND WARDAK . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

VI. THE EIGHTH CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS FAILS TO ALLEGE FACTS TO SUPPORT PLAINTIFF'S CLAIM AGAINST ADS AND WARDAK . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

VII. THE NINTH CAUSE OF ACTION FOR VIOLATION OF CIVIL CODE §52.1 FAILS TO ALLEGE FACTS TO SUPPORT PLAINTIFF'S CLAIM AGAINST ADS AND WARDAK . . . . . . . . . 11

VIII. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

# TABLE OF AUTHORITIES

*CASES*      *PAGES*

United Mine Workers of America, Inc. v. Wellmore Coal Corp.
(4th Cir. 1979) 609 F.2d 1083 .................................... 4

Thomas v. Farley
(7th Cir. 1994) 31 F.3d 557, 558-559 ............................ 5

Monell v. Department of Social Services
436 U.S. 658 (1978) ............................................... 5

Collins v. Womancare
(1989) 878 F.2d 1145 ........................................... 6, 7

Rivera v. Green
(9th Cir. 1985) 775 F.2d 1381 ................................... 6

Sims v. Jefferson Downs Racing Association
(5th Cir. 1985) 778 F.2d 1068 ................................... 6

Carey v. Continental Airlines, Inc.
(10th Cir. 1987) 823 F.2d 1402 .................................. 6

Lee v. Town of Estes Park
(10th Cir. 1987) 820 F.2d 1112 .................................. 6

Jaffe v. Stone
(1941) 18 Cal.2d 146, 150 ....................................... 7

Pulvermacher v. Los Angeles Co-Ordinating Committee
(1943) 61 Cal.App.2d 704, 707 ................................... 7

Centers v. Dollar Markets
(1950) 99 Cal.App.2d 534, 541 ................................... 7

Marina Point, Ltd. v. Wolfson
(1982) 30 Cal.3d 721, 725-26 .................................... 8

Brown v. Kennard
(2001) 94 Cal.App.4th 40, 44 .................................... 9

Paz v. State of California
(2000) 22 Cal.4th 550, 559 ..................................... 10

Trerice v. Blue Cross of America
(1989) 209 Cal.App.3d 878, 883 ................................. 10

Stamps v. Superior Court
(2006) 136 Cal.App.4th 1441, 1447-1448 ......................... 11

LAW OFFICES OF PRINDLE, DECKER & AMARO LLP

| *STATUTES* | *PAGES* |
|---|---|
| 42 U.S.C. 1983 | 5, 7 |
| Civil Code §52.1 | 11 |

JGM/WALKER/PLEADINGS/DismissMtn.wpd    MOTION TO DISMISS, PRESENTING DEFENSE OF FAILURE TO STATE A CLAIM

**WHEREFORE**, Defendants pray that this Motion to Dismiss be sustained as to each cause of action mentioned herein, and for other and further relief as this Court may deem just and proper.

DATED: January 22, 2008

                PRINDLE, DECKER & AMARO LLP

                By _____
                STEPHEN C. KLAUSEN
                Attorneys for Defendants, AMERICAN DISCOUNT SECURITY; AND DAUD WARDAK aka DAVID WARDAK

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Plaintiff's Complaint primarily arises out of the interactions between himself and City of Hayward police officers. (*See* Complaint ¶¶1-5 and 20-33.) Specifically, Plaintiff claims that the *police officers* falsely reported that he resisted arrest and attacked them, and that based upon the *police officers'* representations, he was charged with three misdemeanor crimes - resisting a peace officer, public intoxication and carrying a dirk or dagger. (*See* Complaint ¶¶3 and 30.)

The only factual allegations asserted against ADS and Wardak are that Wardak, an employee of ADS, informed Plaintiff that the Jack in the Box restaurant was closed when he attempted to enter the same. (*See* Complaint ¶20.) In the Complaint, Plaintiff admits that he and his friend remained at the Jack in the Box premises although it was closed. (*See* Complaint ¶22.) The only other conduct alleged against Wardak was that he summoned the police and signed a written statement that he was making a citizen's arrest of Plaintiff for trespassing on the Jack in the Box property. (*See* Complaint ¶28.) There are no allegations that Wardak assisted the police officers with the actual arrest, nor that Wardak participated in the events that unfolded thereafter between Plaintiff and the police officers. Plaintiff's Complaint does **not** deny that he was trespassing on Jack in the Box property. Notably, the charges eventually brought against Plaintiff were not even for trespassing, but apparently for conduct that occurred between Plaintiff and the police officers. (*See* Complaint ¶¶3 and 30.)

Although Federal Rules of Civil Procedure do not require a plaintiff to describe the alleged wrongdoing with any particularity, mere legal conclusions are not sufficient. *See* United Mine Workers of America, Inc. v. Wellmore Coal Corp. (4th Cir. 1979) 609 F.2d 1083. Furthermore, a plaintiff "is not saved by having pleaded legal conclusions that, if consistent with the facts would establish his right to relief, where the **actual** facts

pleaded are inconsistent with those legal conclusions. *See* Thomas v. Farley (7th Cir. 1994) 31 F.3d 557, 558-559.

Here, the facts set forth against Defendants do not give rise to the causes of action Plaintiff is asserting against Defendants. Hence, Defendants file this Motion to Dismiss.

## II.
## THE FIRST AND THIRD CAUSES OF ACTION FOR VIOLATION OF 42 U.S.C. §1983 FAIL TO ALLEGE FACTS TO SUPPORT PLAINTIFF'S CLAIMS AGAINST ADS AND WARDAK

A review of Plaintiff's Complaint reveals that Plaintiff's allegation of federal civil rights violations under 42 U.S.C. 1983 (hereinafter "section 1983) rest solely on Plaintiff's belief that he was deprived of rights, privileges or immunities entitled to him under the laws of the United States. However, Plaintiff alleges no specific facts which demonstrate that Defendant acted under color of law, which is required to constitute this cause of action.

In order to sustain a cause of action under section 1983, Plaintiff must demonstrate that the Defendant was acting under color of state law. Section 1983 provides in pertinent part that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . 42 U.S.C. Section 1983.

Acts are done under color of law when a person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation. *See* Monell v. Department of Social Services, 436 U.S. 658 (1978).

Numerous cases have dealt with the issue of what actions are under color of law for purposes of Section 1983 liability.[1] In Collins v. Womancare, the Ninth Circuit addressed this issue. Collins v. Womancare (1989) 878 F.2d 1145. In that case, defendant abortion clinic employees effected a citizen's arrest of plaintiffs who were picketing defendant clinic in violation of an injunction. Id. at 1146. The police then issued misdemeanor citations which were ultimately dismissed. Id. Consequently, plaintiffs alleged deprivation of their constitutional rights, as well as malicious prosecution. Id. The Court stated that "[t]o prove a violation of section 1983, [plaintiffs] must demonstrate that [defendant] (1) deprived them of a right secured by the Constitution, and (2) acted under color of state law." Id. at 1147.

Although the defendant itself had actually effectuated the arrest of the plaintiffs, the Court still found that the citizen's arrest did not constitute action under color of state law sufficient to support the section 1983 cause of action. Id. at 1150. In fact, the Court cited all five of the previous federal decisions on point, noting that all five which had considered whether a citizen's arrest can form the basis of liability under section 1983 had resolved this issue by concluding that it did not constitute action under color of state law. Id. In its explanation, the Court reasoned that "for conduct of *private parties* to be under color of state law, it must be fairly attributable to the State." Id. at 1151 (citation omitted). In further analysis, the Collins Court discussed a joint action inquiry which

---

[1] See Rivera v. Green (9th Cir. 1985) 775 F.2d 1381 (finding that merely complaining to the police does not convert a private party into a state actor); see also Sims v. Jefferson Downs Racing Association (5th Cir. 1985) 778 F.2d 1068 (holding that execution by a private party of a sworn complaint which forms the basis of an arrest is not enough to convert the private party's acts into state action); Carey v. Continental Airlines, Inc. (10th Cir. 1987) 823 F.2d 1402 (reasoning that airport managers complaining about plaintiff presence to a police officer who, acting within the scope of his statutory duties, arrested plaintiff after questioning him, does not, without more, constitute state action for which defendant can be held responsible); Lee v. Town of Estes Park (10th Cir. 1987) 820 F.2d 1112 (concluding that the private party effecting the citizen's arrest, transporting the plaintiff to the police station, attempting to persuade the police to file charges, and swearing out a complaint against the arrested party did not constitute joint action).

focuses on "whether the state has 'so far insinuated itself into a position of interdependence with [the private entity] that it must be recognized as a joint participant in the challenged activity'. . . Joint action therefore requires substantial degree of cooperative action." Id. at 1154 (citation omitted).

In the case at bar, all that is alleged against Defendants is that Wardak summoned the police and provided a written statement that he was making a citizen's arrest of Plaintiff. Wardak's actions constituted nothing more than the citizen's arrests at issue in Collins, supra, and therefore cannot qualify as actions under "color of state law". As such, 42 U.S.C. §1983 does not apply to ADS and Wardak.

## III.

## THE FIFTH CAUSE OF ACTION FOR MALICIOUS PROSECUTION FAILS TO ALLEGE FACTS TO SUPPORT PLAINTIFF'S CLAIM AGAINST ADS AND WARDAK

The essential elements to constitute a malicious prosecution are:

1. The criminal proceeding terminated in Plaintiff's favor;
2. The defendant acted without probable cause; and
3. The motive of the defendant in proceeding with the prosecution was actual ill will or some other improper motive.

See Jaffe v. Stone (1941) 18 Cal.2d 146, 150; Pulvermacher v. Los Angeles Co-Ordinating Committee (1943) 61 Cal.App.2d 704, 707; Centers v. Dollar Markets (1950) 99 Cal.App.2d 534, 541.

### A.  Plaintiff Has Failed to Plead a Favorable Termination.

In order to satisfy the element of a favorable termination, the plaintiff must allege that the prosecution was terminated either by acquittal in the trial, or dismissal of the case for lack of evidence, by the committing magistrate at the preliminary hearing. Jaffe, supra, 18 Cal.2d at 150. A dismissal based on technical and/or procedural grounds, or as an act of grace, or because of impossibility of bringing the

7

accused to trial, does **not** constitute a favorable termination for purposes of pleading and proving malicious prosecution. Id.

Plaintiff's Complaint only alleges that Wardak signed a statement that he was making a citizen's arrest for trespass. (*See* Complaint ¶28.) However, the crimes for which Plaintiff was actually prosecuted were for resisting a peace officer, public intoxication and carrying a dirk or dagger. (*See* Complaint ¶30.) There are no facts that Wardak was involved in prosecuting Plaintiff for any of the crimes for which Plaintiff was eventually exonerated. The Complaint **never** states he was prosecuted for trespass, nor that such prosecution terminated in his favor.

**B.   The Facts Pled in Plaintiff's Complaint Establish Wardak's Probable Cause.**

Premises owners have been afforded broad authority to adopt reasonable rules regulating the conduct of patrons on its premises. Moreover, owners have a right to exclude any individual who violates such rules. Marina Point, Ltd. v. Wolfson (1982) 30 Cal.3d 721, 725-26.

Here, Wardak, as the hired security guard for Jack in the Box, had an interest in excluding trespassers from the premises. The Complaint indicates that the Jack in the Box restaurant was closed for business, yet Plaintiff admittedly remained on the Jack in the Box premises. (*See* Complaint ¶¶ 20-22.)

**C.   Plaintiff's Complaint Fails to Allege Any Ill Will or Improper Motive Against Defendants.**

The Complaint does not allege that Wardak signed the statement that he was making a citizen's arrest for trespass, based upon any ill will or improper motive. The only ill will alleged in the Complaint pertains to the *police officers*, wherein the Complaint alleges that the arresting *officers* falsely reported that Plaintiff and his friend physically resisted the officers and attacked them to justify the police officers' "unprovoked attack on Plaintiff and his friend." (*See* Complaint, ¶29.)

Accordingly, Plaintiff's malicious prosecution cause of action against ADS and Wardak must fail.

## IV.

## THE SIXTH CAUSE OF ACTION FOR ABUSE OF PROCESS FAILS TO ALLEGE FACTS TO SUPPORT PLAINTIFF'S CLAIM AGAINST ADS AND WARDAK

> The tort of abuse of process arises when one uses the court's process for a purpose other than that for which the process was designed. "[T]he essence of the tort is . . . 'misuse of the power of the court; it is an act done in the name of the court and under its authority for the purpose of perpetrating an injustice." To succeed in an action for abuse of process, a litigant must establish two elements: that the defendant (1) contemplated an ulterior motive in using the process; and (2) committed a willful act in the use of the process not proper in the regular conduct of the proceedings. In other words, abuse of process requires an act outside the purpose of the process. (Internal citations omitted.)

Brown v. Kennard (2001) 94 Cal.App.4th 40, 44.

Plaintiff's abuse of process claim is based upon the criminal proceedings instituted against him. (*See* Complaint, ¶¶61-64.)

In this case, the criminal proceedings against Plaintiff had nothing to do with Wardak's actions. Plaintiff's Complaint clearly indicates that the only criminal charges made against him were for resisting a peace officer, public intoxication and carrying a dirk or dagger. (*See* Complaint, ¶30.)  Again, Wardak merely signed a statement that he was making a citizen's arrest for trespass (which according to the facts of the Complaint, Plaintiff was committing). Plaintiff's criminal prosecution was the result of subsequent interactions he had with the city of Hayward police officers, and was **not** the result of anything commenced by ADS or Wardak.  The only ulterior motive Plaintiff alleges against *anyone* is against the city of Hayward police officers, as Plaintiff contends that the police officers falsely reported that Plaintiff and his friend physically resisted the officers and attacked them in order to justify the police officers' own "unprovoked attack" on Plaintiff. (*See* Complaint,

¶29.) Accordingly, the Complaint does not contain any facts *as to ADS and Wardak,* which support a cause of action for abuse of process.

## V.
## THE SEVENTH CAUSE OF ACTION FOR NEGLIGENCE, NEGLIGENCE PER SE AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS FAILS TO ALLEGE FACTS TO SUPPORT PLAINTIFF'S CLAIM AGAINST ADS AND WARDAK

The elements of a cause of action for Negligence are: duty; breach of duty; legal cause; and damages. *See* Paz v. State of California (2000) 22 Cal.4th 550, 559. The existence of a duty is the threshold element of a negligence cause of action. Id.

A reading of the Complaint's Seventh Cause of Action reveals that Plaintiff is relying on his previous causes of action for alleged statutory violations, as well as his cause of action for malicious prosecution, to establish a "duty". However, based upon the foregoing arguments, Plaintiff does **not** have a claim for the statutory violations, nor for malicious prosecution. The Complaint fails to allege *any* duty on the part of ADS and Wardak. Nor do the facts of the Complaint demonstrate any breach of a duty by Defendants. As such, Plaintiff's Seventh Cause of Action must fail.

## VI.
## THE EIGHTH CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS FAILS TO ALLEGE FACTS TO SUPPORT PLAINTIFF'S CLAIM AGAINST ADS AND WARDAK

"[T]o state a cause of action for intentional infliction of emotional distress a plaintiff must show: (1) outrageous conduct by the defendant; (2) the defendant's intention of causing or reckless disregard of the probability of causing emotional distress; (3) the plaintiff's suffering severe or extreme emotional distress; and (4) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." Trerice v. Blue Cross of America (1989) 209 Cal.App.3d 878,

883. "Conduct, to be 'outrageous' must be so extreme as to exceed all bounds of that usually tolerated in a civilized society." Id.

Here, Plaintiff's only allegation against Defendants is that Wardak summoned the police and provided a written statement that he was making a citizen's arrest of Plaintiff for trespass. The Complaint acknowledges that the Jack in the Box restaurant was closed for business and that Plaintiff and his friend remained on the premises, despite the restaurant being closed. (See Complaint ¶¶ 20-22.) Summoning the police about someone who is trespassing does not constitute "outrageous conduct", exceeding all bounds usually tolerated in a civilized society. Regardless of what the city of Hayward police officers may or may not have done thereafter, conduct by the *police officers* is **irrelevant** for purposes of a cause of action against ADS and Wardak.

## VII.
## THE NINTH CAUSE OF ACTION FOR VIOLATION OF CIVIL CODE §52.1 FAILS TO ALLEGE FACTS TO SUPPORT PLAINTIFF'S CLAIM AGAINST ADS AND WARDAK

Civil Code §52.1 provides remedies for the interference, "*by threats, intimidation or coercion*", with the exercise of constitutional or other rights provided by law. The legislature enacted Civil Code §52.1 in response to the increase in hate crimes and to provide protection from discriminatory violence and intimidation, and from threats, intimidation and coercion that denied the civil rights of others. *See* Stamps v. Superior Court (2006) 136 Cal.App.4th 1441, 1447-1448.

In this case, Plaintiff's only interaction with ADS and/or Wardak was when Wardak advised Plaintiff and his friend that the Jack in the Box restaurant was closed. The Complaint does **not** allege that ADS or Wardak ever used any threats of violence, intimidation or coercion against Plaintiff. As such, Plaintiff's Ninth Cause of Action must fail.

///

JGM/WALKER/PLEADINGS/DismissMtn.wpd    MOTION TO DISMISS, PRESENTING DEFENSE OF FAILURE TO STATE A CLAIM

## VIII.
## CONCLUSION

As set forth above, Plaintiff has failed to set forth a claim to sustain his First, Third, Fifth, Sixth, Seventh, Eighth and Ninth Causes of Action against ADS and Wardak. Accordingly, Defendants respectfully request that the Court dismiss said causes of action without leave to amend.

DATED: January 22, 2008

PRINDLE, DECKER & AMARO LLP

By _____
STEPHEN C. KLAUSEN
Attorneys for Defendants, AMERICAN DISCOUNT SECURITY; AND DAUD WARDAK aka DAVID WARDAK

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO)

| | |
|---|---|
| KEVIN WALKER,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF HAYWARD; OFFICER ART THOMS, OFFICER SCOTT LUNGER, and OFFICER ZACHARY HOYER, individually and in their official capacities; AMERICAN DISCOUNT SECURITY; and DAUD WARDAK aka DAVID WARDAK,<br><br>    Defendants. | CASE NO. C07-06205 TEH<br>Assigned to Hon. Thelton E. Henderson<br><br>[PROPOSED] ORDER RE MOTION TO DISMISS<br><br>Date      :  February 26, 2008<br>Time      :  10:00 a.m.<br>Ctrm      :  12<br><br>Complaint Filed      : December 7, 2007<br>Discovery Cut-off  : None<br>Motion Cut-off       : None<br>Trial Date              : None |

The Motion to Dismiss brought by Defendants, AMERICAN DISCOUNT SECURITY and DAUD WARDAK aka DAVID WARDAK, came on regularly for hearing on February 26, 2008.

After reading the moving and opposing papers, and hearing oral argument, the Court hereby SUSTAINS Defendants' Motion to Dismiss.

IT IS HEREBY ORDERED that the following causes of action shall be dismissed as to AMERICAN DISCOUNT SECURITY and DAUD WARDAK aka DAVID WARDAK without leave to amend:

1.     1.     The First Cause of Action for violation of Plaintiff's constitutional rights under 42 U.S.C. §1983;

2.     2.     The Third Cause of Action for violation of Plaintiff's constitutional rights under 42 U.S.C. §1983;

3.     3.     The Fifth Cause of Action for malicious prosecution;

4.     4.     The Sixth Cause of Action for abuse of process;

5.     5.     The Seventh Cause of Action for negligence, negligence per se and negligent infliction of emotional distress;

6.     6.     The Eighth Cause of Action for intentional infliction of emotional distress; and

7.     7.     The Ninth Cause of Action for violation of <u>Civil Code</u> §52.1.

DATED: _____

HON. THELTON E. HENDERSON

LAW OFFICES OF PRINDLE, DECKER & AMARO LLP

**PROOF OF SERVICE**
*Kevin Walker v. City of Hayward, et al.*
Case No. C07-06205 TEH

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen (18) and am not a party to the within action; my business address is 310 Golden Shore, 4th Floor, Long Beach, California 90802.

On January 22, 2008, I caused the foregoing document to be served, described as **NOTICE OF MOTION AND MOTION TO DISMISS, PRESENTING DEFENSE OF FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; AND [PROPOSED] ORDER** on all interested parties to this action, through the use of the website maintained by USDC for electronic service:

SEE ATTACHED SERVICE LIST

☒ **BY E-FILING:** By submitting an electronic version of the document. This case has been ordered for Electronic Case Filing.

☐ **BY OVERNIGHT COURIER:** I caused the above-referenced document(s) to be delivered to _____ for delivery to the above address(es).

☐ **BY FAX:** I caused the above-referenced document to be transmitted via facsimile from Fax No. _____ to Fax Numbers listed on service list_____. The facsimile machine I used complies with Rule 2003(3) and no error was reported by the machine. Pursuant to Rule 2005(1), I caused the machine to print a record of the transmission, a copy of which is attached to this declaration.

☐ **BY PERSONAL SERVICE:** I caused such envelope to be delivered by hand to the addressee(s).

☐ [State] I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒ [Federal] I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on January 22, 2008, at Long Beach, California.

_____
ALICE RUSA

*Kevin Walker v. City of Hayward, et al.*
*Case No. C07-06205 TEH*

SERVICE LIST

| | |
|---|---|
| Jivaka Candappa, Esq.<br>46 Shattuck Square, Suite 15<br>Berkeley, CA 94704 | Attorneys for Plaintiff, Kevin Walker<br>T: (510) 981-1808<br>F: (510) 981-1817 |