JIVAKA CANDAPPA, (SBN 225919)
46 Shattuck Square, # 15
Berkeley, CA 94704
Telephone: (510) 981-1808
Facsimile: (510) 981-1817

Attorney for Plaintiff, KEVIN WALKER

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN WALKER,<br><br>Plaintiff<br><br>vs.<br><br>CITY OF HAYWARD; OFFICER ART THOMS, OFFICER SCOTT LUNGER, and OFFICER ZACHARY HOYER, individually and in their official capacities; AMERICAN DISCOUNT SECURITY; and DAUD WARDAK aka DAVID WARDAK,<br><br>Defendants. | Case Number: C07-06205 TEH<br><br>**PLAINTIFF KEVIN WALKER'S OPPOSITION TO DEFENDANTS AMERICAN DISCOUNT SECURITY AND DAUD WARDAK'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**<br><br>Date: March 3, 2008<br>Time: 10:00 a.m.<br>Ctrm: 12<br>Judge: Hon. Thelton E. Henderson |

## I. INTRODUCTION

Defendants AMERICAN DISCOUNT SECURITY ("ADS") and DAUD WARDAK'S ("WARDAK")' untimely motion to dismiss pursuant to Rule 12(b)(6) of the Rules of Civil Procedure is brought on the grounds that Plaintiff's Complaint fails to allege facts sufficient to state a claim. However, it is settled law that complaints filed in federal court, including complaints brought pursuant 42 U.S.C. section 1983, are subject to the liberal notice pleading requirement. Under the notice pleading requirement, a plaintiff is not required to state a claim

with particularity. All that is required is a brief statement of facts and theories of recovery so as to provide fair notice to a Defendant.

Defendants concede that the notice pleading standard applies here, but nonetheless nit pick about the lack of detail in Plaintiff's Complaint. For instance, Defendants claim that Plaintiff has not shown that Defendants acted under color of state law. Defendants state that Plaintiff has failed to "deny that he was trespassing on Jack in the Box property." (Def. Opp. at 19-20.) And, Defendants dispute that they breached the statutory duties identified under Plaintiff's negligence cause of action. Indeed a close reading of Defendants' moving papers reveals that Defendants' arguments are better suited for either claims that mandate particularized pleadings or a dispositive motion that may be brought after the parties have had the opportunity to conduct discovery.

In short, Defendants' Rule 12(b)(6) motion is without merit. Because the factual allegations in Plaintiff's Complaint support each cause of action against Defendants ADS and WARDAK under the notice pleading standard, the Court should deny Defendants' motion to dismiss.

## II. ARGUMENT

"The motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted." *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir.1997); *Rodriguez v. California Highway Patrol*, 89 F. Supp. 2d 1131, 1143 (N.D. Cal. 2000). In ruling on a Rule 12(b)(6) motion, the court must consider the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations, and determine whether plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mutual Insurance Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The issue is not whether plaintiff will prevail but whether plaintiff is entitled to offer evidence to support the claims. *Hydrick v. Hunter*, 500 F.3d 978, 985 (9th Cir. 2007). Thus, a "suit should not be dismissed if it is possible to hypothesize facts, consistent with the complaint that would make out a claim." *Hearn v. R.J. Reynolds Tobacco Co.*, 279 F. Supp. 2d 1096, 1101 (D. Ariz 2003). Further, the liberal notice pleading requirement extends to civil rights cases brought pursuant to 42 U.S.C. section 1983.

*Leatherman v. Tarant County Narcotics and Intelligence and Coordination Unit*, 507 U.S. 163, 168-69 (1993).

Here, the Court should deny Defendants' motion to dismiss because Plaintiff has alleged sufficient facts under the liberal notice pleading requirement.

**A. Defendants' Motion to Dismiss Plaintiff's First and Third Causes of Action should be Denied Because Plaintiff has Alleged that Defendants American Discount Security and Daud Wardak Acted Under Color of Law.**

Defendants' argue for dismissal of Plaintiff's First and Third causes of action on the basis that Plaintiff has not alleged "specific facts which demonstrate that Defendant acted under color of law []." (Def. Opp. at 5:12-13.) Defendants also suggest that relevant case law has established a *per se* rule that a private citizen who makes a citizen's arrest does not act under color of law. (Def. Opp. at 6.) Defendants' challenge, which is based on the argument that their role in connection with Plaintiff's detention, arrest, incarceration and prosecution was peripheral, is not supported by the facts and relevant case law on the topic, including the case relied on by Defendants, *Collins v. Womancare*, 878 F.2d 1145 (9th Cir. 1989).

"Action taken by private individuals may be 'under color of state law' where there is 'significant' state involvement in the action." *Howerton v. Gabica*, 708 F.2d 380, 382 (9th Cir. 1983) (citing *Lugar v. Edmonson Oil*, 457 U.S. 922, 939 (1982)). The United States Supreme Court has articulated four tests to determine whether a private actor's conduct would amount to state action: (1) public function, (2) joint action, (3) state compulsion, and (4) governmental nexus. *Id.* at 383.[1] However, while these four tests provide guidance in identifying state action by private actors, "there is no specific formula for defining state action []." *Melara v. Kennedy*, 541 F.2d 802, 805 (9th Cir. 1976). "Only by sifting facts and weighing circumstances can the nonobvious involvement of the State in private conduct be attributed its true significance." *Burton v. Wilmington Parking Authority*, 365 U.S. 715, 722 (1961). Thus, all of the facts and

---

[1] In this regard, the state action requirement and under color of law requirement in 42 U.S.C. section 1983 are generally treated as equivalent although the United States Supreme Court has not foreclosed the possibility that "it might take less to demonstrate action under color of law that to demonstrate state action." *Collins,* 876 F.2d at 1148.

circumstances must be viewed in their totality. *Howerton*, 708 F.2d at 384.

A private party's conduct may be viewed as state action under a joint action theory if the evidence shows that the private party was a willful participant in the challenged activity of the state or its agents. *Collins*, 878 F.2d at 1154. Courts have focused on the following areas of inquiry in deciding whether a private actor making a citizen's arrest acted under color of law: (1) whether the police officer involved conducted an independent investigation; (2) whether the police maintained a policy of neutrality in the dispute; and (3) whether the police provided the impetus for the arrest. *Collins*, 878 F.2d at 1155. *See also Carey v. Continental Airlines*, 823 F.2d 1402, 1404 (10th Cir. 1987).

In *Collins*, the court held that a citizen's arrest did not constitute state action because the impetus for the arrest came from a private party and not the police; the police refused, after conducting an investigation, to arrest the alleged lawbreakers; and the police maintained a policy of neutrality in the dispute by warning the party making the arrest of potential civil liability. 878 F.2d at 1155. Similarly in *Carey*, the court held that the private actor's conduct did not amount to state action because the police conducted an independent investigation, maintained a policy of neutrality by asking plaintiff to leave, and lawfully arrested plaintiff only after he refused to comply with the police directive to leave the premises. 823 F.2d at 1403-04.

Here, Plaintiff has alleged that Defendant WARDAK acted "under color of law and acted in concert and/or conspired with Defendants THOMS, LUNGER and HOYER in violating Plaintiff's rights under federal and state law." (Complaint ¶ 13.) Plaintiff is not required at the pleading stage to state his claim with particularity.[2] *See McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991) ("All that is required are sufficient allegations to put defendants fairly on notice of the claims against them."). Equally importantly, the dispute as to whether Defendants WARDAK and ADS acted under color of law is not ripe for resolution at this stage

---

[2] *See also Rodriguez*, 89 F. Supp. 2d at 1137 ("While a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled, plaintiff is not expected to plead his evidence or specific factual details not ascertainable in advance of discovery").

of the litigation because the state action inquiry is a fact-based one, and Plaintiff must be given the opportunity to conduct discovery before the matter is conclusively resolved by the Court.[3] *See Burton*, 365 U.S. at 722; *Howerton*, 708 F.2d at 384; *Rodriguez*, 89 F. Supp. 2d at 1137. *See also Collins*, 878 F.2d at 1146; (state action issue decided by trial court on summary judgment); *Carey*, 823 F.2d at 1403-04 (trial court ruled on state action issue on summary judgment).

Nonetheless, Plaintiff has also alleged that he was refused service at *Jack in the Box* and that Defendant WARDAK summoned the police while Plaintiff and his friend were waiting for their ride. (Complaint ¶¶ 20-22, 28.) Further, Defendant WARDAK arrested Plaintiff unlawfully in that Plaintiff did not commit a crime in his presence. *See* Penal Code § 837.[4] Plaintiff was seized by officers of the Hayward Police Department at the behest of Defendant WARDAK without an independent investigation. Had the officers conducted an investigation they would have determined that Plaintiff did not, as a matter of law, commit the crime of trespass as alleged by Defendants. Unlike in *Collins* and *Carey*, the police officers here did not maintain a policy of neutrality in the dispute. Plaintiff was brutally attacked by the police officers and suffered injuries, which required medical attention. (Complaint ¶¶ 22-26.)After taking Plaintiff into custody, Officer, J. Snell of the Hayward Police Department authored a statement, which Defendant WARDAK adopted by averring that he made a citizen's arrest for trespass. (Complaint ¶ 28.)

The police conduct here, unlike in *Collins* and *Carey*, was inextricably linked to the wrongful conduct of ADS and WARDAK and resulted in the violation of Plaintiff's civil rights. Defendants were willful participants here in that they made a citizen's arrest on the basis of Plaintiff's non-criminal conduct and condoned the police action by adopting the statement authored by Officer J. Snell, which claimed *inter alia* that Plaintiff had committed the crime of

---

[3] Plaintiff's discovery may, for instance, also show a pattern or practice of arresting subjects at the location in question without an independent investigation.

[4] Defendants' contention that Plaintiff was trespassing on their client's premises is merely an allegation that is not borne out by the facts in Plaintiff's Complaint and disputed by Plaintiff.

trespass. Therefore, Defendants' contention that they were mere spectators and that Plaintiff cannot, under any factual scenario, show that Defendants acted under color of state law is simply inaccurate.

The Court should deny Defendants' motion and permit Plaintiff to proceed with discovery and prove-up the material allegations in Plaintiff's complaint.

**B. Defendants ADS and Wardak may be Held Liable for Malicious Prosecution Because their Unlawful Conduct Led to Plaintiff's Arrest and Prosecution Under Section 69 of the California Penal Code.**

Defendants contend that Plaintiff's Malicious Prosecution cause of action should be dismissed because Plaintiff did not plead a favorable termination, absence of probable cause to arrest, and ill will or improper motive on the part of Defendants. (Def. Opp. at 7-8.) Defendants' arguments lack merit.

As a threshold matter, Plaintiff was prosecuted in connection with the incident and was acquitted of all charges brought against him after a jury trial. (Complaint ¶ 32.) According to Defendants, however, Plaintiff failed to plead a favorable termination because Plaintiff was not charged with the crime of trespass by the Alameda County District Attorney's Office. (Def. Opp. at 7.) Defendants appear to ignore the fact that Plaintiff was prosecuted for resisting a peace officer in the performance of a lawful duty, a violation of California Penal Code section 69 (hereafter "PC 69"). (Complaint ¶ 29-30.) The discharge of the lawful duty at issue, which gave rise to the PC 69 charge, arose as a direct consequence of Defendant WARDAK'S arrest of Plaintiff for the crime of trespass.[5] In other words, the PC 69 violation was predicated on Plaintiff's seizure pursuant to Defendant WARDAK'S arrest of Plaintiff for a crime that Plaintiff did not commit and for conduct, which even by Defendants' rendition of the facts, did not amount to a crime. Plaintiff has a viable malicious prosecution cause of action against Defendants WARDAK and ADS because he prevailed in his defense of the PC 69 charge.

---

[5] Even assuming the truth of Defendants' version of the facts, Plaintiff did not commit the crime of trespass because California law does not criminalize theories of general trespass on commercial premises. Laws prohibiting trespass on commercial premises require specific intent driven conduct. *See*, *e.g*., Cal. Penal Code § 602(k)

Defendants' argument that probable cause to arrest was established because premises owners have a right to exclude individuals who violate its rules of conduct is a non-starter. (Def. Opp. at 8:12-15.) Probable cause to arrest is governed by Fourth Amendment principles and not by rules of conduct adopted by premises owners. *See, e.g., Terry v. Ohio*, 392 U.S. 1, 8-9 (1968). Moreover, a private citizen may arrest for a misdemeanor criminal offense only if one is actually committed in his or presence. Penal Code § 837 (1).[6]

Here, Defendants arrested Plaintiff without legal justification.[7]

Finally, Defendants incorrectly claim that Plaintiff has not alleged ill will or improper motive. (Def. Opp. at 8.) Paragraph 58 of Plaintiff's Complaint alleges that Defendants acted with malicious intent, which is sufficient under the notice pleading requirement. *See Leatherman*, 507 U.S. at 168-69; *McKeever*, 932 F.2d at 798; *Rodriguez*, 89 F. Supp. 2d at 1137

The Court should deny Defendants' motion to dismiss Plaintiff's cause of action for Malicious Prosecution.

**C. Defendants' Unlawful Conduct Justifies the Abuse of Process Cause of Action.**

Defendants' argue for dismissal of Plaintiff's Abuse of Process cause of action on the grounds that Plaintiff's criminal prosecution was not the "result of anything commenced by ADS or WARDAK." (Def. Opp. at 9:23-24.) However, Plaintiff's detention, arrest and

---

[6] Further, *Marina Point Ltd. v. Wolfson*, 30 Cal. 3d 721, 725-26, (1982), which Defendants cite as relevant authority, inures to Plaintiff's benefit because the dispute there pertained to housing discrimination by a landlord in violation of the Unruh Act, and resolved in favor of the tenants who alleged unlawful discrimination.

[7] Defendants' contention that Plaintiff conceded that he trespassed on their client's premises is untrue and not borne out by either the facts in Plaintiff's Complaint or the law pertaining to trespass on commercial premises. Moreover, the fact that Plaintiff's Complaint states that he was advised by Defendants that the restaurant was closed for business does not mean that it was in fact closed. (Complaint ¶ 20.) Further, the drive thru window of the restaurant was open for business. (Complaint ¶ 21.) Even assuming the truth of Defendants' version of the facts, Defendants' arrest of Plaintiff for trespass was unlawful because there is no general trespass crime applicable to commercial premises.

incarceration were predicated on the unlawful citizen's arrest made by Defendant WARDAK. As pointed out above, Defendants did not have legal justification to arrest Plaintiff and contrived a criminal offense, the crime of general trespass on commercial property, to apprehend Plaintiff.

The Court should deny Defendants' motion to dismiss Plaintiff's cause of action for Abuse of Process.

**D. Plaintiff's Negligence Cause of Action Provides Adequate Notice to Defendants.**

Defendants' motion to dismiss Plaintiff's negligence cause of action is based on the argument that Plaintiff failed "to allege any duty on the part of ADS and Wardak" or breach thereof. Plaintiff, however, listed several duties breached by Defendants. (Complaint ¶¶ 66-67.) The fact that Defendants dispute that they owed any duty to Plaintiff is not a basis for dismissal. Defendants' motion to dismiss should be denied.

**E. Plaintiff has Stated a Viable Cause of Action for Intentional Infliction of Emotional Distress.**

According to Defendants, Plaintiff's cause of action for Intentional Infliction of Emotional Distress should be dismissed because a citizen's arrest made without probable cause is not an outrageous act. (Def. Opp. at 11:7-9.) And, to the extent that Defendants' motion to dismiss is based on the argument that Plaintiff was guilty of the crime of trespass, it is not supported by the allegations in the Complaint and cannot be supported under any objective analysis of the law.

Defendants accuse Plaintiff of committing, what appears to be, the crime of general trespass. However, Plaintiff's counsel was unable to locate any provision in the Penal Code where the crime of general trespass, as loosely described by Defendants in their moving papers, applied to commercial premises. Assuming that a general trespass statute with respect to commercial premises is still on the books in California, Defendants should have identified the specific statutory provision, the material elements of the crime and discussed the relevant facts

in support of their argument.

Accordingly, Defendant's motion necessarily fails because it is based on a misstatement of the facts and a misguided analysis regarding the criminal nature of Plaintiff's conduct[8].

**F. Defendants Interfered with Plaintiff's Legal Rights by Means of Violence and Intimidation.**

According to Defendants, they cannot be held liable for a violation of Civil Code section 52.1 as a matter of law because the Complaint does not "allege that ADS or Wardak ever used any threats of violence, intimidation or coercion against Plaintiff."[9] (Def. Opp. at 11:25-26.) Violence means the application of physical force. *People v. Bamba*, 58 Cal.App.4th 1113, 1123 (1997).

Here, it is undisputed that Plaintiff was seized by officers of the Hayward Police Department consequent to the citizen's arrest by Defendants WARDAK and ADS, and further, Plaintiff was brutally attacked by defendant police officers in the course of that seizure. Plaintiff has further alleged that the named Defendants engaged in joint action. (Complaint ¶¶ 15, 37.) Because the conduct of Defendants WARDAK and ADS was a proximate cause of Plaintiff's seizure, Defendants WARDAK and ADS may be held liable for Plaintiff's injuries pursuant to section 52.1 of the Civil Code.

**G. Plaintiff Requests Leave to Amend should the Court Sustain Defendants' Motion in Whole or in Part.**

Leave to amend "shall be freely given when justice so requires. Fed. R. Civ. P. 15 (a); *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). Accordingly, Plaintiff requests the opportunity to cure any deficiencies in the pleading should the Court sustain Defendants' motion to dismiss in whole or in part.

---

[8] As stated elsewhere, Plaintiff disputes Defendants' characterization of the factual allegations in Plaintiff's Complaint.

[9] Defendants may be held liable for a violation of Civil Code § 52.1 regardless of whether Defendants acted under color of state law. Further, Section 52.1 of the Civil Code is not limited to hate crimes. *See Winarto v. Toshiba America Electronics Components, Inc.*, 274 F.3d 1276, 1289 (9th Cir. 2001).

## III. CONCLUSION

Based on the foregoing, Plaintiff respectfully requests the Court to deny Defendants' Motion to Dismiss.

DATED: February 11, 2008

Respectfully submitted,

By: /s/ Jivaka Candappa
Jivaka Candappa, Attorney
for Plaintiff, KEVIN WALKER

**PROOF OF SERVICE**

***Kevin Walker v. City of Hayward et al.***
**Case No: C07-06205 TEH**

I, the undersigned, declare:

I am an active member of the State Bar of California and am not a party to this action. My business address is: 46 Shattuck Square, #15, Berkeley, CA 94704. On February11, 2008, I caused to be delivered by e-filing, a copy of:

**PLAINTIFF KEVIN WALKER'S OPPOSITION TO DEFENDANTS AMERICAN DISCOUNT SECURITY AND DAUD WARDAK'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

addressed to:

Stephen C. Klausen, Esq.
Prindle, Decker & Amaro LLP
310 Golden Shore, Fourth Floor
Long Beach, CA 90801-5511

Randolph S. Hom, Assistant City Attorney
City of Hayward
777 "B" Street
Hayward, CA 94541

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed February 11, 2008, at Berkeley, California.

/s/ Jivaka Candappa
Jivaka Candappa