1  **PRINDLE, DECKER & AMARO LLP**
   James G. Murray, Esq. (Bar No. 120049)
2  310 Golden Shore, Fourth Floor
   P.O. Box 22711
3  Long Beach, CA 90801-5511
   Tel. No.: (562) 436-3946
4  Fax No.: (562) 495-0564
   ADSS-0001
5
   Attorneys for Defendants
6  **AMERICAN DISCOUNT SECURITY and
   DAUD WARDAK aka DAVID WARDAK**
7

8                     UNITED STATES DISTRICT COURT

9          NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO)

10

11  KEVIN WALKER,                              )    CASE NO. C07-06205 TEH
                                               )    Assigned to Hon. Thelton E. Henderson
12              Plaintiff,                      )
                                               )
13  v.                                         )    **AMERICAN DISCOUNT
                                               )    SECURITY AND DAUD
14  CITY OF HAYWARD; OFFICER ART               )    WARDAK'S REPLY TO
    THOMS, OFFICER SCOTT LUNGER,               )    PLAINTIFF'S OPPOSITION TO
15  and OFFICER ZACHARY HOYER,                 )    MOTION TO DISMISS FOR
    individually and in their official          )    FAILURE TO STATE A CLAIM**
16  capacities; AMERICAN DISCOUNT             )
    SECURITY; and DAUD WARDAK aka             )    Date  :  March 3, 2008
17  DAVID WARDAK,                              )    Time  :  10:00 a.m.
                                               )    Ctrm  :  12
18              Defendants.                     )
                                               )
19  _____ )

20

21                                  I.

22                            **INTRODUCTION**

23       Plaintiff's Opposition is misguided.  First, contrary to what Plaintiff believes,

24  Defendants are *not* requiring Plaintiff plead specific facts to support his claims.  Rather,

25  it is *Plaintiff* who pleaded specific facts in his Complaint which are **inconsistent** with his

26  legal conclusions against Defendant.  Again, a plaintiff "is not saved by having pleaded

27  legal conclusions that, if consistent with the facts would establish his right to relief,

28

                                     1

JGM/DismissReply.wpd

LAW OFFICES OF
PRINDLE, DECKER & AMARO LLP

LAW OFFICES OF
PRINDLE, DECKER & AMARO LLP

1  where the **actual** facts pleaded are inconsistent with those legal conclusions. *See*

2  Thomas v. Farley (7th Cir. 1994) 31 F.3d 557, 558-559. The facts Plaintiff chose to plead

3  in his Complaint are inconsistent with his legal conclusions and establish that he does

4  not have a claim against Defendants.

5  **II.**

6  **DESPITE PLAINTIFF'S LEGAL CONCLUSIONS, THE FACTS PLAINTIFF**

7  **CHOSE TO PLEAD IN HIS COMPLAINT ESTABLISH THAT DEFENDANTS**

8  **DID NOT ACT UNDER COLOR OF LAW**

9  　　　　The facts as pled in Plaintiff's Complaint are that his Complaint arises out of a one

10  time event occurring on or about December 9, 2005. (Complaint, ¶1.) After Plaintiff

11  was informed that the restaurant was closed, he attempted to inappropriately walk up to

12  the drive-thru window used for automobiles. (Complaint, ¶21.) Plaintiff then remained

13  on the Jack in the Box premises despite not having any business to conduct at Jack in the

14  Box. (Complaint, ¶22.) All of the facts Plaintiff pled in his Complaint about the alleged

15  attack upon him and his friend specifically identify Officers Thoms and Lunger as the

16  perpetrators. (Complaint, ¶¶ 22-25.) Notably, the only officer with whom Plaintiff

17  alleges Wardak had contact with was an Officer J. Snell; Plaintiff does not allege any

18  wrongful conduct on the part of Officer Snell and in fact has not named Officer Snell as

19  a defendant in this case. (Complaint, ¶28.) Plaintiff's Complaint only alleges that

20  Wardak accused Plaintiff of trespass, and that it was Officer Thoms and Lunger who

21  accused Plaintiff of resisting arrest. (Complaint, ¶¶ 28-29.)

22  　　　　In Plaintiff's Opposition, Plaintiff relies upon the theory of joint action to support

23  his §1983 claim. However, the facts Plaintiff pled in his Complaint are facts which

24  courts have held do not constitute joint action or *any* action under color of law. The

25  "joint action inquiry focuses on whether the state has 'so far insinuated itself into a

26  position of interdependence with [the private entity] that it must be recognized as a joint

27

28

2

AMERICAN DISCOUNT SECURITY AND DAUD WARDAK'S REPLY TO PLAINTIFF'S
OPPOSITION TO MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

JGM/DismissReply.wpd

1  participant in the challenged activity.'" (Citation omitted.) <u>Collins v. Womancare</u> (9th

2  Cir. 1989) 878 F.2d 1145, 1154.

3      For instance, joint action has been found when the case involves more than a

4  single incident of police being called to the scene, but rather the police being present at

5  each step of the plaintiff's eviction on *multiple occasions.* <u>Collins</u>, *supra*, 878 F.2d at

6  1154 (*citing* <u>Howerton v. Gabica</u> (1983) 708 F.2d 380)

7      Here, the facts as pled by Plaintiff establish that Wardak merely summoned police

8  on this one occasion. "[M]erely complaining to the police does not convert a private

9  party into a state actor. [Citations omitted.] Nor is execution by a private party of a

10  sworn complaint which forms the basis of an arrest enough to convert the private party's

11  acts into state action. [Citation omitted.]"  <u>Collins</u>, *supra*, 878 F.2d at 1155.

12      Plaintiff has cited to no case law, which has held that the issue of a §1983 claim

13  may not be properly disposed of by way of a Motion to Dismiss[1], especially when as

14  here, Plaintiff chose to plead specific facts which establish that Defendants did not act

15  under color of law.  Notably, the Complaint itself specifically identifies Officers Thoms

16  and Lunger as the only two individuals who committed the wrongful assault and battery

17  upon Plaintiff.  The pleaded facts are that Wardak summoned the police to handle a

18  trespassing issue, **not** that Wardak summoned the police to assault and batter Plaintiff.

19  Based upon Plaintiff's own pleaded facts, Wardak did **not** participate in the prohibited

20  conduct;  therefore any conclusory allegation that Wardak wilfully participated in the

21  state action is contradicted by Plaintiff's own pleaded facts.

22      Accordingly, Plaintiff's First and Third Causes of Action must fail.

23  / / /

24  / / /

25  / / /

26  ────────────────

27  [1]

   In fact, *see* <u>Allen v. City of Beverly Hills</u> (9th Cir.1990) 911 F.2d 367, wherein the court

28  dismissed Plaintiff's 42 U.S.C. §1983 claim by way of a FRCP 12 (b)(6) motion.

LAW OFFICES OF
PRINDLE, DECKER & AMARO LLP

JGM/DismissReply.wpd

## III.

## PLAINTIFF INACCURATELY INTERPRETS THE NECESSARY ELEMENTS FOR MALICIOUS PROSECUTION AND ABUSE OF PROCESS

Plaintiff does not deny that the Complaint alleges that Wardak made a citizens arrest solely for trespass, and that the criminal prosecution did not involve any charge for trespass. Instead, Plaintiff glosses over these facts, and argues that malicious prosecution and abuse of process causes of action apply to Defendants because the other charges for which Plaintiff was prosecuted occurred as a result of the officers attempt to arrest Plaintiff for the trespass. However, Plaintiff entirely misses the point! Regardless of whether the officers were initially there for a trespass complaint, the decision to charge Plaintiff with *other* crimes was **not** at the request of Wardak, but was rather the independent decisions of the police officers and the District Attorney's office as a result of interactions solely occurring between Plaintiff and the police officers. Defendants had absolutely no involvement in deciding whether Plaintiff was resisting arrest, publicly intoxicated or carrying a dirk or dagger.

The purpose behind causes of action for malicious prosecution and abuse of process is to ensure that people do not use the court system for improper motives or accuse innocent individuals of crimes for which they have been subsequently exonerated. *See* Brown v. Kennard (2001) 94 Cal.App.4th 40, 44; Jaffe v. Stone (1941) 18 Cal.2d 146, 150. Here, Defendants cannot be liable for malicious prosecution and abuse of process because the only criminal proceedings instituted against Plaintiff were for alleged crimes which *others* accused Plaintiff of committing. The Complaint is clear that Defendants did not accuse Plaintiff of the criminal charges he was exonerated from, and the criminal proceedings were for crimes of which Defendants had no part in deciding to pursue.

Accordingly, Plaintiff's Fifth and Sixth Causes of Action must fail.

/ / /

/ / /

LAW OFFICES OF
PRINDLE, DECKER & AMARO LLP

JGM/DismissReply.wpd

4

AMERICAN DISCOUNT SECURITY AND DAUD WARDAK'S REPLY TO PLAINTIFF'S
OPPOSITION TO MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

LAW OFFICES OF
PRINDLE, DECKER & AMARO LLP

## IV.

## PLAINTIFF'S NEGLIGENCE CAUSE OF ACTION
## IS BASED ON "DUTIES" DERIVED FROM CAUSES OF ACTION
## WHICH DO NOT APPLY TO DEFENDANTS

In Opposition to Defendant's Motion to Dismiss, Plaintiff merely refers to the "list" of duties outlined under his Seventh Cause of Action. A reading of the Complaint's Seventh Cause of Action reveals that Plaintiff is relying on his previous causes of action for alleged statutory violations, as well as his cause of action for malicious prosecution, to establish a "duty". However, based upon the foregoing arguments, Plaintiff does **not** have a claim for the statutory violations, nor for malicious prosecution. Accordingly, the Complaint fails to allege *any* viable duty on the part of ADS and Wardak.

## V.

## PLAINTIFF DOES NOT HAVE A VIABLE CAUSE OF ACTION FOR
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Plaintiff's conclusory allegation, accusing Defendants of intentional infliction of emotional distress, is also contradicted by the <u>specific facts *Plaintiff* chose to plead in his Complaint</u>. The Complaint states that Wardak summoned the police and provided a written statement that he was making a citizen's arrest of Plaintiff for trespass. The Complaint acknowledges that the Jack in the Box restaurant was closed for business and that Plaintiff and his friend remained on the premises, despite Wardak informing them the restaurant was closed. (*See* Complaint ¶¶ 20-22.)

Plaintiff argues in his Opposition that his counsel "was unable to locate any provision in the Penal Code where the crime of general trespass, as loosely described by Defendants in their moving papers, applied to commercial premises." (Plaintiff's Opposition, p. 8:23-25.) However, regardless of whether there is a Penal Code section or not, it is not "outrageous conduct" for a security guard, hired to maintain security of

AMERICAN DISCOUNT SECURITY AND DAUD WARDAK'S REPLY TO PLAINTIFF'S
OPPOSITION TO MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

JGM/DismissReply.wpd

the premises, to summon police for individuals who remain on the premises after being told that the business is closed.

## VI.

## PLAINTIFF'S ARGUMENT THAT DEFENDANTS INTERFERED WITH PLAINTIFF'S LEGAL RIGHTS BY MEANS OF VIOLENCE AND INTIMIDATION IS A BLATANT MISSTATEMENT IN LIGHT OF THE SPECIFIC FACTS PLED IN THE COMPLAINT

The Complaint is crystal clear that the only persons to use violence and intimidation against Plaintiff were Officers Thoms and Lunger. Plaintiff does not deny this. Instead, Plaintiff inappropriately attempts to impute the conduct of the officers to Defendants. Plaintiff has cited to no case law that allows a defendant to be liable under Civil Code, Section 52.1 for someone else's conduct. A clear reading of §52.1 establishes that the person who is liable is the person who has actually engaged in the violence, intimidation and coercion. (*See for example*, "If a civil penalty is requested, it shall be assessed individually against each person who is determined to have violated this section . . . ) Civil Code, Section 52.1(a).

The Complaint merely alleges that Wardak summoned the police. There are no facts that Wardak used any violence against Plaintiff, or ever threatened Plaintiff. Nor are there any facts that Wardak asked the officers to use violence[2] or threats of violence against Plaintiff.

/ / /

/ / /

---

[2] Incidentally, Plaintiff's citation to People v. Bamba (1997) 58 Cal.App.4th 1113, 1123 to support his assertion that "violence means the application of physical force" is a blatant misstatement and is misleading. (Plaintiff's Opposition, p. 9:9-10.) Bamba actually states: "In the context of [Penal Code] section 237 [which pertains to felony false imprisonment], 'violence' means 'the exercise of physical force used to restrain over and above the force reasonably necessary to effect such restraint.' " (Citations omitted.) Bamba, *supra*, at 1123. As such, Plaintiff's purported definition of "violence" does **not** apply to Section 52.1.

AMERICAN DISCOUNT SECURITY AND DAUD WARDAK'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

LAW OFFICES OF
PRINDLE, DECKER & AMARO LLP

JGM/DismissReply.wpd

## VII.

## **PLAINTIFF SHOULD NOT BE GRANTED LEAVE TO AMEND**

Leave to amend a complaint is not proper where amendment would be futile and/or the amendment is sought in bad faith. *See* Allen, *supra*, 911 F.2d at 373. Here, the specific facts pled by Plaintiff establish that Plaintiff does not have a viable claim against Defendants. This is not a case where Plaintiff has merely failed to plead all the necessary requirements for his causes of action. Rather, the facts contained in the complaint *negate* the possibility of any claim against Defendants. The only way Plaintiff could cure such "defect" would be to plead entirely *new facts* to *contradict* the facts he has already pleaded. If Plaintiff amended his complaint to simply *change* the facts to suit his claim against Defendants, irrespective of his belief in their truth, such conduct would be in bad faith.

## VIII.

## **CONCLUSION**

Based upon the foregoing, Defendants respectfully request that this court dismiss Plaintiff's First, Third, Fifth, Sixth, Seventh, Eighth and Ninth Causes of Action against ADS and Wardak without leave to amend.

DATED: February *14*, 2008        PRINDLE, DECKER & AMARO LLP


By:_____
JAMES G. MURRAY
Attorneys for Defendants
AMERICAN DISCOUNT SECURITY and
DAUD WARDAK aka DAVID WARDAK

7

JGM/DismissReply.wpd

1

**PROOF OF SERVICE**
*Kevin Walker v. City of Hayward, et al.*
*Case No. C07-06205 TEH*

2

3  STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

4      I am employed in the County of Los Angeles, State of California.   I am over the
age of eighteen (18) and am not a party to the within action; my business address is 310
5  Golden Shore, 4th Floor, Long Beach, California 90802.

6      On February 14, 2008, I caused the foregoing document to be served, described
as **AMERICAN DISCOUNT SECURITY AND DAUD WARDAK'S REPLY TO
7  PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FOR FAILURE TO
STATE A CLAIM** on all interested parties to this action, through the use of the website
8  maintained by USDC for electronic service:

9      SEE ATTACHED SERVICE LIST

10

11  ☒      **BY E-FILING:** By submitting an electronic version of the document. This
case has been ordered for Electronic Case Filing.

12  ☐      **BY OVERNIGHT COURIER:** I caused the above-referenced document(s)
to be delivered to _____ for delivery to the above
13  address(es).

14  ☐      **BY FAX:**  I caused the above-referenced document to be transmitted via
facsimile from Fax No. _____ to Fax Numbers listed on service
15  list_____. The facsimile machine I used
complies with Rule 2003(3) and no error was reported by the machine.
16  Pursuant to Rule 2005(1), I caused the machine to print a record of the
transmission, a copy of which is attached to this declaration.

17  ☐      **BY PERSONAL SERVICE:**  I caused such envelope to be delivered by
hand to the addressee(s).
18

19  ☐      [State]      I declare under penalty of perjury under the laws of the State of
California that the foregoing is true and correct.
20

21  ☒      [Federal]      I declare that I am employed in the office of a member of the bar
of this court at whose direction the service was made.

22

23      Executed on February 14, 2008, at Long Beach, California.

24

25                                        ALICE RUSA

26

27

28

1

2

*Kevin Walker v. City of Hayward, et al.*
*Case No. C07-06205 TEH*

3

4

SERVICE LIST

5    Jivaka Candappa, Esq.                              Attorneys for Plaintiff, Kevin Walker
     46 Shattuck Square, Suite 15
6    Berkeley, CA 94704                                 T: (510) 981-1808
                                                        F: (510) 981-1817
7    Randolph S. Hom                                    Attorneys for City of Hayward; Officer
     City Attorney's Office                             Art Thoms; Officer Scott Lunger;
8    777 "B" Street, 4th Floor                          Officer Zachary Hoyer
     Hayward, CA 94541
9                                                       T: (510) 583-4450
                                                        F: (510) 583-3660
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28