IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KEVIN WALKER,

                    Plaintiff,

          v.

CITY OF HAYWARD, et al.,

                    Defendants.

NO. C07-6205 TEH

ORDER GRANTING IN PART
AND DENYING IN PART MOTION
TO DISMISS BY DEFENDANTS
AMERICAN DISCOUNT
SECURITY AND WARDAK

        This matter comes before the Court on a motion to dismiss brought by Defendants
American Discount Security ("ADS") and Daud Wardak, also known as David Wardak.
After carefully reviewing the parties' written arguments, the allegations in the complaint, and
governing law, the Court concluded that oral argument was unnecessary and vacated the
March 3, 2008 hearing date.  For the reasons discussed below, the Court now GRANTS IN
PART and DENIES IN PART Defendants' motion.

**BACKGROUND**

        Plaintiff Kevin Walker alleges the following facts in the complaint:  On the night of
December 9, 2005, Walker and another African-American male visited a Jack in the Box
restaurant located in Hayward, California.  As Walker and his friend attempted to enter the
restaurant, Defendant Wardak, a security guard employed by Defendant ADS, told them that
the restaurant was closed.  Walker and his friend then attempted to obtain service by walking
up to the restaurant's drive-thru window, which remained open for business.  After being
refused service, they walked away from the window and waited for a ride.

        While they were waiting, Defendant Art Thoms and Scott Lunger, two police officers
employed by Defendant City of Hayward, allegedly used excessive force against Walker,
causing him to suffer "a lacerated chin, bloody nose and blurred vision."  Compl. ¶ 26.

1  Walker was handcuffed, arrested, and moved to a nearby patrol vehicle, allegedly being

2  battered by Thoms and Defendant Zachary Hoyer, another Hayward police officer, along the

3  way.  Walker was later taken to the Hayward jail, where he was held in custody until being

4  released on bail the following day.

5      Wardak "signed a written statement, apparently authored by Officer J. SNELL . . .,

6  stating that he summoned the police and was making citizen's arrests of Plaintiff . . . and [his

7  friend] for trespassing on *Jack in the Box* property."  *Id.* ¶ 28.  "In order to justify the

8  unprovoked attack on Plaintiff and his friend, the arresting officers falsely reported that

9  Plaintiff and his friend physically resisted the officers and attacked them."  *Id.* ¶ 29.

10      On or about December 12, 2005, Walker was charged with resisting a peace officer,

11  public intoxication, and carrying a dirk or dagger, in violation of California Penal Code

12  sections 69, 647(f), and 12020(a)(4), respectively.  He was not charged with trespassing.

13  Following a trial by jury, Walker was acquitted of all charges on or about June 15, 2007.

14      Walker filed this lawsuit on December 7, 2007, against Defendants City of Hayward;

15  Officers Thoms, Lunger, and Hoyer; and Wardak and ADS.  Now before the Court is a

16  motion to dismiss brought by Wardak and ADS, who seek dismissal of all claims brought

17  against them: (1) the first and third causes of action for violation of 42 U.S.C. § 1983; (2) the

18  fifth cause of action for malicious prosecution; (3) the sixth cause of action for abuse of

19  process; (4) the seventh cause of action for negligence, negligence per se, and negligent

20  infliction of emotional distress; (5) the eighth cause of action for intentional infliction of

21  emotional distress; and (6) the ninth cause of action for violation of California Civil Code

22  section 52.1.

23

24  **LEGAL STANDARD**

25      Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) when a

26  plaintiff's allegations fail "to state a claim upon which relief can be granted."  Fed. R. Civ. P.

27  12(b)(6).  In evaluating the sufficiency of a complaint's allegations, a court must assume the

28  facts alleged in the complaint to be true unless the allegations are controverted by exhibits

*United States District Court*
For the Northern District of California

2

United States District Court

For the Northern District of California

1  attached to the complaint, matters subject to judicial notice, or documents necessarily relied

2  on by the complaint and whose authenticity no party questions. *Lee v. City of Los Angeles*,

3  250 F.3d 668, 688-89 (9th Cir. 2001). In addition, a court need not "accept as true

4  allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable

5  inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended*

6  *on other grounds by* 275 F.3d 1187 (9th Cir. 2001). A court should not grant dismissal

7  unless the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible

8  on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Moreover,

9  dismissal should be with leave to amend unless it is clear that amendment could not possibly

10  cure the complaint's deficiencies. *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1296 (9th

11  Cir. 1998).

12

13  **DISCUSSION**

14  **I.      42 U.S.C. § 1983 Claims**

15          Defendants Wardak and ADS move to dismiss the claims against them under 42

16  U.S.C. § 1983 on grounds that Plaintiff has failed to allege that they acted under color of law.

17  *See* 42 U.S.C. § 1983 (applying to conduct by persons acting "under color of any statute,

18  ordinance, regulation, custom, or usage, of any State or Territory or the District of

19  Columbia"). In his opposition, Plaintiff relies on the joint action theory, under which a

20  private party may be held liable under § 1983 if he or she "is a willful participant in joint

21  action with the State or its agents." *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980). In

22  particular, Plaintiff relies heavily on his allegation that Wardak "was acting within the scope

23  of his employment, under color of law and acted in concert and/or conspired with Defendants

24  THOMS, LUNGER and HOYER in violating Plaintiff's rights under federal and state law."

25  Compl. ¶ 13.

26          However, a "bare allegation" of joint action is insufficient to survive a motion to

27  dismiss, and a plaintiff must instead allege "facts tending to show that [the private

28  defendants] acted under color of state law or authority." *Degrassi v. City of Glendora*, 207

3

1   F.3d 636, 647 (9th Cir. 2000) (citation and internal quotations omitted).  Plaintiff here has

2   failed to do so.  The Ninth Circuit has held that "merely complaining to the police does not

3   convert a private party into a state actor.  Nor is execution by a private party of a sworn

4   complaint which forms the basis of an arrest enough to convert the private party's acts into

5   state action."  *Collins v. Womancare*, 878 F.2d 1145, 1155 (9th Cir. 1989) (citations

6   omitted).  Thus, Plaintiff's allegation that Wardak signed a written statement that he was

7   making a citizen's arrest for trespassing is insufficient to allege state action on Wardak's

8   behalf.  Compl. ¶ 28.  Similarly, it is insufficient for Plaintiff to allege that the police officers

9   "wrongfully arrested Plaintiff on the basis of a false report" made by Wardak.  *Id.* ¶ 1.

10  Nowhere does the complaint allege that Plaintiff was ever arrested for or charged with

11  trespassing, nor does it allege that Wardak made any statements regarding the three charges

12  that were actually brought against Plaintiff.  Additionally, the complaint does not allege any

13  facts supporting a conspiracy between Wardak and the Defendant officers in the case;

14  Wardak is only alleged to have signed a statement prepared by Officer Snell, who is not

15  named as a defendant in this case and is not alleged to have participated in the alleged

16  unlawful use of force against Plaintiff.

17      Put simply, Plaintiff has failed to allege the "substantial degree of cooperative action"

18  required to allege § 1983 liability by a private actor under a joint action theory.  *Collins*, 878

19  F.2d at 1154.  The Court therefore GRANTS the motion to dismiss the § 1983 claims against

20  ADS and Wardak.

21

22  **II.    Malicious Prosecution Claim**

23      Malicious prosecution requires, among other elements, termination of a favorable

24  judicial proceeding "initiated by or at the direction of the defendant."  *Siebel v. Mittlesteadt*,

25  41 Cal. 4th 735, 740 (2007).  Plaintiff does not dispute that charges were brought against him

26  only for resisting arrest, public intoxication, and possession of a dirk or dagger, and that no

27  charges were brought against him for trespassing.  Plaintiff argues that Wardak and ADS are

28  nonetheless liable for malicious prosecution because Plaintiff would not have been charged

1    with resisting arrest if Wardak had not called the officers to the scene to complain of

2    trespassing.

3            However, Plaintiff cites no authority for the proposition that such a tenuous link

4    between a defendant's actions and the initiation of criminal proceedings can form the basis

5    for a malicious prosecution action.  While the facts in the complaint might support a claim

6    for malicious prosecution against Wardak if Plaintiff were actually charged with and

7    acquitted of trespassing, the allegations do not support the conclusion that the charges of

8    other crimes were "initiated by or at the direction of" Wardak.  Consequently, the Court

9    GRANTS the motion to dismiss the malicious prosecution claim against ADS and Wardak.

10

11   **III.    Abuse of Process Claim**

12           Abuse of process requires use of "the court's process for a purpose other than that for

13   which the process was designed" – i.e., "an act done in the name of the court and under its

14   authority for the purpose of perpetrating an injustice."  *Brown v. Kennard*, 94 Cal. App. 4th

15   40, 44 (2001) (citation omitted).  Plaintiff bases his abuse of process claim on both the

16   criminal proceedings and Wardak's citizen's arrest.

17           The claim based on the criminal proceedings fails for the reason discussed above: that

18   Plaintiff has cited no authority that such a tenuous connection between a defendant's alleged

19   actions and the alleged abuse of process can give rise to liability.  The claim based on

20   Wardak's citizen's arrest fails because Plaintiff fails to allege that any court "process" was

21   implicated by the citizen's arrest.  Accordingly, the Court GRANTS the motion to dismiss

22   the abuse of process claim against ADS and Wardak.

23

24   **IV.    Negligence Claim**

25           Plaintiff's negligence claim is based on the same allegations as his § 1983 and

26   malicious prosecution claims.  In particular, the duties that Plaintiff alleges were breached by

27   Wardak and ADS are the same as those allegedly giving rise to the § 1983 and malicious

28   prosecution claims – e.g., the duty to refrain from race discrimination – and Plaintiff has not

**United States District Court**
For the Northern District of California

5

United States District Court

For the Northern District of California

1  argued that the negligence claim is based on any duties independent of those forming the

2  basis of his other claims.  Because the Court has dismissed Plaintiff's § 1983, malicious

3  prosecution, and abuse of process claims against ADS and Wardak, the Court also GRANTS

4  the motion to dismiss Plaintiff's negligence claim against these Defendants.

5

6  **V.    Intentional Infliction of Emotional Distress Claim**

7          The elements of a claim for intentional infliction of emotional distress ("IIED") are:

8  "(1) extreme and outrageous conduct by the defendant with the intention of causing, or

9  reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's

10  suffering severe or extreme emotional distress; (3) and actual and proximate causation of the

11  emotional distress by the defendant's outrageous conduct."  *Cervantes v. J.C. Penney Co.*, 24

12  Cal. 3d 579, 593 (1979).  To satisfy the first criteria, conduct "must be so extreme as to

13  exceed all bounds of that usually tolerated in a civilized community."  *Id.*  Defendants argue

14  that this test is not satisfied where a security guard "summon[s] police for individuals who

15  remain on the premises after being told that the business is closed."  Reply at 6.

16          While Defendants may well prevail at summary judgment or trial, the Court cannot

17  dismiss Plaintiff's IIED claim at this stage of the proceedings.  Plaintiff's allegations are: that

18  he attempted to enter the restaurant, but Wardak told him that the restaurant was closed; that

19  he then unsuccessfully tried to obtain service through the drive-thru window; and that he

20  walked away from the window when he was refused service and waited for a ride.  Viewing

21  the allegations in a light most favorable to Plaintiff, it is possible that Wardak only advised

22  Plaintiff that the restaurant building (but not the drive-thru window) was closed and never

23  asked Plaintiff to leave the premises.  It is similarly possible that Plaintiff and his friend were

24  peacefully waiting for a ride that was on its way, and Wardak did not approach them again,

25  or find their conduct troubling in any way, after he advised them that the restaurant was

26  closed.  Thus, read in a light most favorable to Plaintiff, the allegations could support an

27  IIED claim; it is arguably not within the bounds of a civilized society for a security guard to

28  make a citizen's arrest when two individuals who, having been told a restaurant was closed

United States District Court

For the Northern District of California

1    and having been denied service at the drive-thru window, were simply waiting, without any

2    disorderly conduct, for a ride.  *See Cervantes*, 24 Cal. 3d at 593-94 (IIED claim may lie when

3    defendant makes an arrest "either with knowledge that plaintiff had not committed any

4    offense or with reckless disregard of whether he had or not").  Accordingly, the Court

5    DENIES the motion to dismiss Plaintiff's IIED claim against ADS and Wardak.

6

7    **VI.    California Civil Code Section 52.1 Claim**

8        California Civil Code section 52.1 prohibits interference or attempted interference "by

9    threats, intimidation, or coercion, with the exercise or enjoyment by any individual or

10   individuals of rights secured by the Constitution or laws of the United States, or of the rights

11   secured by the Constitution or laws of [California]" by any "person or persons, whether or

12   not acting under color of law."  Cal. Civ. Code § 52.1(a).  The complaint does not allege any

13   "threats, intimidation, or coercion" by Wardak or ADS, and Plaintiff cites no authority for

14   the proposition that a person may be vicariously liable under section 52.1 for threats,

15   intimidation, or coercion by others, such as the police officers who allegedly battered

16   Plaintiff in this case.  Consequently, the Court GRANTS the motion to dismiss Plaintiff's

17   claim against ADS and Wardak under California Civil Code section 52.1.

18

19   **CONCLUSION**

20       For the reasons discussed above, the Court GRANTS IN PART and DENIES IN

21   PART the motion to dismiss brought by Defendants ADS and Wardak.  The motion is

22   DENIED only as to Plaintiff's claim for intentional infliction of emotional distress and

23   GRANTED as to all other claims asserted against these two Defendants.

24       All dismissed claims are dismissed without prejudice because it is not clear that

25   Plaintiff would be unable to cure the deficiencies of the complaint's allegations if given leave

26   to amend.  Consequently, if Plaintiff believes he can cure the identified deficiencies, he shall

27   file an amended complaint on or before **April 4, 2008.**  Failure to file a timely amended

28   complaint shall result in dismissal with prejudice of the relevant claims.

1    IT IS FURTHER ORDERED that:

2    1.  The initial case management conference shall be continued from March 17, 2008,

3    to **April 21, 2008, at 1:30 PM.**  The parties shall meet and confer and file a joint case

4    management statement on or before **April 14, 2008.**

5    2.  The parties shall meet and confer and file a joint certification stipulating to an

6    ADR process or notice of need for an ADR phone conference on or before **March 24, 2008.**

7

8    **IT IS SO ORDERED.**

9

10   Dated:   03/04/08

11   THELTON E. HENDERSON, JUDGE
     UNITED STATES DISTRICT COURT

**United States District Court**
For the Northern District of California

8