1  JIVAKA CANDAPPA, (SBN 225919)
   46 Shattuck Square, # 15
2  Berkeley, CA 94704
   Telephone: (510) 981-1808
3  Facsimile: (510) 981-1817

4

5  Attorney for Plaintiff, KEVIN WALKER

6

7              UNITED STATES DISTRICT COURT

8        FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10 | KEVIN WALKER,                          | Case Number: C07-6205 TEH

11 |              Plaintiff

12 |                                         | **FIRST AMENDED COMPLAINT**
   |                                         | (42 U.S.C. § 1983)
13 |              vs.

14 | CITY OF HAYWARD; OFFICER ART            | **DEMAND FOR JURY TRIAL**
   | THOMS, OFFICER SCOTT LUNGER, and
15 | OFFICER ZACHARY HOYER, individually
   | and in their official capacities; AMERICAN
16 | DISCOUNT SECURITY; and DAUD
   | WARDAK aka DAVID WARDAK,
17 |
18 |              Defendants.

19

20

21        Plaintiff, KEVIN WALKER, by and through his counsel, hereby alleges as follows:

22                          **INTRODUCTION**

23        1.      On December 9, 2005, Plaintiff KEVIN WALKER and his friend, Jerry Walker,

24 both African-American males, were standing outside a *Jack in the Box* restaurant in Hayward

25 when they were detained, assaulted and arrested without lawful justification by officers of the

26 Hayward Police Department.  The police officers wrongfully arrested Plaintiff consequent to a

27 report and at the direction of a security guard employed by American Discount Security, the

28 company hired to provide security to *Jack in the Box*.

---

FIRST AMENDED COMPLAINT                           *Kevin Walker v. City of Hayward et al.*
                              -1-                    **CASE #: C07-6205 TEH**

1    2.    Plaintiff received serious injuries as a result of the police assault and required

2   medical attention.

3    3.    In order to justify their unprovoked attack on Plaintiff, the police officers falsely

4   reported that Plaintiff resisted arrest and attacked the officers.  Plaintiff was charged with three

5   misdemeanor crimes by the Alameda County District Attorney's Office as a result of the false

6   reports filed by the police officers and the security guard.

7    4.    Plaintiff steadfastly maintained his innocence, refused to accept a plea bargain,

8   and took his case to trial before a jury.  On or about June 15, 2007, Plaintiff was acquitted of all

9   charges by an Alameda County jury.

10    5.    To vindicate his rights and to prevent further violations against racial minorities,

11   Plaintiff brings this action pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth and Fourteenth

12   Amendments to the United States Constitution and the laws of the State of California.

13   **PARTIES**

14    6.    Plaintiff KEVIN WALKER is an African American male who currently

15   resides in Alameda County.

16    7.    Upon information and belief, Defendant CITY OF HAYWARD

17   ("HAYWARD") is a municipality organized and operating under the laws of the State of

18   California in the United States of America, and at all times material to this Complaint, was

19   the public employer of Defendants Officer ART THOMS (#428, TA5598), Officer SCOTT

20   LUNGER (#314, LS1916) and Officer ZACHARY HOYER (#HZ4215).  Upon information

21   and belief, Defendant HAYWARD was at all times material to this Complaint responsible for

22   the employment, training, supervision, and discipline of officers THOMS, LUNGER, and

23   HOYER.

24    8.    Upon information and belief, Defendant ART THOMS ("THOMS") sued here

25   in his individual and official capacities, is a resident of the State of California and is an

26   officer employed by the police department of the City of Hayward.  At all times material to

27   this Complaint, Defendant THOMS was acting under color of law to wit, under color of the

28   statutes, ordinances, regulations, policies, customs and usages of the State of California

---

**FIRST AMENDED COMPLAINT**                    *Kevin Walker v. City of Hayward et al.*

1 | and/or the City of Hayward, and as an employee of the City of Hayward.

2 |       9.     Upon information and belief, Defendant SCOTT LUNGER ("LUNGER")

3 | sued here in his individual and official capacities, is a resident of the State of California and is

4 | an officer employed by the police department of the City of Hayward.  At all times material

5 | to this Complaint, Defendant LUNGER was acting under color of law to wit, under color of

6 | the statutes, ordinances, regulations, policies, customs and usages of the State of California

7 | and/or the City of Hayward, and as an employee of the City of Hayward.

8 |       10.    Upon information and belief, Defendant ZACHARY HOYER ("HOYER")

9 | sued here in his individual and official capacities, is a resident of the State of California and is

10 | an officer employed by the police department of the City of Hayward.  At all times material

11 | to this Complaint, Defendant HOYER was acting under color of law to wit, under color of the

12 | statutes, ordinances, regulations, policies, customs and usages of the State of California

13 | and/or the City of Hayward, and as an employee of the City of Hayward.

14 |       11.    Upon information and belief, Defendant AMERICAN DISCOUNT

15 | SECURITY ("ADS") is a private entity organized and operating under the laws of the State

16 | of California and the employer of Defendant DAUD WARDAK aka DAVID WARDAK.

17 | Upon information and belief, Defendant ADS was at all times material to this Complaint

18 | responsible for the employment, training, supervision, and discipline of Defendant

19 | WARDAK.

20 |       12.    Upon information and belief, Defendant DAUD WARDAK aka DAVID

21 | WARDAK is a resident of the State of California, and at all times material to this Complaint

22 | was employed by Defendant ADS as a security guard.  At all times material to this

23 | Complaint, Defendant WARDAK was acting within the scope of his employment, under

24 | color of law and acted in concert and/or conspired with Defendants THOMS, LUNGER and

25 | HOYER in violating Plaintiff's rights under federal and state law.

26 |       13.    Plaintiff is informed and believes that at all relevant times, each Defendant,

27 | was the agent or employee of each of the other Defendants, and in perpetrating the wrongful

28 | conduct detailed in this Complaint, acted within the scope of such agency or employment, or

---

**FIRST AMENDED COMPLAINT**            *Kevin Walker v. City of Hayward et al.*
            **CASE #: C07-6205 TEH**

1  ratified the acts of the other.

2       14.    Plaintiff is informed and believes that each of the Defendants caused, and is

3  responsible for the below-described unlawful conduct and resulting injuries in that each of the

4  Defendants participated in the unlawful conduct or acted jointly with others who did so;

5  authorized, acquiesced in or set in motion actions that led to the unlawful conduct; failed to take

6  action to prevent the unlawful conduct; failed and refused with deliberate indifference to

7  Plaintiff's rights to initiate and maintain adequate training and supervision; failed to prevent

8  further harm to Plaintiff; and/or ratified the unlawful conduct and actions by employees and

9  agents under Defendants' direction and control, including failure to take remedial action.

10  **JURISDICTION AND VENUE**

11       15.    This Court has subject matter jurisdiction over the parties and this action

12  pursuant to 28 U.S.C. §§ 1331 and 1343.

13       16.    Pursuant to 42 U.S.C. § 1367(a), this Court has supplemental jurisdiction over

14  the state claims brought in this action, which arise from a common nucleus of operative facts

15  and from the same transactions and occurrences raised in Plaintiff's federal causes of action.

16       17.    Defendant HAYWARD is a public entity operating in the County of Alameda,

17  State of California. Defendant ADS is a private entity operating in the County of Alameda,

18  State of California. Defendant WARDAK is a resident of the County of Alameda, State of

19  California. And, a substantial part of the events giving rise to the claims alleged in this

20  Complaint arose in the County of Alameda. Venue therefore lies in United States District

21  Court for the Northern District of California pursuant to 28 U.S.C. §§ 84 and1391.

22  **INTRADISTRICT ASSIGNMENT**

23       18.    The claims alleged herein arose in the City of Hayward and County of Alameda.

24  This action is properly assigned to the Oakland or San Francisco Division of the United States

25  District Court for the Northern District of California pursuant to Civil Local Rule, 3-2(d).

26  **STATEMENT OF FACTS**

27       19.    In the nighttime hours of December 9, 2005, Plaintiff, Kevin Walker and his

28  friend, Jerry Walker, both African-American males, went to the *Jack in the Box* restaurant at

---

**FIRST AMENDED COMPLAINT**                  *Kevin Walker v. City of Hayward et al.*
              **CASE #: C07-6205 TEH**

1  1075 W. Tennyson Road in the City of Hayward, California.  As Plaintiff and Jerry Walker

2  were about to enter the restaurant, DAUD WARDAK, a security guard employed by Defendant

3  ADS, locked the door and prevented Plaintiff and Jerry Walker from entering the restaurant

4  despite the fact that he had allowed two other people to enter the restaurant just moments

5  before.  Defendant WARDAK advised Plaintiff and Jerry Walker that the restaurant was closed.

6  However, the restaurant drive-thru window was open for business at the time Plaintiff and Jerry

7  Walker were denied entry.  Plaintiff and Jerry Walker left the front entrance to the restaurant

8  and waited for their ride to arrive.

9          20.     As Plaintiff was waiting with Jerry Walker, Defendant WARDAK contacted the

10  Hayward Police Department and made a false report that three or four black males were causing

11  a disturbance in the parking lot of the *Jack in the Box* restaurant.

12          21.     Officers THOMS and LUNGER of the Special Duty Unit of the Hayward Police

13  Department were dispatched to *Jack in the Box*.  Plaintiff is informed and believes that the

14  Special Duty Unit of the Hayward Police Department is responsible for street level narcotics

15  detection and enforcement, and gang suppression.  Officer LUNGER was driving a dark,

16  unmarked vehicle with no exterior mounted emergency lights or siren.  Officer THOMS was

17  riding with Officer LUNGER in the front passenger seat.

18          22.     When Officer LUNGER and THOMS arrived on scene, Defendant WARDAK

19  directed the officers to Plaintiff KEVIN WALKER and Jerry Walker, and wanted the officers to

20  arrest them both for trespassing.  The officers did not conduct an independent investigation into

21  the matter.  The officers did not ask either Plaintiff or Jerry Walker why they were in the area

22  and did not advise them to leave the area.  Instead, the officers proceeded to arrest Plaintiff and

23  Jerry Walker without lawful justification at the behest of Defendant WARDAK.

24          23.     The officers assaulted and battered Plaintiff KEVIN WALKER and Jerry

25  Walker and arrested them without lawful justification.  One of the officers placed Plaintiff in an

26  arm lock and knocked him to the ground by forcefully executing a leg sweep.  The officers

27  punched Plaintiff in the face and pepper-sprayed him in the eyes.

28          24.     Plaintiff was handcuffed, arrested and moved to a nearby patrol vehicle by

---

**FIRST AMENDED COMPLAINT**                              *Kevin Walker v. City of Hayward et al.*
                                              -5-                    **CASE #: C07-6205 TEH**

1  Officer THOMS and Officer ZACHARY HOYER, who had arrived on the scene along with

2  Officer J. SNELL (#429, SJ9506).  Plaintiff was battered by Defendants THOMS and HOYER

3  as he was being taken to the patrol vehicle in handcuffs.  Plaintiff's physical injuries included a

4  lacerated chin, bloody nose and blurred vision.

5          25.      Plaintiff was transported to the Hayward Police Department Jail and booked on

6  charges of violating California Penal Code Section 69-Resisting a Peace Officer, Section

7  647(f)-Public Intoxication, and Section 12020(a)(4)-Carrying a Dirk or Dagger.  Plaintiff was

8  thereafter transported to St. Rose Hospital in Hayward for medical treatment.  Plaintiff was

9  returned to the Hayward Police Department Jail after receiving medical treatment.  Plaintiff was

10  held in custody until his release on bail the next day.

11          26.      In order to justify their unprovoked attack on Plaintiff and Jerry Walker, the

12  arresting officers falsely reported that Plaintiff and Jerry Walker resisted arrest and attacked

13  them.  Defendant WARDAK was identified as a witness in the incident reports authored by

14  Defendant police officers.

15          27.      After Plaintiff's arrest, Defendant WARDAK signed a written statement,

16  apparently authored by Officer J.SNELL, stating, inter alia, that he summoned the police and

17  arrested Plaintiff and Jerry Walker for trespassing on *Jack in the Box* property.  Defendant

18  WARDAK made numerous material misrepresentations in the citizen's arrest report statement

19  and conspired with the police officers in falsely accusing Plaintiff of trespassing and engaging

20  in criminal conduct.

21          28.      Plaintiff is informed and believes that Defendant HAYWARD POLICE

22  DEPARTMENT customarily, and without conducting an independent investigation, detains and

23  arrests subjects accused of trespassing or creating disturbances in the premises of *Jack in the*

24  *Box* located on Tennyson Road in Hayward on the basis of reports made by agents or

25  employees of *Jack in the Box* and/or Defendant ADS.  Plaintiff is informed and believes that

26  subjects arrested at *Jack in the Box* pursuant to such reports were customarily referred by the

27  Hayward Police Department to the Alameda County District Attorney's Office for prosecution.

28  And, the reporting party in such cases was identified as a percipient witness.

---

**FIRST AMENDED COMPLAINT**                              *Kevin Walker v. City of Hayward et al.*

1    29.    On or about December 12, 2005, the Alameda County District Attorney's Office

2    filed misdemeanor criminal charges against Plaintiff alleging violations of California Penal

3    Code Section 69-Resisting a Peace Officer, Section 647(f)-Public Intoxication, and Section

4    12020(a)(4)-Carrying a Dirk or Dagger.  The so-called dirk/dagger was a small box cutter

5    issued to Plaintiff by his employer with the employer's business information imprinted on it.

6    30.    Plaintiff was compelled to defend against the criminal charges that were filed on

7    the basis of Defendants' intentional misrepresentations.  Plaintiff refused to plea bargain his

8    case and invoked his right to a jury trial.

9    31.    Plaintiff's case was tried before a jury in Alameda County in or around June

10   2007.  Defendants THOMS and WARDAK testified on behalf of the prosecution.  On or about

11   June 15, 2007, the jury returned its verdict acquitting Plaintiff of all charges.

12                              **STATEMENT OF DAMAGES**

13   32.    As a direct and proximate result of Defendants' conduct, Plaintiff KEVIN

14   WALKER was unlawfully detained, searched, battered, arrested, imprisoned, subjected to

15   excessive force, and maliciously prosecuted.  As a result of Defendants' acts and omissions,

16   Plaintiff sustained physical injuries, pain and suffering, emotional distress, fear, humiliation,

17   anxiety, loss of physical liberty, loss of security, loss of wages, and attorney fees and costs.

18   33.    Defendants' acts and omissions were intentional, willful, malicious, reckless,

19   and in conscious disregard of Plaintiff's protected rights.  As such and to deter future similar

20   conduct by Defendants, Plaintiff is entitled to an award of punitive damages against

21   Defendants.

22   34.    Plaintiff is entitled to statutory damages and penalties pursuant to California

23   Civil Code sections 52(b) and 52.1(b); and attorney fees and costs pursuant to 42 U.S.C. section

24   1988 and California Civil Code sections 52(b) and 52.1(h), and other applicable statutes.

25                              **FIRST CAUSE OF ACTION**
                                    **42 U.S.C. §1983**
26                   **(Against Defendants THOMS, LUNGER, HOYER, and WARDAK)**

27   35.    Plaintiff incorporates by reference the allegations set forth above and below.

28   36.    Defendants THOMS, LUNGER, HOYER, and WARDAK acted under color of

---

**FIRST AMENDED COMPLAINT**                    *Kevin Walker v. City of Hayward et al.*

1  law, and conspired to deprive, and acting jointly and in concert with one another did deprive

2  Plaintiff of his constitutional rights, which include, but are not limited to, the following:

3         (a)     right to be free from unreasonable detentions, searches, and seizures;

4         (b)     right to be free from unlawful arrests, imprisonment, and malicious prosecution;

5         (c)     right to equal protection of the laws;

6         (d)     right to be free from race discrimination;

7         (e)     right not to be deprived of liberty without due process of law;

8         (f)     right to be free from excessive, unreasonable and unjustified force against his

9  person.

10        37.     The rights set forth above are embodied in clearly established constitutional law

11  pursuant to the Fourth and Fourteenth Amendments to the United States Constitution.

12        38.     As a result of Defendants' unlawful conduct as alleged herein, Plaintiff has

13  suffered, and will continue to suffer, the above stated damages in an amount according to proof,

14  including attorney fees and costs, to remedy the unlawful conduct.

15        WHEREFORE, Plaintiff prays for relief as set forth herein.

16                            **SECOND CAUSE OF ACTION**
                                   **42 U.S.C. § 1983**
17                        **(Against Defendant CITY OF HAYWARD)**

18        39.     Plaintiff incorporates by reference the allegations set forth above and below.

19        40.     Upon information and belief, the misconduct of Defendants THOMS, LUNGER,

20  and HOYER was pursuant to and made possible by the customs, policies, practices, and/or

21  procedures of the CITY OF HAYWARD, which include, but are not limited to, the following:

22        (a)     Engaging in, condoning, and/or failing to properly investigate or discipline racial

23  discrimination and other equal protection violations;

24        (b)     Engaging in, condoning, and/or failing to properly investigate or discipline

25  unreasonable detentions, searches, and seizures, use of excessive, unreasonable and unjustified

26  force, false arrests, false imprisonment, malicious prosecutions, abuse of process and due

27  process violations;

28

---

**FIRST AMENDED COMPLAINT**                    *Kevin Walker v. City of Hayward et al.*
                                    -8-                **CASE #: C07-6205 TEH**

1       (c)      Engaging in, condoning, and/or failing to properly investigate or discipline

2 officers who abuse the legal process by making false statements in police reports;

3       (d)      Inadequately training and supervising officers, and failing to adopt and/or

4 enforce policies and procedures for the proper hiring, training, and supervision of officers;

5       (e)      Inadequately investigating and failing to adopt and/or enforce rules, regulations,

6 policies, and procedures for the proper investigation of and response to citizen complaints about

7 officer misconduct.

8       41.      The rights set forth above are embodied in clearly established constitutional law

9 pursuant to the Fourth and Fourteenth Amendments to the United States Constitution.

10       42.      As a result of the policies and customs listed above, Defendants THOMS,

11 LUNGER, and HOYER believed that their actions would not be monitored, investigated, or

12 result in disciplinary action by their supervisors and would instead be tolerated and/or

13 condoned.

14       43.      The foregoing policies and customs constitute deliberate indifference on the part

15 of Defendant HAYWARD to Plaintiff's constitutional rights.

16       44.      As a result of Defendants' unlawful conduct as alleged herein, Plaintiff has

17 suffered, and will continue to suffer, the above stated damages in an amount according to proof,

18 including attorney fees and costs, to remedy the unlawful conduct.

19       WHEREFORE, Plaintiff prays for relief as set forth herein.

20 **THIRD CAUSE OF ACTION**
**42 U.S.C. § 1983**

21 **(Against Defendant AMERICAN DISCOUNT SECURITY)**

22       45.      Plaintiff incorporates by reference the allegations set forth above and below.

23       46.      Upon information and belief, the misconduct of Defendant WARDAK was

24 pursuant to and made possible by the customs, policies, practices, and/or procedures of ADS,

25 which include, but are not limited to, the following:

26       (a)      Engaging in, condoning, and/or failing to properly investigate or discipline equal

27 protection violations;

28

---

**FIRST AMENDED COMPLAINT**              *Kevin Walker v. City of Hayward et al.*

1          (b)      Engaging in, condoning, and/or failing to properly investigate or discipline due

2     process violations;

3          (c)      Engaging in, condoning, and/or failing to properly investigate or discipline

4     employees who abuse the legal process by making false statements;

5          (d)      Inadequately training, and supervising employees and failing to adopt and/or

6     enforce policies and procedures for the proper hiring, training, and supervision of employees.

7          47.      The rights set forth above are embodied in clearly established constitutional law

8     pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and the

9     laws of the State of California.

10         48.      As a result of the policies and customs listed above, Defendant WARDAK

11    believed that his actions would not be monitored, investigated, or result in disciplinary action

12    by his supervisors and would instead be approved, ratified, tolerated and/or condoned.

13         49.      The foregoing policies and customs constitute deliberate indifference on the part

14    of Defendant ADS to Plaintiff's rights under federal and state law.

15         50.      As a result of Defendants' unlawful conduct as alleged herein, Plaintiff has

16    suffered, and will continue to suffer, the above stated damages in an amount according to proof,

17    including attorney fees and costs, to remedy the unlawful conduct.

18         WHEREFORE, Plaintiff prays for relief as set forth herein.

19                              **FOURTH CAUSE OF ACTION**
                                     **42 U.S.C. § 2000d**
20                            **(Against Defendant CITY OF HAYWARD)**

21         51.      Plaintiff incorporates by reference the allegations set forth above and below.

22         52.      Defendant discriminated against Plaintiff in the provision of law enforcement

23    services on the basis of his actual and/or perceived race.

24         53.      On information and belief, Defendant HAYWARD receives federal financial

25    assistance to provide law enforcement services.

26         54.      As a result of Defendants' unlawful conduct as alleged herein, Plaintiff has

27    suffered, and will continue to suffer, the above stated damages in an amount according to proof,

28    including attorney fees and costs, to remedy the unlawful conduct.

---

**FIRST AMENDED COMPLAINT**                          *Kevin Walker v. City of Hayward et al.*

1    WHEREFORE, Plaintiff prays for relief as set forth herein.

2                          **FIFTH CAUSE OF ACTION**
                      **Negligence Per Se - Civil Code § 43**
3       **(Against Defendants WARDAK and AMERICAN DISCOUNT SECURITY)**

4        55.    Plaintiff incorporates by reference the allegations set forth above and below.

5        56.    Section 43 of the California Civil Code provides in pertinent part that every

6    person has the right of protection from bodily restraint or harm, from personal insult, and from

7    defamation.

8        57.    Defendants ADS and WARDAK had a legal duty to ensure that Plaintiff was not

9    subject to bodily restraint or harm without lawful justification.  By their acts and omissions,

10   Defendants breached legal duties owed to Plaintiff as set forth in California Civil Code section

11   43.  Further, it was reasonably foreseeable that such breaches of duty by Defendants would

12   cause Plaintiff physical and/or emotional harm.

13       58.    As a direct and proximate cause of Defendants' negligence, Plaintiff has

14   suffered, and will continue to suffer, the above stated damages in an amount according to proof,

15   including attorney fees and costs, to remedy the unlawful conduct.

16       WHEREFORE, Plaintiff prays for relief as set forth herein.

17                          **SIXTH CAUSE OF ACTION**
             **Negligence and Negligent Infliction of Emotional Distress**
18      **(Against Defendants WARDAK and AMERICAN DISCOUNT SECURITY)**

19       59.    Plaintiff incorporates by reference the allegations set forth above and below.

20       60.    At all relevant times, Defendants WARDAK and ADS owed Plaintiff the duty to

21   act with reasonable care to prevent injury to Plaintiff.  Defendants owed Plaintiff a legal duty

22   not to arrest him without lawful justification.  Defendants owed Plaintiff a legal duty not to

23   direct law enforcement personnel to seize Plaintiff without lawful justification.  Defendants also

24   owed Plaintiffs the legal duty to adequately train and supervise Defendants' employees, and

25   further, to adopt and/or enforce policies and procedures for the proper hiring, training, and

26   supervision of Defendants' employees.

27

28

---

**FIRST AMENDED COMPLAINT**                    *Kevin Walker v. City of Hayward et al.*
**CASE #: C07-6205 TEH**

1    61.    By their acts and omissions, Defendants breached each of the foregoing duties

2  owed to Plaintiff.  Further, it was reasonably foreseeable that such breaches of duty would

3  cause Plaintiff physical and/or emotional harm.

4    62.    As a direct and proximate cause of Defendants' negligence, Plaintiff has

5  suffered, and will continue to suffer, the above stated damages in an amount according to proof,

6  including attorney fees and costs, to remedy the unlawful conduct.

7    WHEREFORE, Plaintiff prays for relief as set forth below.

8    ### SEVENTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress
9  **(Against Defendants WARDAK and AMERICAN DISCOUNT SECURITY)**

10    63.    Plaintiff incorporates by reference the allegations set forth above and below.

11    64.    The conduct of Defendants was outrageous and directed at Plaintiff.

12  Defendants' conduct was intended to cause injury or was in reckless disregard of the

13  probability of causing injury to Plaintiff and did in fact cause Plaintiff serious emotional

14  distress.

15    65.    As a result of Defendants' unlawful conduct as alleged herein, Plaintiff has

16  suffered, and will continue to suffer, the above stated damages in an amount according to proof,

17  including attorney fees and costs, to remedy the unlawful conduct.

18    WHEREFORE, Plaintiff prays for relief as set forth below.

19    ### EIGHTH CAUSE OF ACTION
### Violation of California Civil Code § 51.7
20  **(Against Defendants WARDAK and AMERICAN DISCOUNT SECURITY))**

21    66.    Plaintiff incorporates by reference the allegations set forth above and below.

22    67.    Defendants violated Plaintiff's right to be free from violence or threat of

23  violence or intimidation by threat of violence on the basis of Plaintiff's race or color.

24    68.    As a result of Defendants' unlawful conduct as alleged herein, Plaintiff has

25  suffered, and will continue to suffer, the above stated damages in an amount according to proof,

26  including attorney fees and costs, to remedy the unlawful conduct.

27    WHEREFORE, Plaintiff prays for relief as set forth herein.

28  / . / . /

---

**FIRST AMENDED COMPLAINT**                    *Kevin Walker v. City of Hayward et al.*
**CASE #: C07-6205 TEH**

1

## NINTH CAUSE OF ACTION
### Violation of Civil Code § 52.1
### (Against Defendants WARDAK and AMERICAN DISCOUNT SECURITY)

2

3        69.    Plaintiff incorporates by reference the allegations set forth above and below.

4        70.    Defendants WARDAK and ADS violated Plaintiff's clearly established rights

5    under the United States and California Constitutions, which include, but are not limited to, the

6    following:

7        (a)    Fourth Amendment to the United States Constitution and Article I, Section 13 of

8    the California Constitution - right to be free from unreasonable detentions, searches, and

9    seizures;

10        (b)    Fourteenth Amendment to the United States Constitution and Article I, Section 7

11    of the California Constitution - right to due process and equal protection of the laws;

12        (c)    California Civil Code Section 43 - right of protection from bodily restraint or

13    harm, from personal insult and from defamation;

14        (d)    California Civil Code Section 51.7 - right to freedom from violence.

15        71.    Defendants acted jointly and pursuant to a customary plan in violating Plaintiff's

16    clearly established rights under United States and California law by threats, intimidation and

17    coercion.

18        72.    As a result of Defendants' unlawful conduct as alleged herein, Plaintiff has

19    suffered, and will continue to suffer, the above stated damages in an amount according to proof,

20    including attorney fees and costs, to remedy the unlawful conduct.

21        WHEREFORE, Plaintiff prays for relief as set forth below.

22                        **JURY TRIAL DEMAND**

23        73.    Plaintiff hereby requests a jury trial in this action.

24                        **RELIEF REQUESTED**

25        Wherefore, Plaintiff respectfully requests that this Court grant the following relief:

26        1.    Compensatory damages according to proof against all defendants;

27        2.    Special damages according to proof against all defendants;

28

---

**FIRST AMENDED COMPLAINT**                    *Kevin Walker v. City of Hayward et al.*
                               -13-                    **CASE #: C07-6205 TEH**

1          3.      Statutory damages and penalties pursuant to California Civil Code sections 52(b)

2    and 52.1(b);

3          4.      Punitive damages in an amount according to proof against all defendants;

4          5.      Attorney fees and costs pursuant to 42 U.S.C. section 1988;

5          6.      Attorney fees and costs pursuant to California Civil Code sections 52(b) and

6    52.1(h); and

7          7.      Such other relief as the Court finds just and proper.

8

9    DATED:  April 4, 2008

10                                                    /s/ Jivaka Candappa
                                          By:_____
11                                              Jivaka Candappa, Attorney
                                                for Plaintiff, KEVIN WALKER
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

**FIRST AMENDED COMPLAINT**                          *Kevin Walker v. City of Hayward et al.*
                                -14-                  **CASE #: C07-6205 TEH**