1  MICHAEL S. LAWSON (SBN 048172)
   City Attorney
2  RANDOLPH S. HOM (SBN 152833)
   Assistant City Attorney
3  CITY OF HAYWARD
   777 "B" Street
4  Hayward, California 94541
   Telephone: (510) 583-4450
5  Facsimile:  (510) 583-3660

6  Attorneys for Defendants City of Hayward,
   Art Thoms, Scott Lunger, and Zachary Hoyer
7
   JAMES G. MURRAY (SBN 120049)
8  Prindle Decker, & Amaro, LLP
   310 Golden Shore, Fourth Floor
9  P.O. Box 22711
   Long Beach, California 90801-5511
10 Telephone: (562) 436-3946
   Facsimile:   (562) 495-0564
11
   Attorneys for Defendants American Discount
12 Security and Daud Wardak

13 JIVAKA CANDAPPA (SBN 225919)
   46 Shattuck Square #15
14 Berkeley, California 94704
   Telephone: (510) 981-1808
15 Facsimile:  (510) 981-1817

16 Attorney for Plaintiff Kevin Walker

17
                    UNITED STATES DISTRICT COURT
18
                    NORTHERN DISTRICT OF CALIFORNIA
19
   KEVIN WALKER                              Case No:. C 07 06205 (TEH)
20
                        Plaintiff,           JOINT CASE MANAGEMENT
21                                           CONFERENCE STATEMENT
        -vs-
22                                           Date:       April 21, 2008
   CITY OF HAYWARD, OFFICER ART              Time:       1:30 p.m.
23 THOMS, OFFICER SCOTT LUNGER, and          Department: 12
   OFFICER ZACHARY HOYER, individually and
24 in their official capacities; AMERICAN
   DISCOUNT SECURITY, and DAUD
25 WARWDAK aka DAVID WARDAK,

26                      Defendants
                                          /
27

1.  Jurisdiction.

**Plaintiff**:

All named parties are purportedly subject to the Court's jurisdiction pursuant to Title 28 of the United States Code Sections 1331 and 1343.  There are no issues with respect to service on or personal jurisdiction over the named defendants.  Venue is not an issue. Plaintiff filed his First Amended Complaint on April 4, 2008. Defendants have not answered yet.

**ADS Defendants**:

See City Defendants, infra.

**City Defendants**:

All named parties are purportedly subject to the Court's jurisdiction pursuant to Title 28 of the United States Code Sections 1331 and 1343. Defendants City of Hayward ("City"), Art Thoms, Scott Lunger, and Zachary Hoyer (collectively "City defendants") filed a motion to dismiss all state claims. Pursuant to a stipulation and Court Order all state claims plead against City defendants were dismissed with prejudice. City defendants filed an answer in response to plaintiff's remaining federal claims.  Defendants American Discount Security and David Wardak (collectively "ADS defendants") filed a motion to dismiss all claims. The Court granted the motion in part, and denied it in part. The Court ordered plaintiff to file an amended complaint.

2.  Substance of Action.

**Plaintiff's Claim**:

In the nighttime hours of December 9, 2005, Plaintiff, Kevin Walker and his friend, Jerry Walker, both African-American males, went to the *Jack in the Box* restaurant at 1075 W. Tennyson Road in the City of Hayward, California.  Plaintiff and Jerry Walker were denied entry by Defendant Daud Wardak, a security guard.  The restaurant drive-thru window was open for business at the time Plaintiff and Jerry Walker were denied entry.  Plaintiff and Jerry Walker left the front entrance to the restaurant and waited for their ride to arrive.

As Plaintiff was waiting with Jerry Walker, Defendant Wardak contacted the Hayward

Police Department and made a false report that three or four black males were causing a disturbance in the parking lot of the Jack in the Box restaurant. Officers Thoms and Lunger of the Special Duty Unit of the Hayward Police Department responded.

When Officers Lunger and Thoms arrived on scene, Defendant Wardak directed the officers to Plaintiff and Jerry Walker, and wanted the officers to arrest them both for trespassing. The officers did not conduct an independent investigation into the matter. The officers did not ask either Plaintiff or Jerry Walker why they were in the area and did not advise them to leave the area. Instead, the officers arrested Plaintiff and Jerry Walker. The officers assaulted and battered Plaintiff. Plaintiff was taken to St. Rose Hospital in Hayward for medical treatment after he was booked at the Hayward Police Department jail.

After Plaintiff's arrest, Defendant Wardak signed a written statement, apparently authored by Officer Snell, stating, inter alia, that he summoned the police and arrested Plaintiff and Jerry Walker for trespassing on Jack in the Box property. Defendant Wardak was identified as a witness in the incident reports authored by Defendant police officers.

On or about December 12, 2005, the Alameda County District Attorney's Office filed misdemeanor criminal charges against Plaintiff alleging violations of California Penal Code Section 69 - Resisting a Peace Officer, Section 647(f)-Public Intoxication, and Section 12020(a)(4)-Carrying a Dirk or Dagger. The so-called dirk/dagger was a small box cutter issued to Plaintiff by his employer with the employer's business information imprinted on it. Plaintiff's case was tried before a jury in Alameda County in or around June 2007. Defendants Thoms and Wardak testified on behalf of the prosecution. On or about June 15, 2007, the jury returned its verdict acquitting Plaintiff of all charges.

**ADS Defendants' Claim**:

Jack-in-the-Box usually closes its restaurant at 10:00 p.m., leaving only the drive-through window, designated solely for motor vehicle traffic, open. On December 9, 2005, at

approximately 11:00 p.m., ADS' employee, Daud Wardak ("Wardak"), was patrolling the Jack-in-the-Box premises. Kevin Walker ("Kevin") and Jerry Walker ("Jerry") attempted to enter the restaurant despite the restaurant being closed. Wardak informed Kevin and Jerry that the restaurant was closed. However, Kevin and Jerry continued to knock on the windows and curse at/verbally abuse Wardak and the Jack-in-the-Box manager inside. The Jack-in-the-Box manager, Sherry (last name unknown at this time) instructed Wardak to call the police. Once the police officers arrived, and Kevin and Jerry continued to remain on the premises, Wardak informed the police officers of the situation. Wardak had no other interaction with Kevin and Jerry. ADS and Wardak did not have any involvement in charging Kevin with resisting a peace officer, public intoxication and carrying a dirk or dagger. Wardak's only complaint was that Kevin and Jerry were trespassing on Jack-in-the Box's premises after restaurant business hours.

**City Defendants' Claim**:

On December 9, 2005, at approximately 11 p.m., Kevin Walker ("Kevin") and Jerry Walker ("Jerry") trespassed at a Jack-in-the-Box, which was closed to pedestrian business. After Kevin was repeatedly directed to leave the premises by American Discount Security ("ADS") personnel, Kevin banged on the windows of the location, verbally abused Security personnel, and attempted to place an order from the drive-in window. Security personnel contacted the Hayward Police Department ("HPD") for a response. HPD officers attempted to detain the Walkers for investigation. The Walkers failed to comply with officer commands. Kevin refused to take his hand out of his pants pocket. Kevin physically resisted efforts to detain him. HPD officers used reasonable force to overcome Kevin physical resistance. Ultimately, Security personnel effected a citizen's arrest for trespass. HPD located an open box cutter in Kevin's pants pocket. HPD

charged Kevin with resisting arrest, and possession of a dirk or dagger, <u>inter alia</u>.  Jerry plead to the trespass charge. On June 2007, Kevin was acquitted at jury trial.

City defendants assert that the involved officers utilized reasonable force in their self-defense and to effectuate the detention and arrest of Walker. Moreover, defendants further assert that they are entitled to qualified immunity, <u>inter alia</u>.

3.   Identification of Issues.

**Plaintiff**:   Plaintiff claims that Defendants violated his civil rights pursuant to 42 U.S.C. § 1983 and that section 1983 liability extends to Defendants ADS and Wardak (collectively "ADS defendants") under a joint action theory.  Plaintiff contends that defendants did not have legal justification to detain or arrest him and defendants used excessive force in arresting him.  Plaintiff has also asserted numerous pendent state law causes of action against ADS Defendants.

**ADS Defendants**:   The principal issues in dispute are:

    a.   Whether Wardak was acting under "color of law".

    b.   Whether the decision to prosecute Kevin for resisting a peace officer, public intoxication and carrying a dirk and dagger can be attributed to Wardak and ADS , for purposes of Plaintiff's malicious prosecution and abuse of process claims.

    c.   Whether Wardak's conduct in summoning the police under the circumstances was reasonable.

    d.   Whether Wardak's actions can be considered "threats, intimidation or coercion", to constitute a claim under <u>Civil Code</u>, Section 52.1.

  e. Whether Plaintiff is entitled to punitive damages.

  f. Whether Wardak's actions can be considered a violation of Civil Code, Section 43.

  g. Whether Warkak or ADS committed any acts of violence or threats of violence against Plaintiff, in violation of Civil Code, Section 51.7.

**City Defendants**: The principal issues in dispute are the following: whether probable cause existed for the arrest; whether the force used by the defendant police officers was reasonable; whether defendant police officers are entitled to qualified immunity; whether plaintiff's damages were caused by City defendants' action; whether plaintiff is entitled to an award of punitive damages.

4. Narrowing of Issues.

**ADS Defendants**: Same as above.

**City Defendants**: That probable cause existed for the arrest; that the force used by the defendant police officers, if any, was reasonable; that defendant police officers are entitled to qualified immunity; that plaintiff's damages were caused by City defendants' action; that plaintiff is entitled to an award of punitive damages.

5. Motions

**Plaintiff**: ADS defendants have not filed an answer as yet.

**ADS Defendants**: ADS defendants filed a motion to dismiss all claims against them. The Court granted Defendant's motion in part and denied it in part. Defendant ADS has not filed an answer as yet. Motion for Summary Judgment/Summary Adjudication of issues above.

**City Defendants**:     Absent agreement, dispositive motion re above.

6.     Relief.  Plaintiff prays for the following damages according to proof: general damages, special damages, punitive damages, statutory damages, and penalties.

7.     Evidence Preservation/Disclosures/Discovery.

**Plaintiff**: Plaintiff believes that the surveillance cameras installed in the premises of Jack in the Box at the time of the incident may have recorded the encounter between Plaintiff and defendants.  Plaintiff also believes that HPD may be in possession of evidence seized from Plaintiff and evidence developed thereafter for purposes of Plaintiff's criminal prosecution. Additionally, Plaintiff is informed and believes that there are numerous documents, including dispatch tapes and logs, and electronic and paper documents relevant to Plaintiff's case or likely to lead to the discovery of relevant evidence in the custody and control of defendants.

**a. Disclosures.**  The parties plan to comply with the Court imposed deadline for initial disclosures.

**b. Discovery.**  Discovery has not commenced as yet.  The parties anticipate conducting discovery as per the protocol defined in the FRCP.  Given the number of Defendants in the lawsuit, Plaintiff anticipates taking a total of twenty five (25) depositions.  The parties also anticipate serving written discovery including but not limited to interrogatories, request for production of documents, request for admissions, and subpoena duces tecum prior to the discovery cut-off date.  The deadline for expert witness discovery will be as set forth in FRCP Rule 26.

**ADS Defendants**:     See City defendants, infra.

**City Defendants**:     Defendants plan to comply with the Court imposed deadline for initial disclosures. Defendants anticipate conducting discovery as per the protocol defined in the FRCP including taking the depositions of all parties, and third party witnesses. In the event that

the number of witnesses to be deposed exceeds the maximum under the FRCP, defendants shall seek relief from the Court. In this regard, if the Court grants plaintiff leave to conduct depositions in excess of the FRCP protocol, in the interests of fairness, defendants respectfully request that they also be granted similar leave to conduct depositions in excess of the FRCP. Defendants also anticipate serving written discovery including but not limited to interrogatories, request for production of documents, request for admissions, and subpoena duces tecum prior to the non-expert discovery cut-off date. Defendants anticipate that initial disclosures shall be made on or before the initial case management conference.

8. ADR. The parties stipulated to early mediation pursuant to the Court's ADR program.

9. Trial. The parties anticipate a ten-day trial, including jury selection.

10. Related Cases. None.

11. Proposed Schedule:

**Plaintiff:** Plaintiff proposed that a discovery schedule be established after the parties early mediation, which will be conducted within the next 90 days.

**ADS Defendants**: ADS defendants propose that this matter be reset for a further case management conference 120 days after the court issues an Order in relation to ADS defendants' Motion to Dismiss.

**City Defendants**: It is premature to set a schedule until such time that the ADS defendants file an answer. In order to minimize the costs and attorneys fees associated with discovery, and to maximize settlement authority, at the outset, City defendants prefer to mediate the dispute. In the interests of judicial economy, City defendants propose that this matter be reset for further case management conference 120 days after ADS defendants file an answer to plaintiff's amended complaint which will allow the parties to complete the mediation process in

the interim.

12.     Disclosure of Non-party Interested Entities or Persons. Plaintiff filed his required disclosure pursuant to Civil Local Rule 3-16 on March 3, 2008. Pursuant to Civil Local Rule 3-16, Plaintiff certifies that as of this date, other than the named parties, there is no such interest to report. City defendants are exempt from filing the Disclosure of Non-party Interested Entities or Persons pursuant to Local Rule 3-16.

DATED: April 11, 2008        LAW OFFICES OF JIVAKA CANDAPPA

By:     /s/_____
        JIVAKA CANDAPPA
        Attorney for Plaintiff Kevin Walker

DATED: April 11, 2008        PRINDLE, DECKER, & AMARO LLP

By:     /s/_____
        JAMES G. MURRAY
        Attorney for American Discount Security
        and Daud Wardak

DATED: April 11, 2008        MICHAEL S. LAWSON, City Attorney

By:     /s/_____

        RANDOLPH S. HOM,
        Assistant City Attorney
        Attorneys for Defendants City of Hayward,
        Art Thoms, Scott Lunger, and Zachary
        Hoyer