1  **PRINDLE, DECKER & AMARO LLP**
James G. Murray, Esq. (Bar No. 120049)
2  310 Golden Shore, Fourth Floor
P.O. Box 22711
3  Long Beach, CA 90801-5511
Tel. No.: (562) 436-3946
4  Fax No.: (562) 495-0564
ADSS-0001
5
Attorneys for Defendants
6  **AMERICAN DISCOUNT SECURITY and**
**DAUD WARDAK aka DAVID WARDAK**
7

8  UNITED STATES DISTRICT COURT

9  NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO)

10

11  KEVIN WALKER,                          ) CASE NO. C07-06205 TEH
                                           ) Assigned to Hon. Thelton E. Henderson
12        Plaintiff,                       )
                                           ) **NOTICE OF MOTION AND**
13  v.                                     ) **MOTION TO DISMISS FIRST**
                                           ) **AMENDED COMPLAINT,**
14  CITY OF HAYWARD; OFFICER ART           ) **PRESENTING DEFENSE OF**
    THOMS, OFFICER SCOTT LUNGER,           ) **FAILURE TO STATE A CLAIM;**
15  and OFFICER ZACHARY HOYER,             ) **MEMORANDUM OF POINTS AND**
    individually and in their official     ) **AUTHORITIES IN SUPPORT**
16  capacities; AMERICAN DISCOUNT          ) **THEREOF; AND [PROPOSED]**
    SECURITY; and DAUD WARDAK aka          ) **ORDER**
17  DAVID WARDAK,                          )
                                           ) Date   :  June 9, 2008
18        Defendants.                      ) Time   :  10:00 a.m.
                                           ) Ctrm   :  12
19  ─────────────────────────────────     )

20
                                           First Amended
21                                           Complaint Filed : April 4, 2008
                                           Discovery Cut-off : None
22                                           Motion Cut-off  : None
                                           Trial Date      : None
23

24      **TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

25      **PLEASE TAKE NOTICE** that Defendants, AMERICAN DISCOUNT

26  SECURITY; AND DAUD WARDAK aka DAVID WARDAK  (collectively as

27  "Defendants", "ADS" and "Wardak", respectively), will and hereby do bring a Motion

28

JGM/Dismiss2.wpd

**MOTION TO DISMISS FIRST AMENDED COMPLAINT**

*LAW OFFICES OF*
**PRINDLE, DECKER & AMARO LLP**

to Dismiss First Amended Complaint set for hearing before this Court in **Courtroom "12", on June 9, 2008 at 10:00 a.m.,** or as soon thereafter as counsel can be heard.

Defendants move the Court to dismiss the following causes of action from Plaintiff's First Amended Complaint, pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6):

## FIRST CAUSE OF ACTION

1.    The First Cause of Action fails to state a claim for violation of Plaintiff's constitutional rights under 42 U.S. C. §1983 by Wardak.

## THIRD CAUSE OF ACTION

2.    The Third Cause of Action fails to state a claim for violation of Plaintiff's constitutional rights under 42 U.S. C. §1983 by ADS.

## FIFTH CAUSE OF ACTION

3.    The Fifth Cause of Action fails to state a claim for negligence per se against Defendants.

## SIXTH CAUSE OF ACTION

4.    The Sixth Cause of Action fails to state a claim for negligence and negligent infliction of emotional distress against Defendants.

## SEVENTH CAUSE OF ACTION

5.    The Seventh Cause of Action fails to state a claim for intentional infliction of emotional distress against Defendants.

## EIGHTH CAUSE OF ACTION

6.    The Eighth Cause of Action fails to state a claim for violation of Civil Code, §51.7 against Defendants.

## NINTH CAUSE OF ACTION

7.    The Ninth Cause of Action fails to state a claim for violation of Civil Code §52.1 by Defendants.

/ / /

L A W   O F F I C E S   O F
PRINDLE, DECKER & AMARO LLP

JGM/Dismiss2.wpd

**MOTION TO DISMISS FIRST AMENDED COMPLAINT**

1    **WHEREFORE**, Defendants pray that this Motion to Dismiss be sustained as to

2    each cause of action mentioned herein, and for other and further relief as this Court may

3    deem just and proper.

4

5    DATED:  April *16*, 2008          PRINDLE, DECKER & AMARO LLP

6

7                                      By:_____

8                                          JAMES G. MURRAY
                                           Attorneys for Defendants
9                                          AMERICAN DISCOUNT SECURITY and
                                           DAUD WARDAK aka DAVID WARDAK

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JGM/Dismiss2.wpd          **MOTION TO DISMISS FIRST AMENDED COMPLAINT**

LAW OFFICES OF
PRINDLE, DECKER & AMARO LLP

1

## TABLE OF CONTENTS

2  Memorandum of Points and Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

3  I.     INTRODUCTION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

4  II.    THE FIRST AND THIRD CAUSES OF ACTION
        FOR VIOLATION OF 42 U.S.C. §1983 FAIL TO
5       ALLEGE FACTS TO SUPPORT PLAINTIFF'S
        CLAIMS AGAINST ADS AND WARDAK . . . . . . . . . . . . . . . . . . . . . 4

6

7  III.   THE FIFTH CAUSE OF ACTION FOR
        NEGLIGENCE PER SE FAILS TO ALLEGE
        FACTS TO SUPPORT PLAINTIFF'S CLAIM
8       AGAINST ADS AND WARDAK . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

9  IV.    THE SIXTH CAUSE OF ACTION FOR
        NEGLIGENCE AND NEGLIGENT INFLICTION
10       OF EMOTIONAL DISTRESS FAILS TO ALLEGE
        FACTS TO SUPPORT PLAINTIFF'S CLAIM
11       AGAINST ADS AND WARDAK . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

12  V.     THE SEVENTH CAUSE OF ACTION FOR
        INTENTIONAL INFLICTION OF EMOTIONAL
13       DISTRESS FAILS TO ALLEGE FACTS TO SUPPORT
        PLAINTIFF'S CLAIM AGAINST ADS AND WARDAK . . . . . . . . . 9

14

15  VI.    THE EIGHTH CAUSE OF ACTION FOR VIOLATION
        OF CIVIL CODE §51.7 FAILS TO ALLEGE FACTS
16       TO SUPPORT PLAINTIFF'S CLAIM AGAINST ADS
        AND WARDAK . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

17  VII.   THE NINTH CAUSE OF ACTION FOR VIOLATION
        OF CIVIL CODE §52.1 FAILS TO ALLEGE FACTS
18       TO SUPPORT PLAINTIFF'S CLAIM AGAINST ADS
        AND WARDAK . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

19

20  VIII.  CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

21

22

23

24

25

26

27

28

LAW OFFICES OF
PRINDLE, DECKER & AMARO LLP

/GM/Dismiss2.wpd

## MOTION TO DISMISS FIRST AMENDED COMPLAINT

# TABLE OF AUTHORITIES

## *CASES*                                                                    *PAGES*

Monell v. Department of Social Services
    436 U.S. 658 (1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Collins v. Womancare
    (1989) 878 F.2d 1145 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

Rivera v. Green
    (9th Cir. 1985) 775 F.2d 1381 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Sims v. Jefferson Downs Racing Association
    (5th Cir. 1985) 778 F.2d 1068 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Carey v. Continental Airlines, Inc.
    (10th Cir. 1987) 823 F.2d 1402 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Lee v. Town of Estes Park
    (10th Cir. 1987) 820 F.2d 1112 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Capolungo v. Bondi
    (1986) 179 Cal.App.3d 346, 349-350 . . . . . . . . . . . . . . . . . . . . . . . . . 7

Paz v. State of California
    (2000) 22 Cal.4th 550, 559 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Trerice v. Blue Cross of America
    (1989) 209 Cal.App.3d 878, 883 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Stamps v. Superior Court
    (2006) 136 Cal.App.4th 1441, 1447-1448 . . . . . . . . . . . . . . . . . . . . . . 10


## *STATUTES*

42 U.S.C. §1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 7

Civil Code, Section 52.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 10

Civil Code, Section 51.7 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 10

California Evidence Code, Section 669 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Civil Code, Section 43 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

LAW OFFICES OF
PRINDLE, DECKER & AMARO LLP

JGM/Dismiss2.wpd

**MOTION TO DISMISS FIRST AMENDED COMPLAINT**

LAW OFFICES OF
PRINDLE, DECKER & AMARO LLP

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Plaintiff filed a First Amended Complaint on April 4, 2008 after the court sustained Defendants' Motion to Dismiss certain causes of action in Plaintiff's initial Complaint. As part of his First Amended Complaint, Plaintiff reasserts his 42 U.S.C. §1983 claim against Defendants, as well as his negligence per se, negligent and intentional infliction of emotional distress and <u>Civil Code</u>, Section 52.1 claims. Plaintiff also added a new cause of action, violation of <u>Civil Code</u>, Section 51.7.

However, the allegations contained in Plaintiff's First Amended Complaint still do not support the claims he asserts against Defendants. While the First Amended Complaint provides more detail as to the Hayward Police Department (*see* First Amended Complaint, ¶¶21 and 28), the First Amended Complaint does not cure the deficiencies initially present in Plaintiff's initial Complaint and upon which this court dismissed Plaintiff's causes of action against these moving Defendants. The allegations made against Wardak and ADS are vague and conclusory, asserted solely to avoid another dismissal of the causes of action.

The damages arising out of the First Amended Complaint are based upon the *one time encounter* Plaintiff had with Wardak and Hayward Police Department officers. The facts again alleged in the First Amended Complaint establish that Wardak merely complained about Plaintiff trespassing on the *Jack in the Box* property. Hayward Police Department officers allegedly perpetrated all other conduct.

## II.

## THE FIRST AND THIRD CAUSES OF ACTION FOR VIOLATION OF 42 U.S.C. §1983 FAIL TO ALLEGE FACTS TO SUPPORT PLAINTIFF'S CLAIMS AGAINST ADS AND WARDAK

A review of Plaintiff's First Amended Complaint reveals that Plaintiff's allegation of federal civil rights violations under 42 U.S.C. 1983 (hereinafter "section 1983") rest

4

solely on Plaintiff's belief that he was deprived of rights, privileges or immunities entitled to him under the laws of the United States. However, Plaintiff alleges no specific facts which demonstrate that Defendants acted under color of law, which is required to constitute this cause of action.

In order to sustain a cause of action under section 1983, Plaintiff must demonstrate that the Defendant was acting under color of state law. Section 1983 provides in pertinent part that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . 42 U.S.C. Section 1983.

Acts are done under color of law when a person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation. *See* Monell v. Department of Social Services, 436 U.S. 658 (1978).

Numerous cases have dealt with the issue of what actions are under color of law for purposes of Section 1983 liability.[1] In Collins v. Womancare, the Ninth Circuit addressed this issue. Collins v. Womancare (1989) 878 F.2d 1145. In that case, defendant abortion clinic employees effected a citizen's arrest of plaintiffs who were

---

[1]

  See Rivera v. Green (9th Cir. 1985) 775 F.2d 1381 (finding that merely complaining to the police does not convert a private party into a state actor); see also   Sims v. Jefferson Downs Racing Association (5th Cir. 1985) 778 F.2d 1068 (holding that execution by a private party of a sworn complaint which forms the basis of an arrest is not enough to convert the private party's acts into state action); Carey v. Continental Airlines, Inc. (10th Cir. 1987) 823 F.2d 1402 (reasoning that airport managers complaining about plaintiff presence to a police officer who, acting within the scope of his statutory duties, arrested plaintiff after questioning him, does not, without more, constitute state action for which defendant can be held responsible); Lee v. Town of Estes Park (10th Cir. 1987) 820 F.2d 1112 (concluding that the private party effecting the citizen's arrest, transporting the plaintiff to the police station, attempting to persuade the police to file charges, and swearing out a complaint against the arrested party did not constitute joint action).

LAW OFFICES OF
PRINDLE, DECKER & AMARO LLP

JGM/Dismiss2.wpd

**MOTION TO DISMISS FIRST AMENDED COMPLAINT**

1    picketing defendant clinic in violation of an injunction. Id. at 1146. The police then

2    issued misdemeanor citations which were ultimately dismissed. Id. Consequently,

3    plaintiffs alleged deprivation of their constitutional rights, as well as malicious

4    prosecution. Id. The Court stated that "[t]o prove a violation of section 1983, [plaintiffs]

5    must demonstrate that [defendant] (1) deprived them of a right secured by the

6    Constitution, and (2) acted under color of state law." Id. at 1147.

7        Although the defendant itself had actually effectuated the arrest of the plaintiffs,

8    the Court still found that the citizen's arrest did not constitute action under color of state

9    law sufficient to support the section 1983 cause of action. Id. at 1150. In fact, the Court

10   cited all five of the previous federal decisions on point, noting that all five which had

11   considered whether a citizen's arrest can form the basis of liability under section 1983

12   had resolved this issue by concluding that it did not constitute action under color of state

13   law. Id. In its explanation, the Court reasoned that "for conduct of *private parties* to be

14   under color of state law, it must be fairly attributable to the State." Id. at 1151 (citation

15   omitted).    In further analysis, the Collins Court discussed a joint action inquiry which

16   focuses on "whether the state has 'so far insinuated itself into a position of

17   interdependence with [the private entity] that it must be recognized as a joint participant

18   in the challenged activity'. . . Joint action therefore requires substantial degree of

19   cooperative action." Id. at 1154 (citation omitted).

20       In the case at bar, all that is alleged against Defendants is that Wardak summoned

21   the police and provided a written statement that he was making a citizen's arrest of

22   Plaintiff. Wardak's actions constituted nothing more than the citizen's arrests at issue

23   in Collins, *supra*, and therefore cannot qualify as actions under "color of state law".

24       Although Plaintiff makes the conclusory allegation that Wardak and the officers

25   "conspired" together in falsely accusing Plaintiff of trespassing and engaging in criminal

26   conduct (First Amended Complaint, ¶27), the specific facts asserted in the First

27   Amended Complaint contradict this conclusory allegation. Specifically, the First

28   Amended Complaint contends that Wardak summoned the police on his own, and

LAW OFFICES OF
PRINDLE, DECKER & AMARO LLP

6

**MOTION TO DISMISS FIRST AMENDED COMPLAINT**

informed the officers that he wanted to arrest Plaintiff for trespassing. (First Amended Complaint, ¶22).   The First Amended Complaint *never* alleges that Wardak told the police officers how to effectuate the arrest, or that Wardak told the police officers to allegedly beat and assault Plaintiff without provocation.  Moreover, the First Amended Complaint is clear that the *police officers* were the ones who allegedly falsely reported that Plaintiff resisted arrest and attacked the police officers.  (First Amended Complaint, ¶26) Although the First Amended Complaint alleges that the officers named Wardak as a "witness", the First Amended Complaint *never* states that Wardak personally corroborated the police officers' allegedly false report.  According to the First Amended Complaint, *Wardak's* written report pertained solely to Wardak summoning the police for a trespassing issue.  (First Amended Complaint, ¶27) Whatever may or may not have transpired between Plaintiff and the Hayward Police Department officers was a *separate* incident of which Wardak and ADS had no part.  As such, 42 U.S.C. §1983 does not apply to ADS and Wardak.

### III.

### THE FIFTH CAUSE OF ACTION FOR NEGLIGENCE PER SE
### FAILS TO ALLEGE FACTS TO SUPPORT PLAINTIFF'S CLAIM AGAINST
### ADS AND WARDAK

In order for a claim of negligence *per se* to succeed, the plaintiff <u>must meet</u> <u>**all four**</u> of the following requirements:

1.    The defendant violated a regulation of a public entity;

2.    The violation proximately caused the injury to the person;

3.    The injury resulted from an occurrence of the nature which the regulation was designed to prevent; and

4.    The person suffering the injury to his person was one of the class of person whose protection the ordinance was adopted.

*See* <u>Capolungo v. Bondi</u> (1986) 179 Cal.App.3d 346, 349-350; *see also* California <u>Evidence Code</u>, Section 669.

**MOTION TO DISMISS FIRST AMENDED COMPLAINT**

LAW OFFICES OF
PRINDLE, DECKER & AMARO LLP

JGM/Dismiss2.wpd

1    Plaintiff has amended his negligence per se cause of action, by basing said cause

2    of action on an alleged violation of Civil Code, Section 43. (First Amended Complaint,

3    ¶¶56-58)

4    Civil Code, Section 43 provides:

5         Besides the personal rights mentioned or recognized in the
          Government Code, every person has, subject to the
6         qualifications and restrictions provided by law, the right of
          protection from bodily restraint or harm, from personal
7         insult, from defamation, and from injury to his personal
          relations.
8

9    Here, Plaintiff's "injuries" arise from the alleged unprovoked beating and assault

10   he sustained. (First Amended Complaint, ¶¶ 24-25) Plaintiff was allegedly assaulted

11   and battered by the Hayward Police Department officers, **not** Wardak or any other

12   employees of ADS. Moreover, Plaintiff was booked, charged and prosecuted for

13   resisting a peace officer, public intoxication and carrying a dirk or dagger; these charges

14   were not initiated by Wardak or ADS.

15   Accordingly, Plaintiff has failed to plead any facts which would support any

16   violation of Civil Code, Section 43 by Wardak or ADS, nor establish that any violation

17   by Wardak/ADS caused his injuries.

18                                    **IV.**

19   **THE SIXTH CAUSE OF ACTION FOR NEGLIGENCE AND NEGLIGENT**

20   **INFLICTION OF EMOTIONAL DISTRESS FAILS TO ALLEGE FACTS TO**

21   **SUPPORT PLAINTIFF'S CLAIM AGAINST ADS AND WARDAK**

22   The elements of a cause of action for Negligence are: duty; breach of duty; legal

23   cause; and damages. *See* Paz v. State of California (2000) 22 Cal.4th 550, 559. The

24   existence of a duty is the threshold element of a negligence cause of action. Id.

25   Plaintiff contends that Defendants owed Plaintiff a duty to:

26   1.    Act with reasonable care to prevent injury to Plaintiff;

27   2.    Not arrest him without lawful justification;

28

RM/Dismiss2.wpd

**MOTION TO DISMISS FIRST AMENDED COMPLAINT**

LAW OFFICES OF
PRINDLE, DECKER & AMARO LLP

LAW OFFICES OF
PRINDLE, DECKER & AMARO LLP

1    3.    Not direct law enforcement personnel to seize him without lawful

2          justification; and

3    4.    Properly train and supervise its personnel.

4    (First Amended Complaint, ¶60)

5          A review of Plaintiff's First Amended Complaint reveals that Plaintiff's "injury"

6    stems from Hayward Police Department officers beating and assaulting him for no

7    apparent reason. (First Amended Complaint, ¶¶24-25) Wardak and ADS were not

8    involved in the alleged unprovoked assault of Plaintiff. Secondly, Hayward Police

9    Department officers ultimately arrested and seized Plaintiff for resisting a peace officer,

10   public intoxication and carrying a dirk and dagger; Wardak and ADS were **not** involved

11   with any of these charges. Accordingly, Plaintiff has not alleged any breach of a duty

12   on the part of Wardak and ADS, which caused his ultimate damages.

13                                         **V.**

14   **THE SEVENTH CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF**

15   **EMOTIONAL DISTRESS FAILS TO ALLEGE FACTS TO SUPPORT**

16   **PLAINTIFF'S CLAIM AGAINST ADS AND WARDAK**

17         "[T]o state a cause of action for intentional infliction of emotional distress a

18   plaintiff must show: (1) outrageous conduct by the defendant; (2) the defendant's

19   intention of causing or reckless disregard of the probability of causing emotional

20   distress; (3) the plaintiff's suffering severe or extreme emotional distress; and (4) actual

21   and proximate causation of the emotional distress by the defendant's outrageous

22   conduct." Trerice v. Blue Cross of America (1989) 209 Cal.App.3d 878, 883.

23   "Conduct, to be 'outrageous' must be so extreme as to exceed all bounds of that usually

24   tolerated in a civilized society." Id.

25         Here, the First Amended Complaint acknowledges that Wardak informed Plaintiff

26   and his friend that the *Jack in the Box* restaurant was closed for business and that

27   Plaintiff and his friend still remained on the premises. (*See* First Amended Complaint

28   ¶19.) Summoning the police about someone who is trespassing does not constitute

                                         9

1  "outrageous conduct", exceeding all bounds usually tolerated in a civilized society.

2  Regardless of what the city of Hayward police officers may or may not have done

3  thereafter, conduct by the *police officers* is **irrelevant** for purposes of a cause of action

4  against ADS and Wardak.

5  **VI.**

6  **THE EIGHTH CAUSE OF ACTION FOR VIOLATION OF CIVIL CODE**

7  **§51.7 FAILS TO ALLEGE FACTS TO SUPPORT PLAINTIFF'S CLAIM**

8  **AGAINST ADS AND WARDAK**

9  Civil Code §51.7 provides in pertinent part:

10      (a) All persons within the jurisdiction of this state have the
        right to be free from any violence, or intimidation by threat
11      of violence, committed against their persons or property
        because of political affiliation, or on account of any
12      characteristic listed or defined in subdivision (b) or (e) of
        Section 51 . . .
13

14  Here, the First Amended Complaint only alleges violence perpetrated by Hayward

15  Police Department officers.  The First Amended Complaint does not contain any

16  allegations that Wardak or ADS used violence or threats of violence against Plaintiff.

17  Accordingly, Plaintiff's Eighth Cause of Action must fail.

18  **VII.**

19  **THE NINTH CAUSE OF ACTION FOR VIOLATION OF CIVIL CODE §52.1**

20  **FAILS TO ALLEGE FACTS TO SUPPORT PLAINTIFF'S CLAIM AGAINST**

21  **ADS AND WARDAK**

22  Civil Code §52.1 provides remedies for the interference, "*by threats, intimidation*

23  *or coercion*", with the exercise of constitutional or other rights provided by law.  The

24  legislature enacted Civil Code §52.1 in response to the increase in hate crimes and to

25  provide protection from discriminatory violence and intimidation, and from threats,

26  intimidation and coercion that denied the civil rights of others.  *See* Stamps v. Superior

27  Court (2006) 136 Cal.App.4th 1441, 1447-1448.

28

LAW OFFICES OF
PRINDLE, DECKER & AMARO LLP

JGM/Dismiss2.wpd

10

**MOTION TO DISMISS FIRST AMENDED COMPLAINT**

1    In this case, Plaintiff's only interaction with ADS and/or Wardak was when
2    Wardak advised Plaintiff and his friend that the *Jack in the Box* restaurant was closed.
3    Again, the First Amended Complaint does **not** allege that ADS or Wardak ever used any
4    threats of violence, intimidation or coercion against Plaintiff.  As such, Plaintiff's Ninth
5    Cause of Action must also fail.

### VIII.

### CONCLUSION

8        As set forth above, Plaintiff has failed to set forth a claim to sustain his First,
9    Third, Fifth, Sixth, Seventh, Eighth and Ninth Causes of Action against ADS and
10   Wardak. Accordingly, Defendants respectfully request that the Court dismiss said causes
11   of action without leave to amend.

13   DATED: April *16*, 2008

PRINDLE, DECKER & AMARO LLP

By
        JAMES G. MURRAY
Attorneys for Defendants, AMERICAN
DISCOUNT SECURITY; AND DAUD
WARDAK aka DAVID WARDAK

**MOTION TO DISMISS FIRST AMENDED COMPLAINT**

JGM/Dismiss2.wpd

LAW OFFICES OF
PRINDLE, DECKER & AMARO LLP

LAW OFFICES OF
PRINDLE, DECKER & AMARO LLP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO)

KEVIN WALKER,                              )   CASE NO. C07-06205 TEH
                                           )   Assigned to Hon. Thelton E. Henderson
         Plaintiff,                        )
                                           )
v.                                         )   [PROPOSED] ORDER RE MOTION
                                           )   TO DISMISS
CITY OF HAYWARD; OFFICER ART               )
THOMS, OFFICER SCOTT LUNGER,               )   Date   :   June 9, 2008
and OFFICER ZACHARY HOYER,                 )   Time   :   10:00 a.m.
individually and in their official         )   Ctrm   :   12
capacities; AMERICAN DISCOUNT              )
SECURITY; and DAUD WARDAK aka              )   First Amended
DAVID WARDAK,                              )     Complaint Filed  : April 4, 2008
                                           )   Discovery Cut-off : None
         Defendants.                       )   Motion Cut-off    : None
                                           )   Trial Date        : None
                                           )

     The Motion to Dismiss brought by Defendants, AMERICAN DISCOUNT SECURITY and DAUD WARDAK aka DAVID WARDAK, came on regularly for hearing on June 9, 2008.

     After reading the moving and opposing papers, and hearing oral argument, the Court hereby SUSTAINS Defendants' Motion to Dismiss.

     IT IS HEREBY ORDERED that the following causes of action shall be dismissed from Plaintiff's First Amended Complaint as to AMERICAN DISCOUNT SECURITY and DAUD WARDAK aka DAVID WARDAK without leave to amend:

1

1.   The First Cause of Action for violation of Plaintiff's constitutional rights under 42 U.S. C. §1983;

2.   The Third Cause of Action for violation of Plaintiff's constitutional rights under 42 U.S. C. §1983;

3.   The Fifth Cause of Action for negligence per se;

4.   The Sixth Cause of Action for negligence and negligent infliction of emotional distress ;

5.   The Seventh Cause of Action for intentional infliction of emotional distress;

6.   The Eighth Cause of Action for violation of Civil Code §51.7; and

7.   The Ninth Cause of Action for violation of Civil Code §52.1.


DATED:

HON. THELTON E. HENDERSON

LAW OFFICES OF
PRINDLE, DECKER & AMARO LLP

2

IGM/Dismiss2Ord.wpd

**PROOF OF SERVICE**
*Kevin Walker v. City of Hayward, et al.*
Case No. C07-06205 TEH

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

I am employed in the County of Los Angeles, State of California.   I am over the age of eighteen (18) and am not a party to the within action; my business address is 310 Golden Shore, 4th Floor, Long Beach, California 90802.

On April 17, 2008, I caused the foregoing document to be served, described as **NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT, PRESENTING DEFENSE OF FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; AND [PROPOSED] ORDER** on all interested parties to this action, through the use of the website maintained by USDC for electronic service:

SEE ATTACHED SERVICE LIST

☒ **BY E-FILING:** By submitting an electronic version of the document. This case has been ordered for Electronic Case Filing.

☐ **BY OVERNIGHT COURIER:** I caused the above-referenced document(s) to be delivered to _____ for delivery to the above address(es).

☐ **BY FAX:** I caused the above-referenced document to be transmitted via facsimile from Fax No. _____ to Fax Numbers listed on service list_____. The facsimile machine I used complies with Rule 2003(3) and no error was reported by the machine. Pursuant to Rule 2005(1), I caused the machine to print a record of the transmission, a copy of which is attached to this declaration.

☐ **BY PERSONAL SERVICE:** I caused such envelope to be delivered by hand to the addressee(s).

☐ [State]    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒ [Federal]    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on April 17, 2008, at Long Beach, California.

_____
ALICE RUSA

*Kevin Walker v. City of Hayward, et al.*
Case No. C07-06205 TEH

SERVICE LIST

Jivaka Candappa, Esq.
46 Shattuck Square, Suite 15
Berkeley, CA 94704

Randolph S. Hom
City Attorney's Office
777 "B" Street, 4th Floor
Hayward, CA 94541

Attorneys for Plaintiff, Kevin Walker

T: (510) 981-1808
F: (510) 981-1817

Attorneys for City of Hayward; Officer
Art Thoms; Officer Scott Lunger;
Officer Zachary Hoyer

T: (510) 583-4450
F: (510) 583-3660