1 | JIVAKA CANDAPPA, (SBN 225919)
2 | 46 Shattuck Square, # 15
  | Berkeley, CA 94704
3 | Telephone: (510) 981-1808
  | Facsimile: (510) 981-1817
4
5 | Attorney for Plaintiff, KEVIN WALKER

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| KEVIN WALKER, | Case Number: C 07-06205 TEH |
|---|---|
| Plaintiff | **PLAINTIFF KEVIN WALKER'S OPPOSITION TO DEFENDANTS AMERICAN DISCOUNT SECURITY AND DAUD WARDAK'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| vs. | |
| CITY OF HAYWARD; OFFICER ART THOMS, OFFICER SCOTT LUNGER, and OFFICER ZACHARY HOYER, individually and in their official capacities; AMERICAN DISCOUNT SECURITY; and DAUD WARDAK aka DAVID WARDAK, | DATE: June 9, 2008<br>TIME: 10:00 a.m.<br>CTRM: 12<br>JUDGE: Hon. Thelton E. Henderson |
| Defendants. | |

---

**PLAINTIFF'S OPP. TO DEFS' MOT. TO**                *Kevin Walker v. City of Hayward et al.*
**DISMISS PURSUANT TO FRCP 12(b)(6)**                        **Case No: C 07-06205 TEH**

i

### I. INTRODUCTION

On December 9, 2005, Plaintiff Kevin Walker and his friend, Jerry Walker, both African-American males, were standing outside a Jack in Box restaurant in the City of Hayward when they were detained, assaulted and arrested without lawful justification by officers of the Hayward Police Department consequent to a false and malicious report made by Defendant Daud Wardak ("Wardak"), an employee of Defendant American Discount Security ("ADS"). Defendants Wardak and ADS now bring this motion to dismiss accusing Plaintiff of filing a sham pleading and arguing that his lawsuit has no merit because it is based on a one time encounter that Plaintiff had with Defendant Wardak. (Defs' P&A iso Mot. to Dismiss, at 4:15-19.)

Contrary to Defendants' contentions, the factual allegations in Plaintiff's complaint support each cause of action asserted against Defendants Wardak and ADS. In short, Defendants' motion to dismiss is without merit and Plaintiff respectfully requests the Court to deny Defendants' motion.

### II. ARGUMENT

"The motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted." *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997); *Rodriguez v. California Highway Patrol*, 89 F. Supp. 2d 1131, 1143 (N.D. Cal. 2000). In ruling on a Rule 12(b)(6) motion, the court must consider the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations, and determine whether the plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mutual Insurance Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). Further, not only must all factual allegations be taken as true, but "all reasonable inferences from them must be indulged in favor of the complainant." *Mitchell v. King*, 537 F.2d 385, 386 (10th Cir. 1976). The issue is not whether plaintiff will prevail, but whether plaintiff is entitled to offer evidence to support the claims. *Hydrick v. Hunter*, 500 F.3d 978, 985 (9th Cir. 2007). Thus, a "suit should not be dismissed if it is possible to hypothesize facts, consistent with the complaint that would make out a claim." *Hearn v. R.J. Reynolds Tobacco Co.*, 279 F. Supp. 2d 1096, 1101 (D. Ariz.

---

**PLAINTIFF'S OPP. TO DEFS' MOT. TO**  *Kevin Walker v. City of Hayward et al.*
**DISMISS PURSUANT TO FRCP 12(b)(6)**  Case No: C 07-06205 TEH

- 1 -

1  2003).

2  Here, the Court should deny Defendants' motion to dismiss because the factual

3  allegations in Plaintiff's complaint state a claim for relief for violations of 42 U.S.C. section

4  1983 and Civil Code sections 51.7 and 52.1, and negligence, negligence per se and intentional

5  infliction of emotional distress.

**A.    Plaintiff's Causes of Action for Violations of 42 U.S.C. § 1983 should not be Dismissed because Defendants Acted Jointly with the Hayward Police Department.**

8  Defendants' motion to dismiss Plaintiff's causes of action pursuant to 42 U.S.C. section

9  1983 is based on the argument that Defendants' conduct could not be fairly attributable to the

10  state.[1]  (Defs' P&A iso Mot. to Dismiss, at 6-7.)  Defendants further contend that Plaintiff's

11  First Amended Complaint does not allege a substantial degree of cooperative action between

12  the public and private entity defendants, that the allegations of conspiracy are merely

13  conclusory, and that the alleged misfeasance by defendants is solely attributable to the conduct

14  of the public entity defendants, the City of Hayward and its employees.  (Defs' P&A iso Mot.

15  to Dismiss, at 6-7.)

16  "A party may be a state actor because he is a state official, he acted together with or has

17  obtained significant aid from state officials, or his conduct is otherwise chargeable to the State."

18  *Lugar v. Edmundson Oil, Co.*, 457 U.S. 922, 936 (1982).  A private person is deemed to act

19  under color of state law if she or he is a willful participant in the joint action with the state or

20  conspires with state actors to violate a citizen's constitutional rights.  *Dennis v. Sparks*, 449

21  U.S. 24, 27-28 (1980).  Thus, willful participation and conspiracy constitute separate bases for

22  finding joint action under color of state law.  *See*, *e.g.*, *Brunette v. Humane Society of Ventura*

23  *County*, 294 F.3d 1205, 1211 (9th Cir. 2002) (citing *Adickes v. S.H. Kress & Co*, 398 U.S. 144,

24  150-52 (1970)).  Additional bases for finding joint action include failure of the police to

25  conduct an independent investigation, and police action pursuant to a customary plan between

---

[1] Defendants, for purposes of this motion, do not dispute that Plaintiff has alleged the violation of a constitutional right.

**PLAINTIFF'S OPP. TO DEFS' MOT. TO DISMISS PURSUANT TO FRCP 12(b)(6)**    *Kevin Walker v. City of Hayward et al.*    Case No: C 07-06205 TEH

- 2 -

1 the private actor and the police.[2] *Murray v. Wal-Mart, Inc.*, 874 F.2d 555, 559 (8th Cir. 1989).

2 Section 1983 liability may be based on a defendant's own affirmative act, participation
3 in another's affirmative acts, or failure to perform an act which the defendant is by law required
4 to perform. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Consequently, personal
5 participation is not the only basis for section 1983 liability. *Id.* "The requisite causal
6 connection can be established not only by some kind of direct personal participation in the
7 deprivation, but also by setting in motion a series of acts by others which the actor knows or
8 reasonably should know would cause others to inflict the constitutional injury." *Id*. at 743-44.

9 Here, contrary to Defendants' contention, Plaintiff is not required to plead his claim
10 with particularity. *See Murray*, 874 F.2d at 558, *McKeever v. Block*, 932 F.2d 795, 798 (9th
11 Cir. 1991). Nonetheless, Plaintiff has alleged that Defendants engaged in joint action with
12 officers of the Hayward Police Department. (First Amended Complaint ("FAC") ¶¶ 14, 36.)
13 The joint action alleged includes willful participation, conspiracy, failure to conduct an
14 independent investigation, and police action pursuant to a customary plan between Defendants
15 and the Hayward Police Department. (FAC ¶¶ 20-31.)

16 The line of cases relied on by Defendants, including *Collins v. Womancare*, 878 F.2d
17 1145 (9th Cir. 1989), and *Carey v. Continental Airlines*, 823 F.2d 1402 (10th Cir. 1987), are
18 distinguishable. First, *Collins* did not address the factual scenario involving conspiracy, or
19 police action pursuant to a customary plan between the police department and the private actor.
20 Second, in *Collins,* the police conducted an independent investigation whereas, here, the police
21 did not. 878 F.2d at 1155. *Carey* is similarly distinguishable because, there, the police
22 conducted an independent investigation, maintained a policy of neutrality and arrested plaintiff
23 only after he refused to leave the premises. 823 F.2d at 1403-04. On the other hand, here, the
24 police did not conduct an independent investigation, did not maintain a policy of neutrality and

25 ―――――――――

26 [2] Allegations that "each and all the acts" set forth in the "complaint 'were done by the
27 Defendants under the color and pretense of state law'" and a statement of damages identifying the injuries that were proximately caused by defendants in violation of plaintiff's constitutional
28 rights is more than adequate to allege a section 1983 claim against a private actor. *Murray v. Wal-Mart, Inc.*, 874 F.2d 555, 558 (8th Cir. 1989).

**PLAINTIFF'S OPP. TO DEFS' MOT. TO** *Kevin Walker v. City of Hayward et al*.
**DISMISS PURSUANT TO FRCP 12(b)(6)** Case No: C 07-06205 TEH

- 3 -

did not ask Plaintiff to leave the premises before apprehending him.  (FAC ¶ 22.)

### 1.  Defendants were Willful Participants in the Police Action against Plaintiff.

Plaintiff's First Amended Complaint alleges that Defendant Wardak summoned the police by making a false report that three or four black males were causing a disturbance in the parking lot of Jack in the Box.  (FAC ¶ 20.)  When officers of the Hayward Police Department arrived on the scene, Defendant Wardak directed the officers to arrest Plaintiff and Jerry Walker for trespassing.  (FAC ¶ 22.)  The officers arrested Plaintiff and Jerry Walker, without conducting an independent investigation.  (FAC ¶¶ 22-24.)  In the course of arresting Plaintiff, the officers knocked Plaintiff to the ground, punched him in the face and pepper sprayed him in his eyes.  (FAC ¶ 23.)

Defendant Wardak's conduct went beyond that of a mere complainant or bystander.  He was a willful participant in the police action at issue.  Defendant Wardak not only made a citizen's arrest, he signed a materially false citizen's arrest report that was authored by Officer Snell of the Hayward Police Department.  (FAC ¶¶ 26-27.)  In his written citizen's arrest statement, Defendant Wardak falsely accused Plaintiff of trespassing and engaging in criminal conduct.  (FAC ¶ 27.)  Defendant Wardak also testified as a prosecution witness in the criminal case against Plaintiff.  (FAC ¶¶ 26, 29.)  The fact that Defendant Wardak did not advise the police how to make the arrest or that he did not tell the police to beat Plaintiff without provocation is irrelevant because Defendant Wardak set in motion a series of acts, which he knew or should have known would result in a violation of Plaintiff's constitutional rights by officers of the Hayward Police Department.  *See Johnson*, 588 F.2d at 743-44.

### 2.  Defendant Wardak Conspired to Violate Plaintiff's Constitutional Rights.

Defendant Wardak engaged in joint action with officers of the Hayward Police Department by conspiring to violate Plaintiff's constitutional rights.  *See Dennis*, 449 U.S. at 27-28.  An agreement or meeting of the minds between the private person and the state actor to violate a plaintiff's constitutional rights would suffice to establish the allegation of a conspiracy.  *United Steelworkers of America v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540-41 (9th Cir. 1989).  Further, "[e]vidence that police failed to exercise independent judgment will

**PLAINTIFF'S OPP. TO DEFS' MOT. TO**                         *Kevin Walker v. City of Hayward et al*.
**DISMISS PURSUANT TO FRCP 12(b)(6)**                   Case No: C 07-06205 TEH

- 4 -

support an inference of conspiracy with a private party." *Id*. at 1541.

Here, the police officers did not exercise independent judgment in apprehending Plaintiff and merely complied with Defendant Wardak's request to arrest Plaintiff. (FAC ¶ 22.) The officers did not ask Plaintiff or Jerry Walker why they were in the area or even ask them to leave. (FAC ¶ 22.) After Plaintiff was assaulted and arrested, the police officers and Defendant Wardak falsely averred that Plaintiff was engaged in criminal conduct. (FAC ¶¶ 26-27.) Further, Defendant Wardak collaborated with the police officers in that Wardak's citizen arrest report was authored by Officer Snell of the Hayward Police Department, Wardak was identified as a witness in the relevant police reports, and Wardak testified as a prosecution witness at Plaintiff's criminal trial. (FAC ¶ 26, 27, 31.)

Under the circumstances, Plaintiff has established that Defendants Wardak and ADS acted under color of state law.

### 3. The Police Officers Failed to Conduct an Independent Investigation and Acted Pursuant to a Customary Plan Between the Hayward Police Department and ADS.

The Hayward Police Department officers' failure to conduct an independent investigation further supports Plaintiff's allegation that Defendants ADS and Wardak acted under color of state law. *See Murray*, 874 F.2d at 558-59; FAC ¶ 22. The joint action requirement has also been met in light of the allegation that Plaintiff's arrest was pursuant to a customary plan between the Hayward Police Department and Defendant ADS. FAC ¶ 28; *Murray*, 874 F.2d at 558-59.

The Court should therefore deny Defendants' motion to dismiss Plaintiff's first and third causes of action-violation of Plaintiff's constitutional rights pursuant to 42 U.S.C. section 1983.

### B. The Negligence Per Se Cause of Action is Based on Defendants' Violation of Civil Code § 43.

Defendants ADS and Wardak move for dismissal of the negligence per se cause of action on the grounds that Plaintiff's injuries (as opposed to arrest) were proximately caused by the Hayward Police Department officers, and the criminal charges brought against Plaintiff

PLAINTIFF'S OPP. TO DEFS' MOT. TO                               *Kevin Walker v. City of Hayward et al*.
DISMISS PURSUANT TO FRCP 12(b)(6)                                              Case No: C 07-06205 TEH
- 5 -

1   were not initiated by Defendants Wardak or ADS.  (Defs P&A iso Mot. to Dismiss, at 8:9-17.)

2          "Under the doctrine of negligence per se, codified in Evidence Code section 669,

3   violation of a statute without justification constitutes presumptive failure to exercise due care

4   only if the violation proximately caused the injury and the person injured was one of the class

5   of persons for whose benefit the statute was adopted." *Fredette v. City of Long Beach*, 187

6   Cal.App.3d 122, 134 (1986) (citing *Hargrave v. Winquist*, 134 Cal. App. 3d 916, 925 (1982)).

7   "Whether the injury involved resulted from an occurrence of the nature which the statute was

8   designed to prevent and whether the plaintiff was one of the persons for whose protection the

9   statute was enacted are questions of law." *Fredette*, 187 Cal.App.3d at 135.  However, whether

10  defendant violated the statute at issue or whether the statutory violation by defendant

11  proximately caused or contributed to plaintiff's injury would be a matter of fact for the jury to

12  decide.  *Id*.

13         Here, Plaintiff's negligence per se cause of action is based on Defendants' violation of

14  section 43 of the California Civil Code, which provides in pertinent part that every person has

15  the right of protection from bodily restraint or harm.  (FAC ¶¶ 55-58.)  In this regard, the

16  California Supreme Court has stated that a private actor may be sued on the basis of a section

17  43 violation.  *Jones v. Kmart Corp*., 17 Cal.4th 329, 338 (1998) (case involving wrongful

18  arrest).  And, given that Plaintiff's negligence per se cause of action is based on his unlawful

19  arrest by Defendant Wardak, an employee of ADS, Plaintiff has stated a negligence per se

20  cause of action against Defendants Wardak and ADS.  (FAC ¶¶ 22-23, 55-58.)

21         Defendants' argument that Plaintiff's injuries were caused by officers of the Hayward

22  Police Department is irrelevant.  First, proximate causation is a matter of fact to be decided by

23  the jury, and as such, it ought not to be resolved as a matter of law in connection with a motion

24  to dismiss.  *See Fredette*, 187 Cal.App.3d at 135.  Second, section 43 of the Civil Code

25  prohibits unlawful bodily restraint, *e.g*., arrest, and Defendants do not dispute that Plaintiff was

26  arrested by Defendant Wardak.  (Defs' P&A iso Mot. to Dismiss, at 6:22-23, FAC ¶¶ 22-23.)

27  Therefore, the Court does not have to resolve the factual dispute as to whether or not

28  Defendants' conduct was a substantial factor in Plaintiff's beating and assault (bodily harm) at

1  the hands of the Hayward Police Department officers.

2  Accordingly, the Court should deny Defendants' motion to dismiss.

3  **C.   The Negligence of Defendants WARDAK and ADS Caused Plaintiff's Injuries.**

4  The elements of a negligence cause of action are legal duty to use due care, breach of
5  that duty, causal connection between the breach and the plaintiff's injury, and actual loss or
6  damage to the plaintiff. *Burgess v. Sup. Ct.*, 2 Cal.4th 1064, 1072 (1992); A*hern v. Dillenback*,
7  1 Cal.App.4th 36, 42 (1991). "It is well established, moreover, that one's general duty to
8  exercise due care includes the duty not to place another person in a situation in which the other
9  person is exposed to an unreasonable risk of harm through the reasonably foreseeable conduct
10 (including the reasonably foreseeable negligent conduct) of a third person." *Lugtu v. California*
11 *Highway Patrol*, 26 Cal.4th 703, 714 (2001) (citing *Schwartz v. Helms Bakery Limited*, 67
12 Cal.2d 232, 240-244 (1967); *Richardson v. Ham*, 44 Cal.2d 772, 777 (1955); Rest.2d Torts, §§
13 302, 302A)

14 Here, Defendant Wardak exposed Plaintiff to an unreasonable risk of harm by making a
15 false police report and advising the police officers to arrest Plaintiff for trespassing. Defendant
16 Wardak knew or should have known that by making a false police report about a disturbance
17 and requesting the police to arrest Plaintiff (without lawful justification) that the police officers
18 executing the citizen's arrest would use force to apprehend Plaintiff. The fact that the officers
19 used excessive force to make the arrest does not constitute a legal excuse such that it would
20 foreclose the liability of Defendants Wardak and ADS as a matter of law.

21 The Court should deny Defendants' motion to dismiss the negligence cause of action.

22 **D.   The Court should not Dismiss the Intentional Infliction of Emotional Distress
       Cause of Action because Defendants' Conduct was Intentional and Outrageous.**
23

24 Defendants argue that Plaintiff failed to allege facts showing outrageous conduct.
25 (Defs' P&A is Mot. to Dismiss, at 9:25-28, 10:1-4.) The elements of a claim for intentional
26 infliction of emotional distress are: "(1) extreme and outrageous conduct by the defendant with
27 the intention of causing, or reckless disregard of the probability of causing, emotional distress;
28 (2) the plaintiff's suffering severe or extreme emotional distress; (3) and actual and proximate

---

PLAINTIFF'S OPP. TO DEFS' MOT. TO                                *Kevin Walker v. City of Hayward et al*.
DISMISS PURSUANT TO FRCP 12(b)(6)                                Case No: C 07-06205 TEH

- 7 -

1  causation of the emotional distress by the defendant's outrageous conduct." *Cervantez v. J.C.*

2  *Penney Co.*, 24 Cal. 3d 579, 593 (1979).

3        Behavior may be considered outrageous if a defendant acts intentionally or

4  unreasonably with the recognition that the acts are likely to result in mental distress. *Bartling v.*

5  *Glendale Adventist Med. Center,* 184 Cal.App.3d 961, 965 (1986); s*ee also Cervantez,* 24 Cal.

6  3d at 592 ("it is a serious matter to accuse someone of committing a crime and to arrest him

7  without the protection of the warrant process").  Thus, a claim for intentional infliction of

8  emotional distress claim may lie when a defendant acts "either with knowledge that plaintiff

9  had not committed any offense or with reckless disregard of whether he had or not."

10  *Cervantez*, 24 Cal.3d at 593-94.  And, reckless disregard can be proven circumstantially by

11  inference from the conduct of the actor.  *Katsaris v. Cook*, 180 Cal.App.3d 256, 268 (1986).

12        Here, Defendant Wardak prevented Plaintiff from the entering the restaurant despite

13  allowing two other persons to enter the restaurant moments before.  (FAC ¶ 19.)  Thereafter,

14  Defendant Wardak called the police and made a false report that three or four black males were

15  creating a disturbance in the parking lot.  (FAC ¶ 20.)  When the police arrived, Defendant

16  Wardak requested the officers to arrest Plaintiff and Jerry Walker for trespassing.  (FAC ¶ 21.)

17  After Plaintiff's unlawful arrest, Defendant Wardak collaborated with the police officers

18  involved in Plaintiff's arrest by making material misrepresentations in his citizen's arrest report

19  and falsely accusing Plaintiff of engaging in criminal conduct.  (FAC ¶¶ 26-27.)

20        Defendants' conduct was outrageous and intentional and did in fact cause Plaintiff

21  serious emotional distress.  The Court should deny Defendants' motion to dismiss Plaintiff's

22  cause of action for intentional infliction of emotional distress.

23  **E.**     **Defendants Violated Civil Code § 51.7.**

24        Defendants' motion to dismiss Plaintiff's Eighth Cause of Action, which alleges a

25  violation of Civil Code section 51.7, is based on the argument that the violence against Plaintiff

26  was perpetrated by officers of the Hayward Police Department.  (Defs' P&A iso Mot. to

27  Dismiss, at 10:14-17.)  Defendants, however, gloss over the fact that the harm to Plaintiff was

28  caused in substantial part by Defendant Wardak's false report to the police and his request to

1  the police officers to arrest Plaintiff for trespassing.  (FAC ¶¶ 20, 22.)

2  Section 51.7 of the California Civil Code provides in pertinent part that all persons have a right to be free from violence or intimidation by threat of violence against their persons on account of their race or color.  Further, section 52(b) of the Civil Code provides for liability under an agency theory in that persons "who aid in" or "incite a violation," and persons who conspire to violate the statute may be held liable pursuant to section 51.7.

Under the plain text of section 51.7, any violence or intimidation by threat of violence would constitute a violation of the statute.  *People v. MacKenzie*, 34 Cal.App.4th 1256, 1278 (1995) (all violent conduct committed against others on account of their protected status is prohibited).  The words "force" and "violence" are synonymous and mean any wrongful application of physical force against the property or person of another.  *People v. Bravot*, 183 Cal.App.3d 93, 97 (1986).[3]

Here, Defendant Wardak made a false police report claiming that three or four black males were creating a disturbance in the restaurant parking lot.  (FAC ¶ 20.)  When the police arrived on the scene, Defendant Wardak directed them to arrest Plaintiff and Jerry Walker for trespassing.  (FAC ¶¶ 21-22.)  Defendant Wardak's conduct, which amounted to aiding in and incitement of a violation of Section 51.7, resulted in Plaintiff's arrest and led to Plaintiff's violent assault at the hands of the Hayward Police Department officers.  Cal. Civ. Code § 52(b); FAC ¶¶ 22-25.

Accordingly, Plaintiff has a viable cause of action for a section 51.7 violation.

**F.     Defendants Violated Civil Code § 52.1 by Falsely Arresting Plaintiff for Trespass.**

Section 52.1 of the Civil Code prohibits interference or attempted interference with a person's rights under federal or state law by means of threats, intimidation, or coercion.  A violation of section 52.1 of the Civil Code may be predicated on a violation of Section 43 of the Civil Code.  *Jones* 17 Cal.4th at 338.  Although section 52.1 was enacted to stem a tide of hate crimes, it is not limited to such crimes and it does not require a plaintiff to show discriminatory

---

[3] "Intimidation" means to make timid or fearful.  *Ex parte Bell*, 19 Cal.2d 488, 526 (1942).

**PLAINTIFF'S OPP. TO DEFS' MOT. TO DISMISS PURSUANT TO FRCP 12(b)(6)**                                      *Kevin Walker v. City of Hayward et al.*
                                                                                                                                      Case No: C 07-06205 TEH

purpose on the part of the defendant. *Venegas v. County of Los Angeles*, 32 Cal.4th 820, 842-43 (2004).

"Use of law enforcement authority to effectuate a stop, detention (including use of handcuffs), and search can constitute interference by threat [], intimidation or coercion []." *Cole v. Doe 1 thru 2 Officers of the City of Emeryville Police Dept.*, 387 F. Supp. 2d 1084, 1103 (N.D. Cal. 2005) (citing *Venegas*, 32 Cal.4th 820, *Jones*, 17 Cal. 4th at 334.)  Thus, evidence of violence or threat of violence is not a required element in proving a section 52.1 violation. *Id*. Evidence of physical ejection or arrest without the use of force is sufficient for purposes of proving the threat, intimidation or coercion element. *Id.* at 1103-04.

Here, Plaintiff has alleged and Defendants have conceded that Wardak made a citizen's arrest. (FAC ¶ 27, Defs' P&A iso Mot. to Dismiss, at 6:22-23.)  However, Defendants' arrest of Plaintiff was without lawful justification (FAC ¶¶ 20-22), and amounted to threatening, intimidating, and coercive conduct under section 52.1 of the Civil Code. *See Cole*, 387 F. Supp. at 1103-04. Moreover, Defendants' conduct was a substantial factor in Plaintiff's unlawful arrest and the consequent physical injuries sustained by Plaintiff.

Accordingly, Plaintiff has a viable cause of action for a violation section 52.1 of the Civil Code.

### III.   CONCLUSION

Based on the foregoing Points and Authorities, Plaintiff respectfully requests the Court to deny Defendants' Motion to Dismiss.

Dated: May 19, 2008                    Respectfully submitted,

/s/ Jivaka Candappa
Jivaka Candappa, Attorney
for Plaintiff, KEVIN WALKER

---

**PLAINTIFF'S OPP. TO DEFS' MOT. TO DISMISS PURSUANT TO FRCP 12(b)(6)**           *Kevin Walker v. City of Hayward et al.*
Case No: C 07-06205 TEH