**PRINDLE, DECKER & AMARO LLP**
James G. Murray, Esq. (Bar No. 120049)
310 Golden Shore, Fourth Floor
P.O. Box 22711
Long Beach, CA 90801-5511
Tel. No.: (562) 436-3946
Fax No.: (562) 495-0564
ADSS-0001

Attorneys for Defendants
**AMERICAN DISCOUNT SECURITY and
DAUD WARDAK aka DAVID WARDAK**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO)

| | |
|---|---|
| KEVIN WALKER,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF HAYWARD; OFFICER ART THOMS, OFFICER SCOTT LUNGER, and OFFICER ZACHARY HOYER, individually and in their official capacities; AMERICAN DISCOUNT SECURITY; and DAUD WARDAK aka DAVID WARDAK,<br><br>Defendants. | CASE NO. C07-06205 TEH<br>Assigned to Hon. Thelton E. Henderson<br><br>**AMERICAN DISCOUNT SECURITY AND DAUD WARDAK'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Date     :  June 9, 2008<br>Time     :  10:00 a.m.<br>Ctrm     :  12<br><br>First Amended<br>  Complaint Filed : April 4, 2008<br>Discovery Cut-off : None<br>Motion Cut-off : None<br>Trial Date : None |

AMERICAN DISCOUNT SECURITY and DAUD WARDAK hereby reply to Plaintiff's Opposition to Motion to Dismiss Plaintiff's First Amended Complaint.

/ / /

/ / /

/ / /

1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Plaintiff filed a First Amended Complaint on April 4, 2008 after the court sustained Defendants' Motion to Dismiss certain causes of action in Plaintiff's initial Complaint. As part of his First Amended Complaint, Plaintiff reasserts his 42 U.S.C. §1983 claim against Defendants, as well as his negligence per se, negligent and intentional infliction of emotional distress and Civil Code, Section 52.1 claims. Plaintiff also added a new cause of action, violation of Civil Code, Section 51.7.

However, the allegations contained in Plaintiff's First Amended Complaint still do not support the claims he asserts against Defendants. While the First Amended Complaint provides more detail as to the Hayward Police Department (*see* First Amended Complaint, ¶¶21 and 28), the First Amended Complaint does not cure the deficiencies initially present in Plaintiff's initial Complaint and upon which this court dismissed Plaintiff's causes of action against these moving Defendants. The allegations made against Wardak and ADS are vague and conclusory, asserted solely to avoid another dismissal of the causes of action.

The damages arising out of the First Amended Complaint are based upon the *one time encounter* Plaintiff had with Wardak and Hayward Police Department officers. The facts again alleged in the First Amended Complaint establish that Wardak merely complained about Plaintiff trespassing on the *Jack in the Box* property. Hayward Police Department officers allegedly perpetrated all other conduct.

///
///
///
///
///

AMERICAN DISCOUNT SECURITY AND DAUD WARDAK'S REPLY TO PLAINTIFF'S
OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

## II.
## THE FIRST AND THIRD CAUSES OF ACTION FOR VIOLATION OF 42 U.S.C. §1983 FAIL TO ALLEGE FACTS TO SUPPORT PLAINTIFF'S CLAIMS AGAINST ADS AND WARDAK

A review of Plaintiff's First Amended Complaint reveals that Plaintiff's allegation of federal civil rights violations under 42 U.S.C. 1983 (hereinafter "section 1983") rest solely on Plaintiff's belief that he was deprived of rights, privileges or immunities entitled to him under the laws of the United States. However, Plaintiff alleges no specific facts which demonstrate that Defendants acted under color of law, which is required to constitute this cause of action.

In order to sustain a cause of action under section 1983, Plaintiff must demonstrate that the Defendant was acting under color of state law. Section 1983 provides in pertinent part that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . 42 U.S.C. Section 1983.

Acts are done under color of law when a person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation. See Monell v. Department of Social Services, 436 U.S. 658 (1978).

Numerous cases have dealt with the issue of what actions are under color of law for purposes of Section 1983 liability.[1] In Collins v. Womancare, the Ninth Circuit

---

[1] See Rivera v. Green (9th Cir. 1985) 775 F.2d 1381 (finding that merely complaining to the police does not convert a private party into a state actor); see also Sims v. Jefferson Downs Racing Association (5th Cir. 1985) 778 F.2d 1068 (holding that execution by a private party of a sworn complaint which forms the basis of an arrest is not enough to convert the private party's acts into state action); Carey v. Continental Airlines, Inc. (10th Cir. 1987) 823 F.2d

addressed this issue. Collins v. Womancare (1989) 878 F.2d 1145. In that case, defendant abortion clinic employees effected a citizen's arrest of plaintiffs who were picketing defendant clinic in violation of an injunction. Id. at 1146. The police then issued misdemeanor citations which were ultimately dismissed. Id. Consequently, plaintiffs alleged deprivation of their constitutional rights, as well as malicious prosecution. Id. The Court stated that "[t]o prove a violation of section 1983, [plaintiffs] must demonstrate that [defendant] (1) deprived them of a right secured by the Constitution, and (2) acted under color of state law." Id. at 1147.

Although the defendant itself had actually effectuated the arrest of the plaintiffs, the Court still found that the citizen's arrest did not constitute action under color of state law sufficient to support the section 1983 cause of action. Id. at 1150. In fact, the Court cited all five of the previous federal decisions on point, noting that all five which had considered whether a citizen's arrest can form the basis of liability under section 1983 had resolved this issue by concluding that it did not constitute action under color of state law. Id. In its explanation, the Court reasoned that "for conduct of *private parties* to be under color of state law, it must be fairly attributable to the State." Id. at 1151 (citation omitted).     In further analysis, the Collins Court discussed a joint action inquiry which focuses on "whether the state has 'so far insinuated itself into a position of interdependence with [the private entity] that it must be recognized as a joint participant in the challenged activity'. . . Joint action therefore requires substantial degree of cooperative action." Id. at 1154 (citation omitted).

---

1402 (reasoning that airport managers complaining about plaintiff presence to a police officer who, acting within the scope of his statutory duties, arrested plaintiff after questioning him, does not, without more, constitute state action for which defendant can be held responsible); Lee v. Town of Estes Park (10th Cir. 1987) 820 F.2d 1112 (concluding that the private party effecting the citizen's arrest, transporting the plaintiff to the police station, attempting to persuade the police to file charges, and swearing out a complaint against the arrested party did not constitute joint action).

In the case at bar, all that is alleged against Defendants is that Wardak summoned the police and provided a written statement that he was making a citizen's arrest of Plaintiff. Wardak's actions constituted nothing more than the citizen's arrests at issue in <u>Collins</u>, *supra*, and therefore cannot qualify as actions under "color of state law".

Although Plaintiff makes the conclusory allegation that Wardak and the officers "conspired" together in falsely accusing Plaintiff of trespassing and engaging in criminal conduct (First Amended Complaint, ¶27), the specific facts asserted in the First Amended Complaint contradict this conclusory allegation. Specifically, the First Amended Complaint contends that Wardak summoned the police on his own, and informed the officers that he wanted to arrest Plaintiff for trespassing. (First Amended Complaint, ¶22). The First Amended Complaint *never* alleges that Wardak told the police officers how to effectuate the arrest, or that Wardak told the police officers to allegedly beat and assault Plaintiff without provocation. Moreover, the First Amended Complaint is clear that the *police officers* were the ones who allegedly falsely reported that Plaintiff resisted arrest and attacked the police officers. (First Amended Complaint, ¶26) Although the First Amended Complaint alleges that the officers named Wardak as a "witness", the First Amended Complaint *never* states that Wardak personally corroborated the police officers' allegedly false report. According to the First Amended Complaint, *Wardak's* written report pertained solely to Wardak summoning the police for a trespassing issue. (First Amended Complaint, ¶27) Whatever may or may not have transpired between Plaintiff and the Hayward Police Department officers was a *separate* incident of which Wardak and ADS had no part. As such, 42 U.S.C. §1983 does not apply to ADS and Wardak.

///

///

///

///

**AMERICAN DISCOUNT SECURITY AND DAUD WARDAK'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

# III.

# PLAINTIFF CANNOT SATISFY ALL THE NECESSARY ELEMENTS TO ASSERT A NEGLIGENCE PER SE CAUSE OF ACTION BASED UPON CIVIL CODE, SECTION 43

First, there are no facts that ADS or Wardak violated Civil Code §43. In People v. Lashley (1991) 1 Cal.App.4th 938, the court explained that "[e]ven a cursory review of the cases which apply the section (Civil Code §43) establishes that the phrase 'right of protection from bodily restraint or harm' refers simply to an individual's **right to be free from physical attack** or the threat thereof." (Boldface added.) Lashley, *supra*, 1 Cal.App.4th at 951. Therefore, merely requesting an arrest of plaintiff does not constitute a violation of Civil Code §43. The First Amended Complaint fails to contain an allegations that Wardak ever physically attacked Plaintiff or attempted to physically attack Plaintiff. The First Amended Complaint is clear that Hayward police officers, Lunger and Thoms, were the individuals who allegedly perpetrated the assault upon Plaintiff.

Secondly, even assuming arguendo, requesting Plaintiff's arrest for trespass could be considered an act subject to negligent per se liability under Civil Code §43, such conduct could not be considered the cause of Plaintiff's claimed injuries. Although the issue of causation is usually a question of fact, "where reasonable men will not dispute the absence of causality, the court may take the decision from the jury and treat the question as one of law." Constance B. v. State of California (1986) 178 Cal.App.3d 200, 207. Here, Plaintiff's "injuries" arise from the alleged unprovoked beating and assault he sustained. (FAC, ¶¶ 24-25) Plaintiff was allegedly assaulted and battered by the Hayward Police Department officers, **not** Wardak or any other employees of ADS. The First Amended Complaint does not allege that Wardak knew the officers would physically attack Plaintiff, or that Wardak requested the officers physically attack Plaintiff to effectuate an arrest for trespassing. Moreover, Plaintiff was ultimately

6

AMERICAN DISCOUNT SECURITY AND DAUD WARDAK'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

booked, charged and prosecuted for resisting a peace officer, public intoxication and carrying a dirk or dagger; the First Amended Complaint does **not** allege that these charges were initiated by Wardak or ADS. (FAC, ¶25) As such, based upon the facts specifically set forth in the First Amended Complaint, Plaintiff was actually detained on charges **unrelated** to Wardak's initial call to police.

Accordingly, Plaintiff has failed to plead any facts which would support any violation of Civil Code §43 by Wardak or ADS, nor establish that any violation by Wardak/ADS caused his injuries.

## IV.
## THE SIXTH CAUSE OF ACTION FOR NEGLIGENCE AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS FAILS TO ALLEGE FACTS TO SUPPORT PLAINTIFF'S CLAIM AGAINST ADS AND WARDAK

The elements of a cause of action for Negligence are: duty; breach of duty; legal cause; and damages. *See* Paz v. State of California (2000) 22 Cal.4th 550, 559. The existence of a duty is the threshold element of a negligence cause of action. Id.

Plaintiff contends that Defendants owed Plaintiff a duty to:

1. Act with reasonable care to prevent injury to Plaintiff;
2. Not arrest him without lawful justification;
3. Not direct law enforcement personnel to seize him without lawful justification; and
4. Properly train and supervise its personnel.

(First Amended Complaint, ¶60)

A review of Plaintiff's First Amended Complaint reveals that Plaintiff's "injury" stems from Hayward Police Department officers beating and assaulting him for no apparent reason. (First Amended Complaint, ¶¶24-25) Wardak and ADS were not involved in the alleged unprovoked assault of Plaintiff. Secondly, Hayward Police Department officers ultimately arrested and seized Plaintiff for resisting a peace officer,

7

AMERICAN DISCOUNT SECURITY AND DAUD WARDAK'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

public intoxication and carrying a dirk and dagger; Wardak and ADS were **not** involved with any of these charges. Accordingly, Plaintiff has not alleged any breach of a duty on the part of Wardak and ADS, which caused his ultimate damages.

## V.
## THE SEVENTH CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS FAILS TO ALLEGE FACTS TO SUPPORT PLAINTIFF'S CLAIM AGAINST ADS AND WARDAK

"[T]o state a cause of action for intentional infliction of emotional distress a plaintiff must show: (1) outrageous conduct by the defendant; (2) the defendant's intention of causing or reckless disregard of the probability of causing emotional distress; (3) the plaintiff's suffering severe or extreme emotional distress; and (4) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." Trerice v. Blue Cross of America (1989) 209 Cal.App.3d 878, 883. "Conduct, to be 'outrageous' must be so extreme as to exceed all bounds of that usually tolerated in a civilized society." Id.

Here, the First Amended Complaint acknowledges that Wardak informed Plaintiff and his friend that the *Jack in the Box* restaurant was closed for business and that Plaintiff and his friend still remained on the premises. (*See* First Amended Complaint ¶19.) Summoning the police about someone who is trespassing does not constitute "outrageous conduct", exceeding all bounds usually tolerated in a civilized society. Regardless of what the city of Hayward police officers may or may not have done thereafter, conduct by the *police officers* is **irrelevant** for purposes of a cause of action against ADS and Wardak.

///
///
///
///

8

AMERICAN DISCOUNT SECURITY AND DAUD WARDAK'S REPLY TO PLAINTIFF'S
OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

## VI.

## PLAINTIFF CANNOT HOLD ADS AND WARDAK VICARIOUSLY LIABLE FOR THE CONDUCT OF THE HAYWARD POLICE OFFICERS TO ASSERT A VIOLATION OF CIVIL CODE §51.7 AGAINST ADS AND WARDAK

Plaintiff's theory of liability for violation of Civil Code §51.7 is the same exact theory Plaintiff previously asserted in opposition to the Motion to Dismiss Plaintiff's cause of action for violation of Civil Code §52.1 - to wit, that ADS and Wardak should be liable for the conduct of the Hayward police officers simply by virtue of Wardak summoning the police. By way of Order, filed March 4, 2008, this court **rejected** such theory of liability.

Plaintiff does not deny that *all* the alleged violence was perpetrated by Hayward police officers. The First Amended Complaint contains absolutely no allegations that ADS or Wardak engaged in *any* violence or threats of violence.

Plaintiff's contention that ADS/Wardak either aided, incited or conspired in the denial of rights under Civil Code §51.7 is equally unconvincing. Again, the right protected by Civil Code §51.7 is the right to be free from any violence, or threat of violence, committed against their persons or property because of political affiliation, sex, race, color, religion, ancestry, national origin, disability, medical condition, marital status or sexual orientation.

The First Amended Complaint never alleges that ADS or Wardak intended the Hayward police officers to beat and physically attack Plaintiff, nor that ADS or Wardak knew the Hayward police officers would use violence in response to Wardak's report of trespassers. The First Amended Complaint there does not allege any facts that Wardak asked the officers to use violence or threats of violence against Plaintiff.

Moreover, Plaintiff's definition of "violence" is erroneous and misleading. Plaintiff relies on the case of People v. Bravot (1986) 183 Cal.App.3d 93 to contend that "violence" means "any wrongful application of physical force". (See Plaintiff's

9

AMERICAN DISCOUNT SECURITY AND DAUD WARDAK'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

1  Opposition, p. 9:10-12) However, in Bravot, the court was analyzing the meaning of the
2  words "force and violence" in the context of determining whether the defendant had
3  perpetrated a felonious escape by force and violence, and therefore consulted *criminal*
4  *jury instructions* for guidance. Bravot, *supra*, 183 Cal.App.3d at 96-97.

5      Plaintiff has cited to no authority for the proposition that merely summoning the
6  police for trespassers constitutes any type of "violence" for purposes of violation of
7  Civil Code §51.7. The very facts contained in the First Amended Complaint do not
8  demonstrate any violence, aiding in violence, inciting violence or conspiring to commit
9  violence by ADS and Wardak.

## VII.

## THE MERE ALLEGATION THAT DEFENDANTS FALSELY ARRESTED PLAINTIFF DOES NOT CONSTITUTE A VIOLATION OF CIVIL CODE §52.1 BY ADS AND WARDAK

14      The cases Plaintiff relies upon are clear that the defendant must be the *actual party*
15  who has engaged in the "threat, intimidation, or coercion." *See* Jones v. Kmart Corp.
16  (1998) 17 Cal.4th 329, 337 (it is "the plain statutory mandate that the *wrongdoing party*
17  coercively interfere with the exercise of a constitutional or other legal right.") In Cole
18  v. Doe 1 thru 2 Officers of the City of Emeryville Police Dept., 387 F.Supp.2d 1084
19  (N.D. Cal. 2005), the defendants were police officers who used their law enforcement
20  authority in manner deemed to arguably constitute intimidation and coercion.
21  Specifically, the plaintiff claimed that "the individual officers violated §52.1 by
22  interfering with his right to be free from unreasonable search or seizure under the
23  California Constitution in at least two ways: (1) by using their power as police officers
24  to stop Mr. Cole even though he had not committed a traffic violation and (2) by
25  coercing Mr. Cole to consent to the search of his car . . ." Cole, *supra*, 387 F.Supp.2d
26  at 1103. Indeed, Cole contended that one of the officers repeatedly asked him if there
27  was anything in the trunk they should know about, and insinuated that he would uncuff

Cole if Cole consented to a search of the trunk. Cole claimed that he finally consented to the search solely to end his ordeal, and that the officer finally released him from the police car and uncuffed him only after he provided such consent. Id. at 1089.

Plaintiff's reliance on Cole, *supra*, to claim that physical ejection or arrest is sufficient for purposes of proving threat, intimidation or coercion is misleadingly over broad. The United States District Court was referencing, *in dictum*, to the Massachusetts Civil Rights Act, which in *Massachusetts*, has been construed to cover "an implicit threat of physical ejection or arrest." As explained above, in Cole, the plaintiff contended that the defendant police officer used his law enforcement authority to personally threaten him with continued detention and arrest unless he consented to an unlawful search of his vehicle. Cole, *supra*, 387 F.Supp.2d at 1089.

In Venegas v. County of Los Angeles (2004) 32 Cal.4th 820, the California Supreme Court stated that a plaintiff pursuing constitutional violations under §52.1 must allege that the unconstitutional acts "were accompanied by the requisite threats, intimidation, or coercion." Venegas, *supra*, 32 Cal.4th at 843. Thus, according to the California Supreme Court, it is **not** sufficient, for example, to merely allege that the plaintiff was unlawfully detained or arrested; rather, such conduct must have been accompanied by threats, intimidation or coercion.

Here, Plaintiff argues that his cause of action for violation of §52.1 may be predicated on a violation of Civil Code §43. (Plaintiff's Opposition, p. 9:22-25) In People v. Lashley (1991) 1 Cal.App.4th 938, the court explained that "[e]ven a cursory review of the cases which apply the section (Civil Code §43) establishes that the phrase 'right of protection from bodily restraint or harm' refers simply to an individual's **right to be free from physical attack** or the threat thereof." (Boldface added.) Lashley, *supra*, 1 Cal.App.4th at 951. And again, the violation or attempted violation of even Civil Code §43 must be accompanied threats, intimidation or coercion to constitute a violation of Civil Code §52.1. Jones, *supra*, 17 Cal.4th at 338.

AMERICAN DISCOUNT SECURITY AND DAUD WARDAK'S REPLY TO PLAINTIFF'S
OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

The foregoing illustrates how Plaintiff <u>Civil Code</u> §52.1 violation cause of action is deficient against ADS and Wardak in several respects. First, it is paramount that the actual defendant be engaged in the "threats, intimidation or coercion". However, the First Amended Complaint fails to allege anywhere that Wardak or any agent of ADS engaged in any act of threats, intimidation or coercion.

Secondly, requesting an arrest of plaintiff does not constitute a violation of <u>Civil Code</u> §43, because requesting that someone be arrested is not the type of conduct contemplated by Section 43. Again, cases have consistently interpreted Section 43 to refer to the right to be free from physical attack. <u>Lashley</u>, *supra*, 1 Cal.App.4th at 951. The First Amended Complaint fails to contain an allegations that Wardak ever physically attacked Plaintiff or attempted to physically attack Plaintiff. The First Amended Complaint is clear that Hayward police officers, Lunger and Thoms, were the individuals who allegedly perpetrated the assault upon Plaintiff.

Plaintiff does not deny that the only stated interaction between Plaintiff and ADS and/or Wardak alleged in the First Amended Complaint occurred when Wardak simply advised Plaintiff and his friend that the *Jack in the Box* restaurant was closed. (FAC, ¶19) Such allegations do **not** support a cause of action for violation of <u>Civil Code</u> §52.1.

## VIII.

## PLAINTIFF SHOULD NOT BE GRANTED LEAVE TO AMEND

Leave to amend a complaint is not proper where amendment would be futile and/or the amendment is sought in bad faith. *See* <u>Allen</u>, *supra*, 911 F.2d at 373. Here, the specific facts pled by Plaintiff establish that Plaintiff does not have a viable claim against Defendants. This is not a case where Plaintiff has merely failed to plead all the necessary requirements for his causes of action. <u>Rather, the facts contained in the complaint *negate* the possibility of any claim against Defendants</u>. The only way Plaintiff could cure such "defect" would be to plead entirely *new facts* to *contradict* the facts he has already pleaded. If Plaintiff amended his complaint to simply *change* the facts to

12

AMERICAN DISCOUNT SECURITY AND DAUD WARDAK'S REPLY TO PLAINTIFF'S
OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

suit his claim against Defendants, irrespective of his belief in their truth, such conduct would be in bad faith.

## IX.
## CONCLUSION

As set forth above, Plaintiff has failed to set forth a claim to sustain his First, Third, Fifth, Sixth, Seventh, Eighth and Ninth Causes of Action against ADS and Wardak. Accordingly, Defendants respectfully request that the Court dismiss said causes of action without leave to amend.

DATED: May 22, 2008

PRINDLE, DECKER & AMARO LLP

By: _____
JAMES G. MURRAY
Attorneys for Defendants, AMERICAN DISCOUNT SECURITY; AND DAUD WARDAK aka DAVID WARDAK

AMERICAN DISCOUNT SECURITY AND DAUD WARDAK'S REPLY TO PLAINTIFF'S
OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

# PROOF OF SERVICE
*Kevin Walker v. City of Hayward, et al.*
*Case No. C07-06205 TEH*

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen (18) and am not a party to the within action; my business address is 310 Golden Shore, 4th Floor, Long Beach, California 90802.

On May 23 2008, I caused the foregoing document to be served, described as **AMERICAN DISCOUNT SECURITY AND DAUD WARDAK'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** on all interested parties to this action, through the use of the website maintained by USDC for electronic service:

SEE ATTACHED SERVICE LIST

☒ **BY E-FILING:** By submitting an electronic version of the document. This case has been ordered for Electronic Case Filing.

☐ **BY OVERNIGHT COURIER:** I caused the above-referenced document(s) to be delivered to _____ for delivery to the above address(es).

☐ **BY FAX:** I caused the above-referenced document to be transmitted via facsimile from Fax No. _____ to Fax Numbers listed on service list_____. The facsimile machine I used complies with Rule 2003(3) and no error was reported by the machine. Pursuant to Rule 2005(1), I caused the machine to print a record of the transmission, a copy of which is attached to this declaration.

☐ **BY PERSONAL SERVICE:** I caused such envelope to be delivered by hand to the addressee(s).

☐ [State]   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒ [Federal] I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on May 23, 2008, at Long Beach, California.

KERI CORONA

*Kevin Walker v. City of Hayward, et al.*
*Case No. C07-06205 TEH*

SERVICE LIST

| | |
|---|---|
| Jivaka Candappa, Esq.<br>46 Shattuck Square, Suite 15<br>Berkeley, CA 94704 | Attorneys for Plaintiff, Kevin Walker<br><br>T: (510) 981-1808<br>F: (510) 981-1817 |
| Randolph S. Hom<br>City Attorney's Office<br>777 "B" Street, 4th Floor<br>Hayward, CA 94541 | Attorneys for City of Hayward; Officer Art Thoms; Officer Scott Lunger; Officer Zachary Hoyer<br><br>T: (510) 583-4450<br>F: (510) 583-3660 |