**PRINDLE, DECKER & AMARO LLP**
James G. Murray, Esq. (Bar No. 120049)
310 Golden Shore, Fourth Floor
P.O. Box 22711
Long Beach, CA 90801-5511
Tel. No.: (562) 436-3946
Fax No.: (562) 495-0564
ADSS-0001

Attorneys for Defendants
**AMERICAN DISCOUNT SECURITY and
DAUD WARDAK aka DAVID WARDAK**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO)

| | |
|---|---|
| KEVIN WALKER,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF HAYWARD; OFFICER ART THOMS, OFFICER SCOTT LUNGER, and OFFICER ZACHARY HOYER, individually and in their official capacities; AMERICAN DISCOUNT SECURITY; and DAUD WARDAK aka DAVID WARDAK,<br><br>    Defendants. | CASE NO. C07-06205 TEH<br>Assigned to Hon. Thelton E. Henderson<br><br>**AMERICAN DISCOUNT SECURITY AND DAUD WARDAK'S _AMENDED_ REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Date    : June 9, 2008<br>Time   : 10:00 a.m.<br>Ctrm   : 12<br><br>First Amended<br>  Complaint Filed : April 4, 2008<br>Discovery Cut-off : None<br>Motion Cut-off : None<br>Trial Date : None |

     AMERICAN DISCOUNT SECURITY and DAUD WARDAK hereby reply to Plaintiff's Opposition to Motion to Dismiss Plaintiff's First Amended Complaint.

/ / /

/ / /

/ / /

---

1

**AMERICAN DISCOUNT SECURITY AND DAUD WARDAK'S _AMENDED_ REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

The additional facts Plaintiff included in his First Amended Complaint fail to correct the deficiencies present in his original Complaint. The additional facts are still *inconsistent* with Plaintiff's legal conclusions against ADS and Wardack. Again, a plaintiff "is not saved by having pleaded legal conclusions that, if consistent with the facts would establish his right to relief, where the **actual** facts pleaded are inconsistent with those legal conclusions. *See* Thomas v. Farley (7th Cir. 1994) 31 F.3d 557, 558-559.

Plaintiff's rights were allegedly deprived because he claims he was wrongfully arrested and subjected to a physical assault by Hayward police officers. Although Wardak initially summoned the police for a trespassing issue, the First Amended Complaint is clear that the police officers did **not** arrest and detain Plaintiff for trespassing, but rather arrested and detained Plaintiff for (1) resisting a peace officer, (2) public intoxication and (3) carrying a dirk or dagger. (FAC, ¶25)

Moreover, although the First Amended Complaint includes an additional allegation that "Plaintiff is informed and believes that Defendant HAYWARD POLICE DEPARTMENT customarily, and without conducting an independent investigation, detains and arrests subjects accused of trespassing or creating disturbances in the premises of *Jack in the Box* . . . on the basis of reports made by agents or employees of Jack in the Box and/or Defendant ADS" (*see* FAC, ¶28), the First Amended Complaint does **not** allege that ADS or Wardak had any reason to believe that Hayward police officers would physically assault someone for no apparent reason, nor that Hayward police officers routinely assaulted individuals whom *Jack in the Box* and/or ADS reported as trespassers.

///

///

2

AMERICAN DISCOUNT SECURITY AND DAUD WARDAK'S *AMENDED* REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

The facts Plaintiff chose to plead in his First Amended Complaint are simply inconsistent with his legal conclusions and add nothing of relevance to his claims against ADS and Wardak.

## II.

## DESPITE PLAINTIFF'S LEGAL CONCLUSIONS, THE FACTS PLAINTIFF CHOSE TO PLEAD IN HIS COMPLAINT ESTABLISH THAT ADS AND WARDAK DID NOT ACT UNDER COLOR OF LAW

### A. The Facts Pled Do Not Establish Joint Action on the Basis of the Police Officers' Alleged Failure to Investigate

Plaintiff erroneously attempts to demonstrate that there was joint action between ADS/Wardak and the State by claiming that the officers arrested him "without investigation", citing to Murray v. Wal-Mart, Inc. 874 F.2d 555 (8th Cir. 1989). In Murray, Wall-Mart accused Murray of shoplifting. Although Wall-Mart's employees could not find the allegedly shoplifted merchandise on Murray after completing their own investigation, Wall-Mart summoned the police, who took Murray into custody for shoplifting. Wall-Mart's manager had a close relationship with the prosecuting attorney, who apparently made the recommendation to prosecute Murray on shoplifting charges based on the manager's word alone, without conducting an independent investigation. Murray, *supra*, 874 F.2d at 557-559.

Here, Wardak summoned the police for a trespassing issue. However, unlike Murray, the police did **not** arrest and detain Plaintiff for the issue reported by the private citizen (Wardak). Rather, the Hayward police officers arrested and booked Plaintiff for *unrelated* charges - to wit, resisting a peace officer, public intoxication and carrying a dirk or dagger. (FAC, ¶25) The First Amended Complaint does **not** allege that the officers arrested Plaintiff for resisting a peace officer, public intoxication and carrying a dirk and dagger *solely based upon the representations of Wardak*. In fact, the First Amended Complaint never alleges that Wardak made *any* accusations against Plaintiff

3

AMERICAN DISCOUNT SECURITY AND DAUD WARDAK'S *AMENDED* REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

relating to the charges ultimately brought against Plaintiff. Notably, the First Amended Complaint does not allege that Plaintiff was *ever* charged with trespassing. As such, the pleaded facts do **not** demonstrate that the officers acted upon the sole direction of Wardak, and therefore without any investigation.

### B. The First Amended Complaint Does Not Allege Any Conspiracy Relevant to Plaintiff's Incident

In his Opposition, Plaintiff alternatively argues that Wardak conspired with police officers to violate Plaintiff's Constitutional rights. However, this argument is equally unpersuasive.

To prove a conspiracy between the state and private parties, the plaintiff must show an agreement or meeting of the minds to violate constitutional rights. United Steelworkers of America v. Phelps Dodge Corp., 865 F.2d 1539, 1540-1541 (9th Cir. 1989). Here, the First Amended Complaint alleges Hayward police officers physically attacked Plaintiff without provocation and falsely charged him with resisting a peace officer, public intoxication and carrying a dirk or dagger.

The closest the First Amended Complaint comes to alleging any kind of conspiracy is the allegation that Hayward police officers would routinely arrest individuals reported for trespassing without an investigation. (FAC, ¶28) However, the First Amended Complaint does **not** allege that ADS or Wardak had any reason to believe that Hayward police officers would physically assault someone for no apparent reason, nor that Hayward police officers routinely assaulted individuals whom *Jack in the Box* and/or ADS reported as trespassers. Notably, ¶28 of the First Amended Complaint does not allege that ADS employees had a custom of *falsely* accusing individuals for trespassing in order to violate their constitutional rights, and there are absolutely no allegations that ADS or its employees had reason to know that Hayward police officers would falsely accuse individuals of *other crimes* once ADS summoned police for help.

4

AMERICAN DISCOUNT SECURITY AND DAUD WARDAK'S *AMENDED* REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Therefore, the First Amended Complaint does not allege any meeting of the minds between Wardak and the Hayward police officers to have Plaintiff beat, accosted and treated in the manner described in Plaintiff's First Amended Complaint.

### C. Defendants Cannot be Liable Under 42 U.S.C. §1983 for Wardak's Witness Statement and Testimony Because Witnesses are Afforded Absolute Immunity

As part of his "conspiracy" theory, Plaintiff also inappropriately seeks to impose §1983 liability upon ADS and Wardak for Wardak's role as a *witness* after the physical altercation between Plaintiff and Hayward police officers.  However, it is of no consequence that Wardak may have been a prosecution witness.

In Briscoe v. LaHue 460 U.S. 325 (1983), the United States Supreme Court held that "[a]t least with respect to private witnesses, it is clear that §1983 did not abrogate the absolute immunity existing at common law." Briscoe, *supra*, 460 U.S. at 334. Absolute immunity applies to witnesses even if the witness provides statements the witness knew was false, or *even if it is alleged the witness conspired with the prosecutor or other state officials*. Id. at 330-332.  The basis for absolute immunity is that "the claims of the individual must yield to the dictates of public policy, which requires that the paths which lead to the ascertainment of truth should be left as free and unobstructed a possible."  Id. at 332-333 (*citing* Calkins v. Sumner, 13 Wis. 193, 197 (1860). Without absolute immunity, witnesses will be reluctant to come forward to testify; or once on the stand, witnesses may distort their testimony for fear of subsequent liability. Id. at 333.

Accordingly, §1983 liability cannot be based upon Wardak's role as a witness to the physical altercation between Plaintiff and the Hayward police officers.

///

///

///

AMERICAN DISCOUNT SECURITY AND DAUD WARDAK'S *AMENDED* REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

## III.

## PLAINTIFF CANNOT SATISFY ALL THE NECESSARY ELEMENTS TO ASSERT A NEGLIGENCE PER SE CAUSE OF ACTION BASED UPON CIVIL CODE, SECTION 43

First, there are no facts that ADS or Wardak violated Civil Code §43. In People v. Lashley (1991) 1 Cal.App.4th 938, the court explained that "[e]ven a cursory review of the cases which apply the section (Civil Code §43) establishes that the phrase 'right of protection from bodily restraint or harm' refers simply to an individual's **right to be free from physical attack** or the threat thereof." (Boldface added.) Lashley, *supra*, 1 Cal.App.4th at 951. Therefore, merely requesting an arrest of plaintiff does not constitute a violation of Civil Code §43. The First Amended Complaint fails to contain an allegations that Wardak ever physically attacked Plaintiff or attempted to physically attack Plaintiff. The First Amended Complaint is clear that Hayward police officers, Lunger and Thoms, were the individuals who allegedly perpetrated the assault upon Plaintiff.

Secondly, even assuming arguendo, requesting Plaintiff's arrest for trespass could be considered an act subject to negligence per se liability under Civil Code §43, such conduct could not be considered the cause of Plaintiff's claimed injuries. Although the issue of causation is usually a question of fact, "where reasonable men will not dispute the absence of causality, the court may take the decision from the jury and treat the question as one of law." Constance B. v. State of California (1986) 178 Cal.App.3d 200, 207. Here, Plaintiff's "injuries" arise from the alleged unprovoked beating and assault he sustained. (FAC, ¶¶ 24-25) Plaintiff was allegedly assaulted and battered by the Hayward Police Department officers, **not** Wardak or any other employees of ADS. The First Amended Complaint does not allege that Wardak knew the officers would physically attack Plaintiff, or that Wardak requested the officers physically attack Plaintiff to effectuate an arrest for trespassing. Moreover, Plaintiff was ultimately

6

AMERICAN DISCOUNT SECURITY AND DAUD WARDAK'S *AMENDED* REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

booked, charged and prosecuted for resisting a peace officer, public intoxication and carrying a dirk or dagger; the First Amended Complaint does **not** allege that these charges were initiated by Wardak or ADS. (FAC, ¶25) Based upon the facts specifically set forth in the First Amended Complaint, Plaintiff was actually detained on charges **unrelated** to Wardak's initial call to police.

Accordingly, Plaintiff has failed to plead any facts which would support any violation of Civil Code §43 by Wardak or ADS, nor establish that any violation by Wardak/ADS caused his injuries.

## IV.

## PLAINTIFF'S BEATING BY HAYWARD POLICE OFFICERS WAS NOT REASONABLY FORESEEABLE

Plaintiff bases his negligence-based causes of action on the premise that it was reasonably foreseeable that Hayward police officers would use "force" to arrest Plaintiff when Wardak reported the trespass. (Plaintiff's Opposition, p. 7:14-20.) However, the First Amended Complaint does not allege that Hayward police officers simply arrested Plaintiff. The First Amended Complaint alleges that officers placed Plaintiff in an arm lock, knocked him to the ground by forcefully executing a leg sweep, punched Plaintiff in the face, pepper-sprayed him in the eyes, and continued to batter him while he was *handcuffed* and being taken to the patrol vehicle. All of these actions were allegedly performed without any provocation by Plaintiff! (FAC, ¶¶23-24 and 26) It is beyond all logic that a party should be charged with reasonably foreseeing that police officers, responsible for upholding the law, would brutally attack a person for no reason.

Again, the First Amended Complaint does not allege that Hayward police officers routinely assaulted individuals whom *Jack in the Box* and/or ADS reported as trespassers, so as to make it reasonably foreseeable that Hayward police officers would engage in such conduct on the date of Plaintiff's incident.

As such, Plaintiff's negligence-based causes of action must fail.

7

AMERICAN DISCOUNT SECURITY AND DAUD WARDAK'S *AMENDED* REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

# V.

## THE FIRST AMENDED COMPLAINT DOES NOT ALLEGE ANY OUTRAGEOUS CONDUCT BY ADS AND WARDAK WHICH CAUSED PLAINTIFF'S INJURY TO SUPPORT A CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

"[T]o state a cause of action for intentional infliction of emotional distress a plaintiff must show: (1) outrageous conduct by the defendant; (2) the defendant's intention of causing or reckless disregard of the probability of causing emotional distress; (3) the plaintiff's suffering severe or extreme emotional distress; and (4) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." Trerice v. Blue Cross of America (1989) 209 Cal.App.3d 878, 883.

Plaintiff's allegation that Wardak summoned the police under a false report of trespassing is a **red herring** in terms of Plaintiff's intentional infliction of emotion distress claim. Specifically, Plaintiff could not have sustained any emotional injury from Plaintiff merely calling the police, because Plaintiff would have been unaware of Wardak's conduct (i.e. the FAC does not allege that Wardak personally accused Plaintiff of trespassing and made such accusations to Plaintiff's face before contacting the police, or that Wardak informed Plaintiff that he was calling the police to falsely report Plaintiff trespassing). All of the conduct which would have any impact on Plaintiff arose from the Hayward police officer's allegedly unprovoked physical attack upon Plaintiff, and Plaintiff thereafter being charged for resisting a peace officer, public intoxication and carrying a dirk or dagger. However, again, ADS and Wardak were not involved with Plaintiff's physical attack or subsequent arrest for resisting a peace officer, public intoxication and carrying a dirk or dagger.[1]

---

[1] COMPARE, Cervantes v. J.C. Penney Co., 24 Cal.3d 579 (1979), relied upon by Plaintiff, wherein the defendant's employee personally confronted the alleged shoplifter with the

8

AMERICAN DISCOUNT SECURITY AND DAUD WARDAK'S *AMENDED* REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Accordingly, Wardak's initial summoning of the police was **not** the conduct which ultimately caused Plaintiff's alleged emotional distress.

## VI.

## PLAINTIFF CANNOT HOLD ADS AND WARDAK VICARIOUSLY LIABLE FOR THE CONDUCT OF THE HAYWARD POLICE OFFICERS TO ASSERT A VIOLATION OF CIVIL CODE §51.7 AGAINST ADS AND WARDAK

Plaintiff's theory of liability for violation of Civil Code §51.7 is the same exact theory Plaintiff previously asserted in opposition to the Motion to Dismiss Plaintiff's cause of action for violation of Civil Code §52.1 - to wit, that ADS and Wardak should be liable for the conduct of the Hayward police officers simply by virtue of Wardak summoning the police. By way of Order, filed March 4, 2008, this court **rejected** such theory of liability.

Plaintiff does not deny that *all* the alleged violence was perpetrated by Hayward police officers. The First Amended Complaint contains absolutely no allegations that ADS or Wardak engaged in *any* violence or threats of violence.

Plaintiff's contention that ADS/Wardak either aided, incited or conspired in the denial of rights under Civil Code §51.7 is equally unconvincing. Again, the right protected by Civil Code §51.7 is the right to be free from any violence, or threat of violence, committed against their persons or property because of political affiliation, sex, race, color, religion, ancestry, national origin, disability, medical condition, marital status or sexual orientation.

The First Amended Complaint never alleges that ADS or Wardak intended the Hayward police officers to beat and physically attack Plaintiff, nor that ADS or Wardak knew the Hayward police officers would use violence in response to Wardak's report of

---

allegedly false accusation of shoplifting, and theft charges were brought against the plaintiff, based upon the defendant's false accusations.

9

AMERICAN DISCOUNT SECURITY AND DAUD WARDAK'S *AMENDED* REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

trespassers. The First Amended Complaint does not allege any facts that Wardak asked the officers to use violence or threats of violence against Plaintiff.

Moreover, Plaintiff's definition of "violence" is erroneous and misleading. Plaintiff relies on the case of People v. Bravot (1986) 183 Cal.App.3d 93 to contend that "violence" means "any wrongful application of physical force". (See Plaintiff's Opposition, p. 9:10-12) However, in Bravot, the court was analyzing the meaning of the words "force and violence" in the context of determining whether the defendant had perpetrated a felonious escape by force and violence, and therefore consulted *criminal* jury instructions for guidance. Bravot, *supra*, 183 Cal.App.3d at 96-97.

Plaintiff has cited to no authority for the proposition that merely summoning the police for trespassers constitutes any type of "violence" for purposes of violation of Civil Code §51.7. The very facts contained in the First Amended Complaint do not demonstrate any violence, aiding in violence, inciting violence or conspiring to commit violence by ADS and Wardak.

## VII.

## THE MERE ALLEGATION THAT DEFENDANTS FALSELY ARRESTED PLAINTIFF DOES NOT CONSTITUTE A VIOLATION OF CIVIL CODE §52.1 BY ADS AND WARDAK

The cases Plaintiff relies upon are clear that the defendant must be the *actual party* who has engaged in the "threat, intimidation, or coercion." See Jones v. Kmart Corp. (1998) 17 Cal.4th 329, 337 (it is "the plain statutory mandate that the *wrongdoing party* coercively interfere with the exercise of a constitutional or other legal right.") In Cole v. Doe 1 thru 2 Officers of the City of Emeryville Police Dept., 387 F.Supp.2d 1084 (N.D. Cal. 2005), the defendants were police officers who used their law enforcement authority in a manner deemed to arguably constitute intimidation and coercion. Specifically, the plaintiff claimed that "the individual officers violated §52.1 by interfering with his right to be free from unreasonable search or seizure under the

10

AMERICAN DISCOUNT SECURITY AND DAUD WARDAK'S *AMENDED* REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

1  California Constitution in at least two ways: (1) by using their power as police officers
2  to stop Mr. Cole even though he had not committed a traffic violation and (2) by
3  coercing Mr. Cole to consent to the search of his car . . ." <u>Cole</u>, *supra*, 387 F.Supp.2d
4  at 1103.  Indeed, Cole contended that one of the officers repeatedly asked him if there
5  was anything in the trunk they should know about, and insinuated that he would uncuff
6  Cole if Cole consented to a search of the trunk.  Cole claimed that he finally consented
7  to the search solely to end his ordeal, and that the officer finally released him from the
8  police car and uncuffed him only after he provided such consent.  <u>Id</u>. at 1089.

9  Moreover, Plaintiff's reliance on <u>Cole</u>, *supra*, to claim that physical ejection or
10 arrest is sufficient for purposes of proving threat, intimidation or coercion is
11 misleadingly over broad.  The United States District Court was referencing, *in dictum*,
12 to the Massachusetts Civil Rights Act, which in *Massachusetts*, has been construed to
13 cover "an implicit threat of physical ejection or arrest."  However, as explained above,
14 in <u>Cole</u>, the plaintiff contended that the defendant police officer used his law
15 enforcement authority to personally threaten him with continued detention and arrest
16 unless he consented to an unlawful search of his vehicle.  <u>Cole</u>, *supra*, 387 F.Supp.2d
17 at 1089.

18 In <u>Venegas v. County of Los Angeles</u> (2004) 32 Cal.4th 820, the California
19 Supreme Court stated that a plaintiff pursuing constitutional violations under §52.1 must
20 allege that the unconstitutional acts "were accompanied by the requisite threats,
21 intimidation, or coercion." <u>Venegas</u>, *supra*, 32 Cal.4th at 843.  Thus, according to the
22 California Supreme Court, it is **not** sufficient, for example, to merely allege that the
23 plaintiff was unlawfully detained or arrested; rather, <u>such conduct must have been
24 accompanied by threats, intimidation or coercion</u>.

25 Here, Plaintiff argues that his cause of action for violation of §52.1 may be
26 predicated on a violation of <u>Civil Code</u> §43. (Plaintiff's Opposition, p. 9:22-25) In
27 <u>People v. Lashley</u> (1991) 1 Cal.App.4th 938, the court explained that "[e]ven a cursory
28

11

**AMERICAN DISCOUNT SECURITY AND DAUD WARDAK'S *AMENDED* REPLY TO
PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED
COMPLAINT**

review of the cases which apply the section (Civil Code §43) establishes that the phrase 'right of protection from bodily restraint or harm' refers simply to an individual's **right to be free from physical attack** or the threat thereof." (Boldface added.) Lashley, *supra*, 1 Cal.App.4th at 951. And again, the violation or attempted violation of even Civil Code §43 must be accompanied by threats, intimidation or coercion to constitute a violation of Civil Code §52.1. Jones, *supra*, 17 Cal.4th at 338.

The foregoing illustrates how Plaintiff's Civil Code §52.1 violation cause of action is deficient against ADS and Wardak in several respects. First, requesting an arrest of plaintiff does not constitute a violation of Civil Code §43, because requesting that someone be arrested is not the type of conduct contemplated by Section 43. Again, cases have consistently interpreted Section 43 to refer to the right to be free from physical attack. Lashley, *supra*, 1 Cal.App.4th at 951. The First Amended Complaint fails to contain an allegations that Wardak ever physically attacked Plaintiff or attempted to physically attack Plaintiff. The First Amended Complaint is clear that Hayward police officers, Lunger and Thoms, were the individuals who allegedly perpetrated the assault upon Plaintiff.

Secondly, it is paramount that the actual defendant be engaged in the "threats, intimidation or coercion". However, the First Amended Complaint fails to allege anywhere that Wardak or any agent of ADS engaged in any act of threats, intimidation or coercion.

Plaintiff does not deny that the only stated interaction between Plaintiff and ADS and/or Wardak alleged in the First Amended Complaint occurred when Wardak simply advised Plaintiff and his friend that the *Jack in the Box* restaurant was closed. (FAC, ¶19) Such allegations do **not** support a cause of action for violation of Civil Code §52.1.

///
///
///

12

AMERICAN DISCOUNT SECURITY AND DAUD WARDAK'S *AMENDED* REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

## VIII.

## PLAINTIFF SHOULD NOT BE GRANTED LEAVE TO AMEND

Plaintiff has now had *two* opportunities to attempt to plead claims against ADS and Wardak. Leave to amend a complaint is not proper where amendment would be futile and/or the amendment is sought in bad faith. See <u>Allen v. City of Beverly Hills</u> (9th Cir.1990) 911 F.2d 367. Here, the specific facts pled by Plaintiff establish that Plaintiff does not have a viable claim against ADS and Wardak. This is not a case where Plaintiff has merely failed to plead all the necessary requirements for his causes of action. <u>Rather, the facts contained in the First Amended Complaint *negate* the possibility of any claim against ADS and Wardak.</u> The only way Plaintiff could cure such "defect" would be to plead entirely *new facts* to *contradict* the facts he has already pleaded. If Plaintiff amended his complaint to simply *change* the facts to suit his claim against Defendants, irrespective of his belief in their truth, such conduct would be in bad faith.

## IX.

## CONCLUSION

Based upon the foregoing, ADS and Wardak respectfully request that the Court dismiss the First, Third, Fifth, Sixth, Seventh, Eighth and Ninth Causes of Action against ADS and Wardak, without leave to amend.

DATED: May 27, 2008

PRINDLE, DECKER & AMARO LLP

By_____
JAMES G. MURRAY
Attorneys for Defendants, AMERICAN DISCOUNT SECURITY; AND DAUD WARDAK aka DAVID WARDAK

13

AMERICAN DISCOUNT SECURITY AND DAUD WARDAK'S *AMENDED* REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

# TABLE OF CONTENTS

Page

I. INTRODUCTION .................................................... 2

II. DESPITE PLAINTIFF'S LEGAL CONCLUSIONS, THE FACTS PLAINTIFF CHOSE TO PLEAD IN HIS COMPLAINT ESTABLISH THAT ADS AND WARDAK DID NOT ACT UNDER COLOR OF LAW ............................................ 3

  A. The Facts Pled Do Not Establish Joint Action on the Basis of the Police Officers' Alleged Failure to Investigate .............. 3

  B. The First Amended Complaint Does Not Allege Any Conspiracy Relevant to Plaintiff's Incident ...................... 4

  C. Defendants Cannot be Liable Under 42 U.S.C. §1983 for Wardak's Witness Statement and Testimony Because Witnesses are Afforded Absolute Immunity ...................... 5

III. PLAINTIFF CANNOT SATISFY ALL THE NECESSARY ELEMENTS TO ASSERT A NEGLIGENCE PER SE CAUSE OF ACTION BASED UPON CIVIL CODE, SECTION 43 ............. 6

IV. PLAINTIFF'S BEATING BY HAYWARD POLICE OFFICERS WAS NOT REASONABLY FORESEEABLE ........................ 7

V. THE FIRST AMENDED COMPLAINT DOES NOT ALLEGE ANY OUTRAGEOUS CONDUCT BY ADS AND WARDAK WHICH CAUSED PLAINTIFF'S INJURY TO SUPPORT A CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS ........................................ 8

VI. PLAINTIFF CANNOT HOLD ADS AND WARDAK VICARIOUSLY LIABLE FOR THE CONDUCT OF THE HAYWARD POLICE OFFICERS TO ASSERT A VIOLATION OF CIVIL CODE §51.7 AGAINST ADS AND WARDAK ................................... 9

VII. THE MERE ALLEGATION THAT DEFENDANTS FALSELY ARRESTED PLAINTIFF DOES NOT CONSTITUTE A VIOLATION OF CIVIL CODE §52.1 BY ADS AND WARDAK ................... 10

VIII. PLAINTIFF SHOULD NOT BE GRANTED LEAVE TO AMEND ...... 12

IX. CONCLUSION ..................................................... 13

AMERICAN DISCOUNT SECURITY AND DAUD WARDAK'S *AMENDED* REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

# TABLE OF AUTHORITIES

## CASES
Page

Constance B. v. State of California,
  (1986) 178 Cal.App.3d 200, 207 ............................................................. 6

Allen v. City of Beverly Hills,
  (9th Cir.1990) 911 F.2d 367 ............................................................ 12, 13

Briscoe v. LaHue,
  460 U.S. 325 (1983) ........................................................................... 5

Calkins v. Sumner,
  13 Wis. 193, 197 (1860) ...................................................................... 5

Cervantes v. J.C. Penney Co.,
  24 Cal.3d 579 (1979) ......................................................................... 8

Cole v. Doe 1 thru 2 Officers of the City of Emeryville Police Dept.,
  387 F.Supp.2d 1084 (N.D. Cal. 2005) ................................................ 10, 11

Constance B. v. State of California
  (1986) 178 Cal.App.3d 200, 207 ............................................................. 6

Jones v. Kmart Corp.,
  (1998) 17 Cal.4th 329, 337 ............................................................. 10, 12

Murray v. Wal-Mart, Inc.,
  874 F.2d 555 (8th Cir. 1989) ................................................................. 3

People v. Bravot,
  (1986) 183 Cal.App.3d 93 ................................................................... 10

People v. Lashley,
  (1991) 1 Cal.App.4th 938 ............................................................ 6, 11, 12

Thomas v. Farley,
  (7th Cir. 1994) 31 F.3d 557, 558-559 ...................................................... 2

Trerice v. Blue Cross of America,
  (1989) 209 Cal.App.3d 878, 883 ........................................................... 8

United Steelworkers of America v. Phelps Dodge Corp.,
  865 F.2d 1539, 1540-1541 (9th Cir. 1989) ................................................ 4

Venegas v. County of Los Angeles,
  (2004) 32 Cal.4th 820 ....................................................................... 11

AMERICAN DISCOUNT SECURITY AND DAUD WARDAK'S *AMENDED* REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

**STATUTES/CODES**

42 U.S.C. §1983 .................................................................... 5

Civil Code §43 ................................................................ 6, 7, 11

Civil Code §51.7 ................................................................ 9, 10

Civil Code §52.1 ................................................................ 9-12

AMERICAN DISCOUNT SECURITY AND DAUD WARDAK'S *AMENDED* REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

**PROOF OF SERVICE**
*Kevin Walker v. City of Hayward, et al.*
*Case No. C07-06205 TEH*

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen (18) and am not a party to the within action; my business address is 310 Golden Shore, 4th Floor, Long Beach, California 90802.

On May 27, 2008, I caused the foregoing document to be served, described as **AMERICAN DISCOUNT SECURITY AND DAUD WARDAK'S *AMENDED* REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** on all interested parties to this action, through the use of the website maintained by USDC for electronic service:

SEE ATTACHED SERVICE LIST

☒ **BY E-FILING:** By submitting an electronic version of the document. This case has been ordered for Electronic Case Filing.

☐ **BY OVERNIGHT COURIER:** I caused the above-referenced document(s) to be delivered to _____ for delivery to the above address(es).

☐ **BY FAX:** I caused the above-referenced document to be transmitted via facsimile from Fax No. _____ to Fax Numbers listed on service list _____. The facsimile machine I used complies with Rule 2003(3) and no error was reported by the machine. Pursuant to Rule 2005(1), I caused the machine to print a record of the transmission, a copy of which is attached to this declaration.

☐ **BY PERSONAL SERVICE:** I caused such envelope to be delivered by hand to the addressee(s).

☐ [State]   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒ [Federal]  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on May 27, 2008, at Long Beach, California.

_____
KERI CORONA

*Kevin Walker v. City of Hayward, et al.*
*Case No. C07-06205 TEH*

SERVICE LIST

| | |
|---|---|
| Jivaka Candappa, Esq.<br>46 Shattuck Square, Suite 15<br>Berkeley, CA 94704 | Attorneys for Plaintiff, Kevin Walker<br><br>T: (510) 981-1808<br>F: (510) 981-1817 |
| Randolph S. Hom<br>City Attorney's Office<br>777 "B" Street, 4th Floor<br>Hayward, CA 94541 | Attorneys for City of Hayward; Officer Art Thoms; Officer Scott Lunger; Officer Zachary Hoyer<br><br>T: (510) 583-4450<br>F: (510) 583-3660 |