1

2

3                    IN THE UNITED STATES DISTRICT COURT

4                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

5

6

7    KEVIN WALKER,                              NO. C07-6205 TEH

8                         Plaintiff,            ORDER GRANTING IN PART
                                                AND DENYING IN PART MOTION
9              v.                               TO DISMISS FIRST AMENDED
                                                COMPLAINT BY DEFENDANTS
10   CITY OF HAYWARD, et al.,                   AMERICAN DISCOUNT
                                                SECURITY AND WARDAK
11                       Defendants.

12

13         This matter comes before the Court on a motion to dismiss the first amended

14   complaint ("FAC") brought by Defendants American Discount Security ("ADS") and Daud

15   Wardak, also known as David Wardak (collectively "Defendants").  After careful

16   consideration of the parties' written arguments, the Court's ruling on Defendants' motion to

17   dismiss the original complaint, the new allegations in the FAC, and governing law, the Court

18   does not find oral argument to be necessary and hereby VACATES the June 16, 2008

19   hearing date.  The Court now GRANTS IN PART and DENIES IN PART Defendants'

20   motion to dismiss the FAC for the reasons discussed below.

21

22   **BACKGROUND**

23         The Court previously summarized the allegations in the original complaint as follows:

24              Plaintiff Kevin Walker alleges the following facts in the
                complaint:  On the night of December 9, 2005, Walker and
25              another African-American male visited a Jack in the Box
                restaurant located in Hayward, California.  As Walker and his
26              friend attempted to enter the restaurant, Defendant Wardak, a
                security guard employed by Defendant ADS, told them that the
27              restaurant was closed.  Walker and his friend then attempted to
                obtain service by walking up to the restaurant's drive-thru
28              window, which remained open for business.  After being refused

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1  service, they walked away from the window and waited for a ride.[1]

2

3  While they were waiting, Defendant Art Thoms and Scott Lunger, two police officers employed by Defendant City of Hayward, allegedly used excessive force against Walker, causing him to suffer "a lacerated chin, bloody nose and blurred vision." Compl. ¶ 26. Walker was handcuffed, arrested, and moved to a nearby patrol vehicle, allegedly being battered by Thoms and Defendant Zachary Hoyer, another Hayward police officer, along the way. Walker was later taken to the Hayward jail, where he was held in custody until being released on bail the following day.

8  Wardak "signed a written statement, apparently authored by Officer J. SNELL . . ., stating that he summoned the police and was making citizen's arrests of Plaintiff . . . and [his friend] for trespassing on *Jack in the Box* property." *Id.* ¶ 28. "In order to justify the unprovoked attack on Plaintiff and his friend, the arresting officers falsely reported that Plaintiff and his friend physically resisted the officers and attacked them." *Id.* ¶ 29.

12  On or about December 12, 2005, Walker was charged with resisting a peace officer, public intoxication, and carrying a dirk or dagger, in violation of California Penal Code sections 69, 647(f), and 12020(a)(4), respectively. He was not charged with trespassing. Following a trial by jury, Walker was acquitted of all charges on or about June 15, 2007.

16  Walker filed this lawsuit on December 7, 2007, against Defendants City of Hayward; Officers Thoms, Lunger, and Hoyer; and Wardak and ADS.

18  Mar. 4, 2008 Order Granting in Part & Denying in Part Mot. to Dismiss by Defs. Am.

19  Discount Security & Wardak at 1-2.

20  On March 4, 2008, this Court granted in part and denied in part Defendants' motion to

21  dismiss the claims asserted against them in the original complaint. Specifically, the Court

22  denied the motion to dismiss Plaintiff's claim for intentional infliction of emotional distress.

23  However, the Court granted dismissal, with leave to amend, of Plaintiff's claims under 42

24  U.S.C. § 1983, his malicious prosecution claim, his abuse of process claim, his negligence

25  claim, and his claim under California Civil Code section 52.1.

26  [1]The FAC no longer alleges that Plaintiff and his friend attempted to receive service at the drive-thru window. Instead, the FAC alleges that "the restaurant drive-thru window was open for business at the time Plaintiff and Jerry Walker were denied entry. Plaintiff and Jerry Walker left the front entrance to the restaurant and waited for their ride to arrive." FAC ¶ 19.

2

**United States District Court**
For the Northern District of California

1    Plaintiff timely filed a first amended complaint on April 4, 2008. The amendments

2    include the following new allegations: Wardak prevented Plaintiff and his friend, Jerry

3    Walker, from entering the restaurant "despite the fact that he had allowed two other people to

4    enter the restaurant just moments before." FAC ¶ 19. As Plaintiff and Jerry Walker were

5    waiting to be picked up, Wardak "contacted the Hayward Police Department and made a

6    false report that three or four black males were causing a disturbance in the parking lot." *Id.*

7    ¶ 20. When Officers Lunger and Thoms arrived on the scene, Wardak "directed the officers

8    to Plaintiff KEVIN WALKER and Jerry Walker, and wanted the officers to arrest them both

9    for trespassing. The officers did not conduct an independent investigation into the matter.

10   The officers did not ask either Plaintiff or Jerry Walker why they were in the area and did not

11   advise them to leave the area. Instead, the officers proceeded to arrest Plaintiff and Jerry

12   Walker without lawful justification at the behest of Defendant WARDAK." *Id.* ¶ 22.

13   The FAC further alleges that Wardak "was identified as a witness in the incident

14   reports authored by Defendant police officers," *id.* ¶ 26, and that Wardak "made numerous

15   material misrepresentations in the citizen's arrest report statement and conspired with the

16   police officers in falsely accusing Plaintiff of trespassing and engaging in criminal conduct,"

17   *id.* ¶ 27. Finally, Plaintiff alleges in the FAC that:

18          [He] is informed and believes that Defendant HAYWARD
            POLICE DEPARTMENT customarily, and without conducting
19          an independent investigation, detains and arrests subjects accused
            of trespassing or creating disturbances in the premises of *Jack in*
20          *the Box* located on Tennyson Road in Hayward on the basis of
            reports made by agents or employees of *Jack in the Box* and/or
21          Defendant ADS. Plaintiff is informed and believes that subjects
            arrested at *Jack in the Box* pursuant to such reports were
22          customarily referred by the Hayward Police Department to the
            Alameda County District Attorney's Office for prosecution.
23          And, the reporting party in such cases was identified as a
            percipient witness.
24

25   *Id.* ¶ 28.

26   Based on these allegations, the FAC reasserts Plaintiff's § 1983, negligence,

27   intentional infliction of emotional distress, and California Civil Code section 52.1 claims

28   against Defendants. The FAC also adds a negligence per se claim based on California Civil

3

1    Code section 43, as well as a claim for violation of California Civil Code 51.7.  Defendants

2    now move to dismiss all claims asserted against them.

3

4    **LEGAL STANDARD**

5         Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) when a

6    plaintiff's allegations fail "to state a claim upon which relief can be granted."  Fed. R. Civ. P.

7    12(b)(6).  In evaluating the sufficiency of a complaint's allegations, a court must assume the

8    facts alleged in the complaint to be true unless the allegations are controverted by exhibits

9    attached to the complaint, matters subject to judicial notice, or documents necessarily relied

10   on by the complaint and whose authenticity no party questions.  *Lee v. City of Los Angeles*,

11   250 F.3d 668, 688-89 (9th Cir. 2001).  In addition, a court need not "accept as true

12   allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable

13   inferences."  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended*

14   *on other grounds by* 275 F.3d 1187 (9th Cir. 2001).  A court should not grant dismissal

15   unless the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible

16   on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).  Moreover,

17   dismissal should be with leave to amend unless it is clear that amendment could not possibly

18   cure the complaint's deficiencies.  *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1296 (9th

19   Cir. 1998).

20

21   **DISCUSSION**

22   **I.    42 U.S.C. § 1983 Claims**

23        First, Defendants again move to dismiss the § 1983 claims against them on grounds

24   that Plaintiff has failed to allege that they acted under color of law.  *See* 42 U.S.C. § 1983

25   (applying to conduct by persons acting "under color of any statute, ordinance, regulation,

26   custom, or usage, of any State or Territory or the District of Columbia").  When the Court

27   dismissed the § 1983 claims against Defendants in the original complaint, it found that

28   Plaintiff had failed to allege sufficient facts to support a joint action theory.  Under that

United States District Court
For the Northern District of California

4

theory, a private party may be held liable under § 1983 if he or she "is a willful participant in joint action with the State or its agents." *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980). A "bare allegation" of joint action is insufficient to survive a motion to dismiss, and a plaintiff must instead allege "facts tending to show that [the private defendants] acted under color of state law or authority." *Degrassi v. City of Glendora*, 207 F.3d 636, 647 (9th Cir. 2000) (citation and internal quotations omitted). Based on the allegations in the original complaint, the Court concluded that:

> Plaintiff here has failed to [allege such facts]. The Ninth Circuit has held that "merely complaining to the police does not convert a private party into a state actor. Nor is execution by a private party of a sworn complaint which forms the basis of an arrest enough to convert the private party's acts into state action." *Collins v. Womancare*, 878 F.2d 1145, 1155 (9th Cir. 1989) (citations omitted). Thus, Plaintiff's allegation that Wardak signed a written statement that he was making a citizen's arrest for trespassing is insufficient to allege state action on Wardak's behalf. Compl. ¶ 28. Similarly, it is insufficient for Plaintiff to allege that the police officers "wrongfully arrested Plaintiff on the basis of a false report" made by Wardak. *Id.* ¶ 1. Nowhere does the complaint allege that Plaintiff was ever arrested for or charged with trespassing, nor does it allege that Wardak made any statements regarding the three charges that were actually brought against Plaintiff. Additionally, the complaint does not allege any facts supporting a conspiracy between Wardak and the Defendant officers in the case; Wardak is only alleged to have signed a statement prepared by Officer Snell, who is not named as a defendant in this case and is not alleged to have participated in the alleged unlawful use of force against Plaintiff.
>
> Put simply, Plaintiff has failed to allege the "substantial degree of cooperative action" required to allege § 1983 liability by a private actor under a joint action theory. *Collins*, 878 F.2d at 1154.

Mar. 4, 2008 Order at 4.

Plaintiff has cured this deficiency in the FAC. Although Defendants correctly observe that Plaintiff does not allege that he was ultimately charged with trespassing, Plaintiff does allege that the officers initially arrested him based solely on Wardak's complaints of trespassing and without conducting any independent investigation. FAC ¶ 22. Unlike in *Collins*, the officers in this case are alleged to have failed to use independent judgment and failed to maintain a position of neutrality; instead, they are alleged to have followed a customary policy whereby they arrest individuals based on reports made by Jack in the Box

5

**United States District Court**
For the Northern District of California

or ADS employees.  *Compare* FAC ¶¶ 22, 28 *with Collins*, 878 F.2d at 1155-56; *also compare, e.g., Carey v. Continental Airlines, Inc.*, 823 F.2d 1402, 1404 (10th Cir. 1987) (dismissing § 1983 claim against private party who made a citizen's arrest where police arrested plaintiff after questioning him and there were no factual allegations from which the court "might conclude that his arrest resulted from any concerted action, whether conspiracy, prearranged plan, customary procedure, or policy that substituted the judgment of a private party for that of the police or allowed a private party to exercise state power"); *Sims v. Jefferson Downs Racing Ass'n, Inc.*, 778 F.2d 1068, 1078-79 (5th Cir. 1985) (rejecting joint action theory where the plaintiff "has not alleged a preconceived plan between [private party and the police], nor has he shown that the arresting officer did not make an independent determination whether there was cause to arrest").  Thus, the FAC's allegations adequately allege Defendants' § 1983 liability under a joint action theory.  *See Murray v. Wal-Mart, Inc.*, 874 F.2d 555, 559 (8th Cir. 1989) (noting that "a store and its employees may be considered to be acting jointly with police when the police will detain accused shoplifters without making an independent investigation, or pursuant to a customary plan between the store and the police department" (citations omitted)).  The Court therefore DENIES Defendants' motion to dismiss Plaintiff's first and third causes of action under § 1983.

## II.     Negligence Claims

Next, the FAC reasserts Plaintiff's negligence and negligent infliction of emotional distress cause of action against Defendants.  In addition, Plaintiff added a negligence per se cause of action based on an alleged violation of California Civil Code section 43, which provides in relevant part that "every person has, subject to the qualifications and restrictions provided by law, the right of protection from bodily restraint or harm."

"Under general negligence principles, . . . a person ordinarily is obligated to exercise due care in his or her own actions so as not to create an unreasonable risk of injury to others, and this legal duty generally is owed to the class of persons who it is reasonably foreseeable may be injured as the result of the actor's conduct."  *Lugtu v. Cal. Highway Patrol*, 26 Cal.

4th 703, 714 (2001) (citations omitted). This "includes the duty not to place another person in a situation in which the other person is exposed to an unreasonable risk of harm through the reasonably foreseeable conduct (including the reasonably foreseeable negligent conduct) of a third person." *Id.* (citations omitted).

Defendants' primary argument for dismissal of both negligence causes of action is that the officers' alleged use of excessive force was not reasonably foreseeable as a matter of law. However, Defendants misconstrue Plaintiff's claims for damages as based solely on physical injuries. While Defendants are correct that the alleged use of excessive force by Officers Thoms and Lunger was likely not reasonably foreseeable by Wardak, they ignore that Plaintiff alleges damages based not only on the alleged use of force, but also on his arrest and detention allegedly caused by Wardak's actions. It is indisputable that it is reasonably foreseeable that an officer might make an arrest after receiving a report of illegal behavior from a private citizen.

Moreover, the Court rejects Defendants' argument – raised only in their reply – that California Civil Code section 43 only protects against physical harm. In addition to being procedurally improper for not being raised in the moving papers, Defendants' argument is also unpersuasive on the merits. Defendants cite a California appellate decision which explained that "[e]ven a cursory review of the cases which apply the section establishes that the phrase 'right of protection from bodily restraint or harm' refers simply to an individual's right to be free from physical attack or the threat thereof." *People v. Lashley*, 1 Cal. App. 4th 938, 951 (1991). However, in making that point, the court was "reject[ing] the semantical argument advanced by defendant that to interfere with the rights secured by the statute 'a person would have to interfere with the state's attempt to protect another from . . . injury, or interfere with such person's attempt to secure such protection." *Id.* at 950-51. The court was not attempting to limit the statute only to claims of physical assault; indeed, the wording of the statute itself refers to bodily *restraint* in addition to bodily *harm*.

Based on all of the above, this Court rejects Defendants' arguments regarding Plaintiff's negligence claims. The Court therefore DENIES the motion to dismiss Plaintiff's

United States District Court

For the Northern District of California

1    fifth cause of action for negligence per se and his sixth cause of action for negligence and

2    negligent infliction of emotional distress.

3

4    **III.    Intentional Infliction of Emotional Distress Claim**

5        The FAC also reasserts a claim for intentional infliction of emotional distress

6    ("IIED").  In ruling on Defendants' motion to dismiss the original complaint, the Court

7    denied the motion as to Plaintiff's IIED claim for the following reasons:

8
> While Defendants may well prevail at summary judgment or trial,
9       the Court cannot dismiss Plaintiff's IIED claim at this stage of the
        proceedings. . . .  Viewing the allegations in a light most
10      favorable to Plaintiff, it is possible that Wardak only advised
        Plaintiff that the restaurant building (but not the drive-thru
11      window) was closed and never asked Plaintiff to leave the
        premises.  It is similarly possible that Plaintiff and his friend were
12      peacefully waiting for a ride that was on its way, and Wardak did
        not approach them again, or find their conduct troubling in any
13      way, after he advised them that the restaurant was closed.  Thus,
        read in a light most favorable to Plaintiff, the allegations could
14      support an IIED claim; it is arguably not within the bounds of a
        civilized society for a security guard to make a citizen's arrest
15      when two individuals who, having been told a restaurant was
        closed . . ., were simply waiting, without any disorderly conduct,
16      for a ride.

17   Mar. 4, 2008 Order at 6-7.  The amendments to the complaint do not change the Court's

18   analysis.  If anything, the new allegations only add to the potential unreasonableness of

19   Wardak's actions.  *See* FAC ¶ 19 (alleging that Wardak allowed two other people to enter the

20   restaurant "just moments before" preventing Plaintiff and his friend from entering); *id.* ¶ 20

21   (alleging that Wardak "contacted the Hayward Police Department and made a false report

22   that three or four black males were causing a disturbance in the parking lot").  Consequently,

23   the Court DENIES Defendants' motion to dismiss Plaintiff's seventh cause of action for

24   intentional infliction of emotional distress.

25

26   **IV.    California Civil Code Section 51.7 Claim**

27       Defendants next move to dismiss the newly added cause of action for violation of

28   California Civil Code section 51.7, which gives individuals "the right to be free from any

**United States District Court**
For the Northern District of California

United States District Court

For the Northern District of California

1   violence, or intimidation by threat of violence, committed against their persons or property

2   because of" a variety of characteristics, including race.  Plaintiff does not allege that Wardak

3   himself used or threatened violence against Plaintiff; instead, he asserts that Wardak is liable

4   for the officers' alleged use of force under California Civil Code section 52(b), which

5   provides liability for those who "aid[], incite[], or conspire[]" in the denial of the rights

6   provided by section 51.7.  However, Plaintiff cites no authority for the proposition that

7   complaining to officers about someone trespassing or creating a disturbance equates to aiding

8   or inciting officers to commit violence, and there are no other factual allegations in the FAC

9   indicating that Wardak incited violence by the officers or aided or conspired with them in

10  committing violence.  The Court therefore GRANTS Defendants' motion to dismiss

11  Plaintiff's eighth cause of action for violation of California Civil Code section 51.7.

12          Although Plaintiff does not specifically request leave to amend in his opposition

13  papers, the Court cannot say that granting such leave would be futile.  Accordingly, dismissal

14  of this claim is with leave to amend.

15

16  **V.     California Civil Code Section 52.1 Claim**

17          Finally, Defendants move to dismiss Plaintiff's claim under California Civil Code

18  section 52.1, which prohibits interference or attempted interference "by threats, intimidation,

19  or coercion, with the exercise or enjoyment by any individual or individuals of rights secured

20  by the Constitution or laws of the United States, or of the rights secured by the Constitution

21  or laws of [California]" by any "person or persons, whether or not acting under color of law."

22  Cal. Civ. Code § 52.1(a).  The Court dismissed Plaintiff's section 52.1 claim from the

23  original complaint because "[t]he complaint [did] not allege any 'threats, intimidation, or

24  coercion' by Wardak or ADS, and Plaintiff cite[d] no authority for the proposition that a

25  person may be vicariously liable under section 52.1 for threats, intimidation, or coercion by

26  others, such as the police officers who allegedly battered Plaintiff in this case."  Mar. 4, 2008

27  Order at 7.

28

9

United States District Court

For the Northern District of California

1    Plaintiff again cites no authority for vicarious liability under section 52.1.  Instead,

2    Plaintiff now asserts that Wardak's citizen arrest of Plaintiff "was without lawful justification

3    (FAC ¶¶ 20-22), and amounted to threatening, intimidating, and coercive conduct." Opp'n at

4    10.  For support, Plaintiff relies on *Cole v. Doe 1 thru 2 Officers of the City of Emeryville*

5    *Police Department*, where the district court concluded that "[u]se of law enforcement

6    authority to effectuate a stop, detention (including use of handcuffs), and search can

7    constitute interference by 'threat[], intimidation, or coercion' if the officer lacks probable

8    cause to initiate the stop, maintain the detention, and continue a search." *Cole*, 387 F. Supp.

9    2d 1084, 1103 (N.D. Cal. 2005) (alteration in original).

10    However, while *Cole* stands for the proposition that section 52.1 may be violated in

11    the absence of violence or threat of violence, Plaintiff seeks an overbroad extension of the

12    court's ruling.  The plaintiff in *Cole* contended that the defendants violated his rights under

13    section 52.1 "in at least two ways: (1) by using their power as police officers to stop Mr.

14    Cole even though he had not committed a traffic violation and (2) by coercing Mr. Cole to

15    consent to the search of his car, in particular, his trunk." *Id.*  Here, by contrast, Wardak was

16    not a police officer, and Plaintiff cites no authority for the proposition that making a citizen's

17    arrest inherently involves the use of coercive police powers.  Moreover, although Wardak is

18    alleged to have made the initial complaint to police and to have filed – subsequent to

19    Plaintiff's arrest – a written statement that he made a citizen's arrest, Wardak is not alleged

20    to have physically detained Plaintiff himself or to have threatened Plaintiff with arrest in any

21    way.  Nor is Wardak alleged to have had any interactions with Plaintiff subsequent to

22    informing Plaintiff that the restaurant was closed and barring him from entering.

23    Plaintiff's argument suggests that any false arrest claim would be sufficient to support

24    a claim under section 52.1, but a false arrest claim, without more, is not enough.  As the

25    California Supreme Court has explained, a plaintiff does not state a claim under section 52.1

26    unless the alleged acts interfering with constitutional or statutory rights are "accompanied by

27    the requisite threats, intimidation, or coercion." *Venegas v. County of Los Angeles*, 32 Cal.

28    4th 820, 843 (2004).  In this case, the Court does not find any allegations that support even

10

1   the inference of threats, intimidation or coercion on behalf of Wardak against Plaintiff in

2   connection with Wardak's alleged citizen's arrest.  Accordingly, the Court GRANTS

3   Defendants' motion to dismiss Plaintiff's ninth cause of action for violation of California

4   Civil Code section 52.1.  Dismissal is without leave to amend; Plaintiff has already had one

5   opportunity to amend the complaint to correct the deficiencies related to his section 52.1

6   claim, and it appears to the Court that further leave to amend would be futile.

7

8   **CONCLUSION**

9       For the reasons discussed above, the Court GRANTS IN PART and DENIES IN

10   PART the motion to dismiss Plaintiff's first amended complaint brought by Defendants ADS

11   and Wardak.  The motion is GRANTED as to Plaintiff's causes of action under California

12   Civil Code sections 51.7 and 52.1 and DENIED as to all other claims.  Plaintiff's section

13   52.1 claim is dismissed without leave to amend, but Plaintiff shall be granted leave to amend

14   his section 51.7 claim.

15       To facilitate the possibility of settlement, the Court will not require Plaintiff to amend

16   his complaint until after the parties' scheduled mediation session.  Accordingly, IT IS

17   HEREBY ORDERED that, if mediation does not resolve this case and Plaintiff can allege

18   sufficient facts to state a claim under California Civil Code section 51.7 in light of this order

19   and the requirements of Rule 11 of the Federal Rules of Civil Procedure, he shall file a

20   second amended complaint on or before **July 11, 2008.**  Failure to file a timely amended

21   complaint shall result in dismissal with prejudice of Plaintiff's section 51.7 claim against

22   Defendants Wardak and ADS.

23

24   **IT IS SO ORDERED.**

25

26   Dated:   06/06/08

                                      _____

27                          THELTON E. HENDERSON, JUDGE
                          UNITED STATES DISTRICT COURT

28

**United States District Court**
For the Northern District of California