**PRINDLE, DECKER & AMARO LLP**
James G. Murray, Esq. (Bar No. 120049)
310 Golden Shore, Fourth Floor
P.O. Box 22711
Long Beach, CA 90801-5511
Tel. No.: (562) 436-3946
Fax No.: (562) 495-0564
ADSS-0001

Attorneys for Defendants
**AMERICAN DISCOUNT SECURITY and
DAUD WARDAK aka DAVID WARDAK**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO)

| | |
|---|---|
| KEVIN WALKER, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF HAYWARD; OFFICER ART THOMS, OFFICER SCOTT LUNGER, and OFFICER ZACHARY HOYER, individually and in their official capacities; AMERICAN DISCOUNT SECURITY; and DAUD WARDAK aka DAVID WARDAK, <br><br> Defendants. | CASE NO. C07-06205 THE <br> Assigned to Hon. Thelton E. Henderson <br><br> **ANSWER TO FIRST AMENDED COMPLAINT** <br><br> First Amended <br>  Complaint Filed  : April 4, 2008 <br> Discovery Cut-off : None <br> Motion Cut-off    : None <br> Trial Date        : None |

COMES NOW, Defendants, AMERICAN DISCOUNT SECURITY and DAUD WARDAK aka DAVID WARDAK (hereinafter referred to collectively as "Defendants"), and answer the unverified First Amended Complaint ("FAC") as follows:

    1.    Answering Paragraphs 1 and 3 of the FAC, Defendants are without sufficient knowledge or information regarding the reasoning and thought processes of the Hayward Police Department officers, and therefore deny each and every allegation contained therein.

2. Answering Paragraphs 2 and 4 through 10 of the FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraphs.

3. Answering Paragraph 11 of the FAC, Defendants admit the allegations in said paragraph.

4. Answering Paragraph 12 of the FAC, Defendants admit Wardak was employed by ADS as a security guard on December 9, 2005. Defendants deny that Wardak was acting under color of law and in concert and/or conspired with Defendants Thoms, Lunger and Hoyer in violating Plaintiff's rights under federal and state law.

5. Answering Paragraph 13 of the FAC, Defendants admit that Wardak was an employee of ADS, but deny all other allegations in said paragraph.

6. Answering Paragraph 14 of the FAC, Defendants deny the allegations in said paragraph.

7. Answering Paragraphs 15 through 18, Defendants admit this Court has subject matter jurisdiction, and that venue is appropriate.

8. Answering Paragraph 19, Defendants admit Wardak informed Plaintiff and Jerry Walker that the restaurant was closed and were denied entry to the restaurant on that basis. Defendants further admit that the drive-thru window was open for business. Defendants deny all other allegations in said paragraph.

9. Answering Paragraph 20, Defendants admit Wardak contacted the police because Plaintiff was causing a disturbance. Defendants deny all other allegations in said paragraph.

10. Answering Paragraph 21, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph.

11. Answering Paragraph 22, Defendants admit Wardak pointed out Plaintiff and Jerry Walker as the individuals who were causing the disturbance. Defendants are without sufficient knowledge or information to form a belief as to the truth of all other allegations contained in said paragraph.

12. Answering Paragraph 23, Defendants admit Wardak witnessed a physical altercation between Hayward Police Department officers and Plaintiff. Defendants are without sufficient knowledge or information to form a belief as to the truth of all other allegations contained in said paragraph.

13. Answering Paragraphs 24 and 25, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraphs.

14. Answering Paragraph 26, Defendants admit Wardak was named as a witness in the Police Report. Defendants are without sufficient knowledge or information to form a belief as to the truth of all other allegations contained in said paragraph.

15. Answering Paragraph 27, Defendants admit Wardak signed a written statement. Defendants deny all other allegations contained in said paragraph.

16. Answering Paragraphs 28 and 29, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraphs.

17. Answering Paragraphs 30 and 31, Defendants deny that Wardak and ADS intentionally misrepresented any facts for which Plaintiff had to defend criminal charges. Defendants are without sufficient knowledge or information to form a belief as to the truth of all other allegations contained in said paragraphs.

18. Answering Paragraph 32, Defendants deny detaining, searching, arresting, imprisoning, using any force, maliciously prosecuting or inflicting any injuries upon Plaintiff. Defendants are without sufficient knowledge or information to form a belief as to the truth of all other allegations contained in said paragraph.

19. Answering Paragraphs 33 through 38, Defendants deny the allegations contained in said paragraphs.

20. Answering Paragraphs 39 through 44 and 51-54, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraphs.

21. Answering Paragraphs 45 through 50 and 55 through 65, Defendants deny the allegations contained in said paragraphs.

22. By Order filed June 6, 2008, granting in part and denying in part Motion to Dismiss First Amended Complaint, Plaintiff's Eighth and Ninth Causes of Action have been dismissed against Defendants.

23. Defendants deny all remaining allegations of the Complaint not specifically answered above.

### FIRST AFFIRMATIVE DEFENSE
(Lack of State Action/Non-State Actor)

24. Defendants did not act as described in the First Amended Complaint under color of state law, but only as private actors.

### SECOND AFFIRMATIVE DEFENSE
(Comparative Negligence)

25. Alleges that Plaintiff's injuries, if any, were caused and contributed to by Plaintiff's own negligence.

### THIRD AFFIRMATIVE DEFENSE
(Assumption of Risk)

26. Alleges that Plaintiff's injuries, if any, were caused and contributed to by Plaintiff's own assumption of risk.

### FOURTH AFFIRMATIVE DEFENSE
(Statute of Limitations)

27. Alleges the Complaint, and each cause of action thereof, is barred by the applicable statute of limitations.

## FIFTH AFFIRMATIVE DEFENSE

(Fault of Others)

28. Alleges that other persons or entities, whether or not parties, each, were negligent or at fault, and such negligence or fault was a proximate cause of Plaintiff's injuries and damages, if any, and should any judgment be awarded to Plaintiff, it must be apportioned among all such persons or entities, and offset against any judgment against Defendants.

## SIXTH AFFIRMATIVE DEFENSE

(Proposition 51)

29. Pursuant to Civil Code Section 1431.2, Defendants' liability for non-economic losses will be several only and not joint. Answering Defendants shall only be liable for the amount of non-economic damages allocated to Answering Defendants' percentage of fault, if any.

## SEVENTH AFFIRMATIVE DEFENSE

(Estoppel)

30. As a result of the acts, conduct and/or omissions of Plaintiff, the First Amended Complaint and each cause of action therein alleged, is barred by the doctrine of estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

(Mitigation of Damages)

31. Defendants allege that Plaintiff's injuries or damages, if any, should be diminished, reduced and/or barred for the reason that Plaintiff has failed to take any action whatsoever to mitigate his alleged injuries or damages.

///
///
///
///

## NINTH AFFIRMATIVE DEFENSE

(Unclean Hands)

32. Defendants allege that Plaintiff is barred and estopped from bringing the causes of action set forth in the First Amended Complaint because Plaintiff has unclean hands as to the conduct related to the subject matter of the First Amended Complaint.

## TENTH AFFIRMATIVE DEFENSE

(Compliance with Statutory Provisions)

33. Defendants allege that Defendants, at all times relevant, were in compliance with all applicable statutory provisions alleged in Plaintiff's First Amended Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

(Punitive Damages)

34. Plaintiff's prayer for punitive damages must comport with constitutional protections of due process, and bear a reasonable relation to any actual damages assessed and/or incurred.

## TWELFTH AFFIRMATIVE DEFENSE

(Punitive Damages)

35. Plaintiff's claim for punitive damages is unwarranted, in that no officer, director, or managing agent of Defendants had advance knowledge of any wrongful acts of Defendants' employees, nor did any officer, director, or managing agent of Defendants authorize, ratify, or commit an act of oppression, fraud or malice.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Defense of Person or Property)

36. The conduct alleged herein, was justified and/or reasonable, in that it was done in the defense of person or property.

**WHEREFORE,** Defendants ask judgment as follows:

1. That Plaintiff take nothing;
2. For costs of suit; and
3. For other proper relief.

DATED: August 1, 2008          PRINDLE, DECKER & AMARO LLP

By: _____
JAMES G. MURRAY
Attorneys for Defendants
AMERICAN DISCOUNT SECURITY and
DAUD WARDAK aka DAVID WARDAK

**PROOF OF SERVICE**
*Kevin Walker v. City of Hayward, et al.*
*Case No. C07-06205 TEH*

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen (18) and am not a party to the within action; my business address is 310 Golden Shore, 4th Floor, Long Beach, California 90802.

On August 04 2008, I caused the foregoing document to be served, described as **ANSWER TO FIRST AMENDED COMPLAINT** on all interested parties to this action, through the use of the website maintained by USDC for electronic service:

SEE ATTACHED SERVICE LIST

☒ **BY E-FILING:** By submitting an electronic version of the document. This case has been ordered for Electronic Case Filing.

☐ **BY OVERNIGHT COURIER:** I caused the above-referenced document(s) to be delivered to _____ for delivery to the above address(es).

☐ **BY FAX:** I caused the above-referenced document to be transmitted via facsimile from Fax No. _____ to Fax Numbers listed on service list_____. The facsimile machine I used complies with Rule 2003(3) and no error was reported by the machine. Pursuant to Rule 2005(1), I caused the machine to print a record of the transmission, a copy of which is attached to this declaration.

☐ **BY PERSONAL SERVICE:** I caused such envelope to be delivered by hand to the addressee(s).

☐ [State] I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒ [Federal] I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on August 04, 2008, at Long Beach, California.

*/s/ Keri Corona*
KERI CORONA

*Kevin Walker v. City of Hayward, et al.*
*Case No. C07-06205 TEH*

## SERVICE LIST

| | |
|---|---|
| Jivaka Candappa, Esq.<br>46 Shattuck Square, Suite 15<br>Berkeley, CA 94704 | Attorneys for Plaintiff, Kevin Walker<br><br>T: (510) 981-1808<br>F: (510) 981-1817 |
| Randolph S. Hom<br>City Attorney's Office<br>777 "B" Street, 4th Floor<br>Hayward, CA 94541 | Attorneys for City of Hayward; Officer Art Thoms; Officer Scott Lunger; Officer Zachary Hoyer<br><br>T: (510) 583-4450<br>F: (510) 583-3660 |