| | |
|---|---|
| JIVAKA CANDAPPA (SBN 225919)<br>Law Office of Jivaka Candappa<br>46 Shattuck Square, Suite 15<br>Berkeley, California  94704<br>Telephone: (510) 981-1808<br>Facsimile: (510) 981-1817<br><br>Attorney for Plaintiff KEVIN WALKER | |
| MICHAEL S. LAWSON (SBN 048172)<br>City Attorney<br>RANDOLPH S. HOM (SBN 152833)<br>Assistant City Attorney<br>CITY OF HAYWARD<br>777 "B" Street<br>Hayward, California 94541<br>Telephone: (510) 583-4450<br>Facsimile:  (510) 583-3660<br><br>Attorneys for Defendants CITY OF HAYWARD, ART THOMS, SCOTT LUNGER, and ZACHARY HOYER | JAMES G. MURRAY (SBN 120049)<br>Prindle Decker, & Amaro, LLP<br>310 Golden Shore, Fourth Floor<br>P.O. Box 22711<br>Long Beach, California 90801-5511<br>Telephone: (562) 436-3946<br>Facsimile:  (562) 495-0564<br><br>Attorneys for Defendants AMERICAN DISCOUNT SECURITY and DAUD WARDAK |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN WALKER<br><br>     Plaintiff,<br><br>     vs.<br><br>CITY OF HAYWARD, OFFICER ART THOMS, OFFICER SCOTT LUNGER, and OFFICER ZACHARY HOYER, individually and in their official capacities; AMERICAN DISCOUNT SECURITY, and DAUD WARDAK aka DAVID WARDAK,<br><br>     Defendants | Case No.: C 07 06205 (TEH)<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>DATE: August 11, 2008<br>TIME: 1:30 p.m.<br>CTRM: 12<br>JUDGE: Hon. Thelton E. Henderson |

1. **Jurisdiction and Service**

All named parties are subject to the Court's jurisdiction pursuant to Title 28 of the United States Code Sections 1331 and 1343.  There are no issues with respect to service on or personal jurisdiction over the named defendants.  Venue is not an issue.

2. **Facts**

**Plaintiff's Statement of Facts**

In the nighttime hours of December 9, 2005, Plaintiff, Kevin Walker and his friend, Jerry Walker, both African-American males, went to the Jack in the Box restaurant at 1075 W. Tennyson Road in the City of Hayward, California.  Plaintiff and Jerry Walker were denied entry by Defendant Daud Wardak, a security guard.  The restaurant drive-thru window was open for business at the time Plaintiff and Jerry Walker were denied entry.  Plaintiff and Jerry Walker left the front entrance to the restaurant and waited for their ride to arrive.

As Plaintiff was waiting with Jerry Walker, Defendant Wardak contacted the Hayward Police Department and made a false report that three or four black males were causing a disturbance in the parking lot of the Jack in the Box restaurant.  Officers Thoms and Lunger of the Special Duty Unit of the Hayward Police Department responded.

When Officers Lunger and Thoms arrived on scene, Defendant Wardak directed the officers to Plaintiff and Jerry Walker, and wanted the officers to arrest them both for trespassing.  The officers did not conduct an independent investigation into the matter.  The officers did not ask either Plaintiff or Jerry Walker why they were in the area and did not advise them to leave the area.  Instead, the officers arrested Plaintiff and Jerry Walker.  The officers assaulted and battered Plaintiff.  Plaintiff was taken to St. Rose Hospital in Hayward for medical treatment after he was booked at the Hayward Police Department jail.

After Plaintiff's arrest, Defendant Wardak signed a written statement, apparently authored by Officer Snell, stating, *inter alia*, that he summoned the police and arrested Plaintiff and Jerry Walker for trespassing on Jack in the Box property.  Defendant Wardak was identified as a witness in the incident reports authored by Defendant police officers.

On or about December 12, 2005, the Alameda County District Attorney's Office filed

misdemeanor criminal charges against Plaintiff alleging violations of California Penal Code Section 69-Resisting a Peace Officer, Section 647(f)-Public Intoxication, and Section 12020(a)(4)-Carrying a Dirk or Dagger. The so-called dirk/dagger was a small box cutter issued to Plaintiff by his employer with the employer's business information imprinted on it.

Plaintiff's case was tried before a jury in Alameda County in or around June 2007. Defendants Thoms and Wardak testified on behalf of the prosecution. On or about June 15, 2007, the jury returned its verdict acquitting Plaintiff of all charges.

**ADS Defendants' Statement of Facts**

ADS is a private security company, which provided unarmed security services to the Jack-in-the-Box, located at 1075 W. Tennyson Boulevard in Hayward, where the altercation between Plaintiff and HPD officers occurred. Wardak was the ADS supervisor who was conducting a routine post check with the Jack-in-the Box manager at the time in question, and was the person who initially called HPD to report a disturbance involving Plaintiff and two other individuals.

On December 9, 2005, the Jack-in-the-Box restaurant closed at 10:00 p.m., while the drive-thru window remained open for business. The ADS security guard on duty was Bakhtawar Singh. At approximately 11:00 p.m., ADS supervisor, Wardak, arrived at the Jack-in-the Box location for a routine post check and to discuss ADS' services with the Jack-in-the Box manager. After Wardak went inside Jack-in-the-Box, three males began knocking on the door to the restaurant, and were asking Wardak to open the locked door. Both Wardak and Singh explained to the males (approximately 10 times) that the restaurant was closed. However, the three males continued to pound on the doors and windows and curse at the Jack-in-the Box staff. The males' behavior appeared hostile and violent. Wardak warned the males that he would call the police if they did not stop their hostile behavior. When the males continued with their hostile behavior, and continued to create a disturbance, the Jack-in-the-Box manager asked Wardak to call the police.

Once HPD officers arrived, Wardak merely pointed out the males who were causing the disturbance. One of the males left the premises by the time HPD officers arrived, but two of them remained, one of whom was Plaintiff. None of ADS' employees had any further contact with Plaintiff once HPD officers arrived. The physical altercation that subsequently ensued involved

1  only the two males and HPD officers.  However, Wardak was a witness to the events, and observed
2  that Plaintiff was refusing to comply with the officers' efforts to investigate the situation.  Plaintiff
3  had his hands in his pockets and was refusing to remove his hands from his pockets upon the
4  officers' multiple requests.

5  **City Defendants' Statement of Facts**

6  On December 9, 2005, at approximately 11 p.m., Kevin Walker ("Kevin") and Jerry Walker
7  ("Jerry")  trespassed at a Jack-in-the-Box, which was closed to pedestrian business. After Kevin
8  was repeatedly directed to leave the premises by American Discount Security ("ADS") personnel,
9  Kevin banged on the windows of the location, verbally abused Security personnel, and attempted to
10 place an order from the drive-in window.  Security personnel contacted the Hayward Police
11 Department ("HPD") for a response.  HPD officers attempted to detain the Walkers for
12 investigation.  The Walkers failed to comply with officer commands. Kevin refused to take his
13 hand out of his pants pocket.  Kevin physically resisted efforts to detain him. HPD officers used
14 reasonable force to overcome Kevin physical resistance.  Ultimately, security personnel effected a
15 citizen's arrest for trespass. HPD located an open box cutter in Kevin's pants pocket. HPD charged
16 Kevin with resisting arrest, and possession of a dirk or dagger, *inter alia.*  Jerry plead to the
17 trespass charge.  On June 2007, Kevin was acquitted at jury trial.

18 City Defendants assert that the involved officers utilized reasonable force in their self-
19 defense and to effectuate the detention and arrest of Walker.  Moreover, Defendants further assert
20 that they are entitled to qualified immunity, *inter alia.*

21 **3.     Legal Issues**

22 Plaintiff claims that Defendants violated his civil rights pursuant to 42 U.S.C. § 1983 and
23 that section 1983 liability extends to Defendants ADS and Wardak (collectively "ADS
24 defendants") under a joint action theory.  Plaintiff contends that Defendants did not have legal
25 justification to detain or arrest him and Defendants used excessive force in arresting him.  Plaintiff
26 has also asserted several pendent state law causes of action against ADS Defendants.

27 The principal issues in dispute as to ADS Defendants are: whether Wardak was acting
28 under color of law; whether the decision to prosecute Plaintiff for resisting a peace officer, public

intoxication and carrying a dirk and dagger can be attributed to Wardak and ADS for purposes of Plaintiff's malicious prosecution claim; whether Wardak's conduct under the circumstances was reasonable; whether Wardak's actions can be considered a violation of Civil Code § 43, and whether Plaintiff is entitled to punitive damages.

The principal issues in dispute as to the City Defendants are the following: whether probable cause existed for the arrest; whether the force used by the Defendant police officers was reasonable; whether Defendant police officers are entitled to qualified immunity; whether Plaintiff's damages were caused by City Defendants' actions; whether Plaintiff is entitled to an award of punitive damages.

**4.    Motions**

City Defendants filed a motion to dismiss all state claims. Pursuant to a stipulation and Court Order all state claims plead against City Defendants were dismissed with prejudice. City Defendants filed an answer in response to Plaintiff's remaining federal claims. ADS Defendants filed a motion to dismiss all claims. The Court granted the motion in part, and denied it in part. Plaintiff thereafter filed an amended complaint.

ADS Defendants moved to dismiss Plaintiff's First Amended Complaint. On June 6, 2008, the Court granted ADS Defendants' motion in part and denied it in part. The Court denied ADS Defendants motion to dismiss the first and third causes of action-section 1983 liability; fifth and sixth causes of action-negligence per se and negligence, respectively; and the seventh cause of action-intentional infliction of emotional distress. The Court granted ADS Defendants' motion to dismiss the eighth and ninth causes of action-violations of sections 51.7 and 52.1 of the Civil Code, respectively; and further granted Plaintiff time until July 11, 2008, to amend his section 51.7 cause of against ADS Defendants. Plaintiff elected not to file a Second Amended Complaint.

All Defendants intend to file a motion for summary judgment/summary adjudication after close of discovery.

**5.    Amendment of Pleadings**

Plaintiff filed his First Amended Complaint on April 4, 2008. City Defendants answered Plaintiff's First Amended Complaint on June 10, 2008, and ADS Defendants answered on August

4, 2008.

**6.     Evidence Preservation**

All Parties have taken measures necessary to preserve evidence in this action, including any electronic data.

Plaintiff believes that the surveillance cameras installed in the premises of Jack in the Box at the time of the incident may have recorded the encounter between Plaintiff and Defendants. Plaintiff also believes that the City Defendants may be in possession of evidence seized from Plaintiff and evidence developed thereafter for purposes of Plaintiff's criminal prosecution. Additionally, Plaintiff is informed and believes that Defendant are in possession of documents, including computer aided dispatch (CAD) tapes and logs, and electronic and paper documents relevant to Plaintiff's claims.

**7.     Disclosures**

The Parties have exchanged initial disclosures identifying witnesses, evidence known to the Parties and relevant insurance policies.

**8.     Discovery**

Plaintiff has commenced discovery. Plaintiff intends to conduct written discovery and depositions through the end of May 2009. Given the number of Defendants in the lawsuit, Plaintiff anticipates taking a total of twenty (20) depositions. Defendants do not anticipate any deviation from the discovery rules pursuant to the Federal Rules of Civil Procedure at this time. However, if the Court grants Plaintiff's request to take depositions in excess of the limit of fifteen (15) as set forth in the Rules of Civil Procedure, Defendants request the Court to grant them similar leeway in the interests of fairness.

**9.     Class Actions**

This is not a class action.

**10    Related Cases**

None.

**11.    Relief**

Plaintiff alleges the following damages according to proof: general damages, special

damages, punitive damages, and statutory damages.

**12.   Settlement and ADR**

The Parties stipulated to early mediation pursuant to the Court's ADR program and attended an early mediation on July 1, 2008. The matter did not settle.

**13.   Consent to Magistrate Judge For All Purposes**

The case was assigned to Judge Henderson at the time of filing.

**14.   Other References**

The Parties do not believe this case should be referred to binding arbitration, a special master, or JPML.

**15.   Narrowing of Issues**

The Court's rulings on the motions to dismiss and the stipulation between Plaintiff and City Defendants have resulted in a narrowing of the issues.

**16.   Expedited Schedule**

None requested at this time.

**17.   Scheduling**

Plaintiff proposes the following discovery schedule:

- A trial date in early September 2009.
- Exchange of witness lists and trial exhibits 30 days before the trial date.
- Expert witness disclosure deadline 90 days before the trial date.
- Disclosure of expert witnesses in rebuttal 30 days after the initial disclosure of experts.
- Non-expert witness discovery to close by the end of May 2009.
- A date in mid-July to hear any dispositive motions.

Defendants propose that the Court set this matter for trial in early June 2009 with all dates relating to discovery, experts, dispositive motions, the pretrial conference and pretrial preparation be set according to the Court's customary protocol for setting such dates based on the trial date.

**18.   Trial**

The parties anticipate a ten-day trial, including jury selection.

1 **19.    Disclosure of Non-party Interested Entities or Persons**

2       Plaintiff filed his required disclosure pursuant to Civil Local Rule 3-16 on March 3, 2008.
3 Pursuant to Civil Local Rule 3-16, Plaintiff certifies that as of this date, other than the named
4 parties, there is no such interest to report.  City Defendants are exempt from filing the Disclosure of
5 Non-party Interested Entities or Persons pursuant to Local Rule 3-16.  ADS Defendants have not
6 filed the required disclosure as yet.

7 **20.    Other Matters**

8       None.

9 DATED:  August 4, 2008          By:   /s/ Jivaka Candappa
10                                      JIVAKA CANDAPPA
                                        Attorney for Plaintiff
11                                      KEVIN WALKER

12 DATED:  August 4, 2008          MICHAEL S. LAWSON, City Attorney
                                    By    /s/
13
                                        RANDOLPH S. HOM, Assistant City Attorney
14                                      Attorneys for Defendants
                                        CITY OF HAYWARD, ART THOMS,
15                                      SCOTT LUNGER, and ZACHARY HOYER

16

17 DATED:  August 4, 2008          PRINDLE, DECKER, & AMARO LLP
                                    By:  /s/
18
                                        JAMES G. MURRAY
19                                      Attorney for Defendants
                                        AMERICAN DISCOUNT SECURITY
20                                      and DAUD WARDAK

21

22

23

24

25

26

27

28